USCIS Response to Coronavirus (COVID-19)


U.S. Citizenship and Immigration Services

Home >  Humanitarian >  Processes for Cubans, Haitians, Nicaraguans, and Venezuelans

# Processes for Cubans, Haitians, Nicaraguans, and Venezuelans

English | Kreyòl Ayisyen |

> ⓘ **ALERT:** Starting Jan. 6, 2023, you must submit Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, if you are a potential supporter of a:
>
> - Ukrainian or their immediate family member as part of Uniting for Ukraine; or
> - Cuban, Haitian, Nicaraguan, or Venezuelan or their immediate family member as part of the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans.
>
> You should not file Form I-134, Declaration of Financial Support, if you are a potential supporter of an individual under Uniting for Ukraine or the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans.
>
> If you submitted Form I-134 online before Jan. 6, 2023, under Uniting for Ukraine or the Process for Venezuelans, your case will continue to process and no further action is required. You should **not** submit a Form I-134A.

> ⓘ **ALERT:** Access to the processes is free. Neither the U.S.-based supporter nor the beneficiary is required to pay the U.S. government a fee to file the Form I-134A, be considered for travel authorization, or parole. Beware of any scams or potential exploitation by anyone who asks for money associated with participation in this process.

DHS has announced processes through which nationals of Cuba, Haiti, Nicaragua, and Venezuela, and their immediate family members, may request to come to the United States in a safe and orderly way. Qualified beneficiaries who are outside the United States and lack U.S. entry documents may be considered, on a case-by-case basis, for advanced authorization to travel and a temporary period of parole for up to two years for urgent humanitarian reasons or significant public benefit. To participate, eligible beneficiaries must:

- Have a supporter in the United States;
- Undergo and clear robust security vetting;

- Meet other eligibility criteria; and
- Warrant a favorable exercise of discretion.

Individuals participating in these processes must have a supporter in the United States who agrees to provide them with financial support for the duration of their parole in the United States. The first step in the process is for the U.S.-based supporter to file a Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, with USCIS for each beneficiary they seek to support, including minor children. The U.S. government will then review the supporter information provided in the Form I-134A to ensure that they are able to financially support the beneficiaries they are agreeing to support.

See below for additional information on the processes and country specific eligibility requirements. Additional information is also available on our Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans page.

↙ Close All     ↗ Open All

## Eligibility

| Term | Definition |
|---|---|
| Supporter | An individual who holds lawful status in the United States or is a parolee or beneficiary of deferred action or Deferred Enforced Departure (DED) who has passed security and background vetting and demonstrated sufficient financial resources to receive, maintain, and support the individual(s) whom they commit to supporting for the duration of their stay in the United States.<br><br>Examples of individuals who meet the supporter requirement include:<br><br>- U.S. citizens and nationals;<br>- Lawful permanent residents, lawful temporary residents, and conditional permanent residents;<br>- Nonimmigrants in lawful status (who maintain their nonimmigrant status and have not violated any of the terms or conditions of their nonimmigrant status);<br>- Asylees, refugees, and parolees;<br>- Individuals granted Temporary Protected Status (TPS); and<br><br>Beneficiaries of deferred action (including deferred action for childhood arrivals) or DED. |

| Term | Definition |
|---|---|
| Beneficiary | A national of Cuba, Haiti, Nicaragua, or Venezuela (or their immediate family member of any nationality) who is outside the United States and who may be considered for parole under these processes.<br><br>Immediate family members of any nationality in these processes include:<br><br>• A spouse or common-law partner; and<br>• Unmarried child(ren) under the age of 21. NOTE: If a child is under 18, they must be traveling with a parent or legal guardian in order to use this process. |

**Who May be Considered for Advance Travel Authorization**

In order to be eligible to request and ultimately be considered for an advance authorization to travel to the United States to seek parole under these processes, beneficiaries must:

- Be outside the United States;
- Be a national of Cuba, Haiti, Nicaragua, or Venezuela; or be an immediate family member (spouse, common-law partner, and/or unmarried child under the age of 21) who is traveling with an eligible Cuban, Haitian, Nicaraguan, or Venezuelan;
- Have a U.S.-based supporter who filed a Form I-134A on their behalf that USCIS has vetted and confirmed;
- Possess an unexpired passport valid for international travel;
- Provide for their own commercial travel to an air U.S. POE and final U.S. destination;
- Undergo and pass required national security and public safety vetting;
- Comply with all additional requirements, including vaccination requirements and other public health guidelines; and
- Demonstrate that a grant of parole is warranted based on significant public benefit or urgent humanitarian reasons, and that a favorable exercise of discretion is otherwise merited.

An individual is ineligible to be considered for parole under these processes if that person is a dual national or permanent resident of, or holds refugee status in, another country, unless DHS operates a similar parole process for the country's nationals. This requirement does not apply to immediate family members (spouse, common-law partner, or unmarried child under the age of 21) of an eligible national of Cuba, Haiti, Nicaragua, or Venezuela with whom they are traveling.

In addition, a potential beneficiary is ineligible for advance authorization to travel to the United States as well as parole under these processes if that person:

- Fails to pass national security and public safety vetting or is otherwise deemed not to merit a favorable exercise of discretion;
- Has been ordered removed from the United States within the prior five years or is subject to a bar to inadmissibility based on a prior removal order;

- Has crossed irregularly into the United States, between the POEs, after the date the process was announced (for Venezuelans, after Oct. 19, 2022; for Cubans, Haitians, and Nicaraguans, after Jan. 9, 2023), except individuals permitted a single instance of voluntary departure pursuant to INA § 240B, 8 U.S.C. § 1229c or withdrawal of their application for admission pursuant to INA § 235(a)(4), 8 U.S.C. § 1225(a)(4) will remain eligible;
- Has irregularly crossed the Mexican or Panamanian border after the date the process was announced (for Venezuelans, after Oct. 19, 2022; for Cubans, Haitians, and Nicaraguans, after Jan. 9, 2023); or
- Is under 18 and not traveling through this process accompanied by a parent or legal guardian, and as such is a child whom the inspecting officer would determine to be an unaccompanied child.

**Important Note about Venezuelan Passports**

The beneficiary must have a valid, unexpired passport. Certified extensions of passport validity serve to meet this requirement. If a beneficiary's passport validity has been extended, the expiration date of the extension should be reflected as the passport expiration date. CBP will not authorize travel if the beneficiary's passport or extension is expired.

Consistent with the National Assembly decree of May 21, 2019, certain expired Venezuelan passports remain valid. A Venezuelan passport:

- Issued before June 7, 2019 (even if expired before this date), without a passport extension ("prórroga"), is considered valid and unexpired for five years beyond the expiration date printed in the passport.
- Issued before June 7, 2019 (even if expired before this date), with a "prórroga" issued before June 7, 2019, is considered valid and unexpired for five years beyond the expiration date of the "prórroga."
- Issued before June 7, 2019 (even if expired before this date), with a "prórroga" issued on or after June 7, 2019, is considered valid and unexpired through the expiration date of the "prórroga" or for five years beyond the expiration date printed in the passport, whichever is later.
- Issued on or after June 7, 2019, without a "prórroga" is not considered valid beyond the expiration date printed in the passport.
- Issued on or after June 7, 2019, with a "prórroga" issued on or after June 7, 2019, is considered valid and unexpired through the expiration date of the "prórroga."

## Unaccompanied Children

**Children under the age of 18 traveling without their parent or legal guardian are not eligible for advance authorization to travel or parole under these processes.** Upon arrival at a U.S. port of entry, a child who is not traveling with their parent or legal guardian may be transferred to the custody of the Department of Health and Human Services (HHS), as required by law under the Trafficking Victims Protection Reauthorization Act of 2008. For more information, please visit the HHS Unaccompanied Children webpage.

Since they are ineligible to pursue travel authorization under these processes, children who are not traveling with a parent or legal guardian but are coming to the United States to meet a parent or legal guardian may instead seek parole through the standard Form I-131 parole process. In the Form I-131 parole process, children who wish to travel without a parent or legal guardian will need written permission from all adults with legal custody of the child (including parents or legal guardians) to travel to the United States.

Evidence to accompany the Form I-131 will need to include the duration of the stay in the United States and evidence of relationship between the child and the parent or legal guardian in the United States. If the legal guardian is providing the written permission, the requestor must include proof of legal guardianship issued by a government authority. In addition, the application should include a statement about the relationship of the child to the person filing the Form I-131, and if they intend to provide care and custody of the child in the United States or reunite the child with a parent or legal guardian in the United States. For more information, please see our Guidance on Evidence for Certain Types of Humanitarian or Significant Public Benefit Parole page, which has information about the requirements for requesting parole for children.

You may request a fee waiver when submitting a Form I-131 for a child as described in the above paragraph. For more information on how to request a fee waiver, please see the Form I-912, Request for Fee Waiver, webpage.

## Who Can be a Supporter 

U.S.-based supporters will initiate an online request on behalf of a named beneficiary, by submitting a Form I-134A to USCIS for each beneficiary, including minor children. Supporters can be individuals filing independently, filing with other individuals, or filing on behalf of organizations, businesses, or other entities. There is no fee required to file Form I-134A. The supporter will be vetted by the U.S. government to protect against exploitation and abuse and to ensure that they are able to financially support the beneficiary they are agreeing to support.

To serve as a supporter, an individual or individual representing an entity must:

- Be a U.S. citizen, national, or lawful permanent resident; hold a lawful status in the United States such as Temporary Protected Status or asylum; or be a parolee or recipient of deferred action or Deferred Enforced Departure;
- Pass security and background vetting, including for public safety, national security, human trafficking, and exploitation concerns; and
- Demonstrate sufficient financial resources to receive, maintain, and support the individual(s) they are agreeing to support for the duration of their parole period.

Supporters who file Form I-134A on behalf of a beneficiary under these processes must be willing and able to receive, maintain, and support the beneficiary listed in Form I-134A for the duration of their parole. Examples of the types of support for beneficiaries that supporters should keep in mind when considering their ability to meet this commitment include:

- Receiving the beneficiary upon arrival in the United States and transporting them to initial housing;

- Ensuring that the beneficiary has safe and appropriate housing for the duration of their parole and initial basic necessities;
- As appropriate, helping the beneficiary complete necessary paperwork such as for employment authorization, for a Social Security card, and for services for which they may be eligible;
- Ensuring that the beneficiary's health care and medical needs are met for the duration of the parole; and
- As appropriate, assisting the beneficiary with accessing education, learning English, securing employment, and enrolling children in school.

Supporters must include the name of the beneficiary on Form I-134A. Supporters may not file a Form I-134A on behalf of an unnamed beneficiary. A supporter may agree to support more than one beneficiary, such as for different members of a family group, but must file a separate Form I-134A for each beneficiary.

**Supporters must file a separate Form I-134A for each beneficiary, even minor children.** Multiple supporters may join together to support a beneficiary. In this case, a supporter should file a Form I-134A and in the filing include supplementary evidence demonstrating the identity of, and resources to be provided by, the additional supporters and attach a statement explaining the intent to share responsibility to support the beneficiary. These supporters' ability to support a beneficiary will be assessed collectively.

Organizations, businesses, and other entities can play a critical role in providing support for beneficiaries arriving through this process. Although an individual is required to file and sign the Form I-134A, they can do so in association with or on behalf of an organization, business, or other entity that will provide some or all of the necessary support to the beneficiary. Individual supporters filing with or on behalf of an organization, business, or other entity should submit evidence of the entity's commitment to support the beneficiary when they file the Form I-134A. This can be demonstrated through a letter of commitment or other documentation from an officer or other credible representative of the organization, business, or other entity describing the monetary or other types of support (such as housing, basic necessities, transportation, etc.) the entity will be providing to the specific beneficiary. Individuals who are filing in association with an organization, business, or other entity do not need to submit their personal financial information, if the level of support demonstrated by the entity is sufficient to support the beneficiary.

Organizations outside of the government may be able to help potential supporters and beneficiaries to prepare for this process. Two organizations that specialize in providing the public with information about providing welcome to newcomers and resources to support participation in these processes are listed below.

- Welcome.us provides information on welcoming and supporting newcomer populations.
- Community Sponsorship Hub has established the Sponsor Circle Program, which can provide resources and ongoing guidance to supporters.

This information is provided for informational purposes only. DHS does not endorse these entities. Using these entities in lieu of any other entity does not give any parolee preferential treatment in the adjudication of their application.

Process Steps                                                                                                              ^

Beneficiaries cannot directly apply for these processes. A supporter in the United States must first complete and file Form I-134A with USCIS on behalf of a beneficiary and include information about them and contact details, such as an email address. If we deem the Form I-134A sufficient, in our discretion, we will send the beneficiary information about the next step in the process to be considered for authorization to travel to the United States and parole consideration at an airport of entry.

Once beneficiaries receive their travel authorization, they should arrange to fly directly to their final destination in the United States. Upon arrival at the interior port of entry, individuals will be inspected by CBP and required to submit additional information, to include fingerprints, for further biometric vetting, and then be considered for a discretionary grant of parole. Those who attempt to enter the U.S. at land ports of entry will not be considered for parole through this process and will generally be denied entry.

The key steps in the processes include:

**Step 1: Financial Support**

- A U.S.-based supporter will submit a Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, with USCIS through the online myUSCIS web portal to initiate the process. The Form I-134A identifies and collects information on both the supporter and the beneficiary. The supporter must submit a separate Form I-134A for each beneficiary they are seeking to support, including immediate family members and minor children.
- USCIS will then vet the supporter to ensure that they are able to financially support the individual they are agreeing to support and to protect against exploitation and abuse. USCIS, in our discretion, must vet and confirm supporters before they move forward in the process.

**Step 2: Submit Biographic Information**

- If USCIS confirms a supporter, the listed beneficiary will receive an email from USCIS with instructions on how to create a USCIS online account and other next steps. The beneficiary must confirm their biographic information in myUSCIS and attest to meeting the eligibility requirements.
- As part of confirming eligibility in their online account, individuals who seek authorization to travel to the United States must confirm that they meet public health requirements, including certain vaccination requirements.

**Step 3: Submit Request in CBP One Mobile Application**

- After confirming biographic information in their online account and completing required eligibility attestations, the beneficiary will receive instructions through myUSCIS on how to access the CBP One mobile application (PDF, 771.55 KB). The beneficiary must enter their biographic information into CBP One and provide a photo.

**Step 4: Advance Travel Authorization to the United States**

- After completing Step 3, the beneficiary will receive a notice in their online account confirming whether CBP will, in its discretion, provide them with advance authorization to travel to the United States to seek a discretionary grant of parole on a case-by-case basis.

- If approved, this authorization is valid for 90 days. Beneficiaries are responsible for securing their own travel via air to the United States. Approval of advance authorization to travel does not guarantee entry or parole into the United States at a U.S. port of entry. Parole is a discretionary determination made by CBP at the port of entry, based on a finding that parole is warranted due to urgent humanitarian reasons or significant public benefit.

*Step 5: Seeking Parole at the Port of Entry*

- When a beneficiary arrives a port of entry, CBP will inspect them and consider them for a grant of discretionary parole on a case-by-case basis.

- As part of the inspection, beneficiaries will undergo additional screening and vetting, to include additional fingerprint biometric vetting consistent with the CBP inspection process. Individuals who are determined to pose a national security or public safety threat, or otherwise not warrant parole as a matter of discretion upon inspection, will be processed under an appropriate processing pathway and may be referred to U.S. Immigration and Customs Enforcement (ICE).

*Step 6: Parole*

- Individuals granted parole under these processes generally will be paroled into the United States for a period of up to two years, subject to applicable health and vetting requirements, and will be eligible to apply for employment authorization under existing regulations.

- Individuals granted parole may request work authorization from USCIS by filing a Form I-765, Application for Employment Authorization, either online or via mail.

## What to Expect After Filing Form I-134A 

After the supporter files the Form I-134A with USCIS, we will review the form and supporting evidence to ensure that the supporter has sufficient financial resources to support the beneficiary for the duration of the parole period and conduct background checks on the supporter. We will determine whether the Form I-134A is sufficient, and we may request additional evidence to make our determination. If approved, beneficiaries will receive an email from USCIS with instructions on how to set up a USCIS online account and other next steps. Individuals should check their email, including spam and junk folders, for important messages from USCIS.

**If the Form I-134A is Sufficient**

If we confirm in our discretion that the Form I-134A is sufficient, the beneficiary will receive an email from USCIS with instructions on how to set up a USCIS online account and other next steps. The beneficiary must confirm their biographic information on myUSCIS and attest to completion of all requirements, including:

- An attestation affirming that

- you are not a permanent resident or dual national of any country other than your country of nationality, and that you do not currently hold refugee status in any country, unless DHS operates a similar parole process for the country's nationals; or
- you are the spouse, common-law partner, or unmarried child under the age of 21 and traveling with an eligible national;

- An attestation to certify understanding of the family relationship requirements for children under 18; and
- An attestation that you have completed vaccine requirements or are eligible for an exception to vaccine requirements for measles, polio, and the first dose of a COVID-19 vaccine approved or authorized by the U.S. Food and Drug Administration (FDA) or Emergency Use Listed (EUL) by the World Health Organization (WHO).

After arriving in the United States, the beneficiary must attest to receiving a medical screening for tuberculosis, including an Interferon-Gamma Release Assay (IGRA) test, within 90 days.

Find more information on vaccine requirements on the preview of the vaccine attestation page .

**If the Form I-134A is Insufficient**

If we are unable to confirm the Form I-134A is sufficient, that decision is final. The beneficiary will receive an email from USCIS notifying them that we determined the Form I-134A filed on their behalf was insufficient. We will not consider the beneficiary for parole under this parole process based on the insufficient Form I-134A. However, the supporter may file a new Form I-134A on behalf of the same or another beneficiary, or a different supporter may file a Form I-134A on behalf of the beneficiary.

**Authorization to Travel to the United States**

Once the beneficiary has confirmed their biographic information and attested to completing all other requirements, we will process their case further. Beneficiaries will receive an email instructing them to check their online account in myUSCIS for the result of their authorization to travel. This authorization is valid for 90 days.

If the beneficiary has been authorized to travel to the United States, they must arrange and fund their own travel. Beneficiaries must arrange to fly to the United States by air directly to an interior port of entry and their final destination.

### After the Beneficiary is Paroled into the United States

**Applying for Employment Authorization**

After you (the beneficiary) are paroled into the United States, you are eligible to apply for discretionary employment authorization from USCIS. To apply for an Employment Authorization Document (EAD), you must submit Form I-765, Application for Employment Authorization, using the (c)(11) category code with the required fee or apply for a fee waiver.

To file Form I-765 online, eligible applicants will access their USCIS online account at my.uscis.gov.

Applicants who are requesting a waiver of the Form I-765 filing fee must submit Form I-765 by mail.

**Obtaining a Social Security Number and Card**

We encourage you to apply for a Social Security number (SSN) using Form I-765, Application for Employment Authorization, and following the form instructions. If you request an SSN in Part 2 (Items 13.a-17.b) of your Form I-765, and your application is approved, USCIS will electronically transmit that data to the Social Security Administration (SSA), and SSA will assign you an SSN and issue you a Social Security card. SSA will mail your Social Security card directly to the address you provide on Form I-765. Social Security numbers generally are assigned to people who are authorized to work in the United States. Social Security numbers are used to report your wages to the government and to determine eligibility for Social Security benefits.

If you do not request an SSN on your Form I-765, you can apply for an SSN after you receive your EAD from USCIS using the instructions on SSA's Social Security Number and Card webpage.

**Address Updates**

If you are residing in the United States longer than 30 days, you must report your physical address in the United States. You can change your address online and update your address on any pending applications and petitions at the same time using the USCIS Online Change of Address system. You must report a change of address within 10 days of moving within the United States or its territories.

The above method of changing your address will update the address on file with USCIS for all pending applications, petitions, or requests that you include receipt numbers for on the form.

It is important to include the receipt number for any pending cases with USCIS with your address change request, so we can update the address associated with those cases. We will mail secure documents to the address on file. You can find the receipt number on the receipt notice (Form I-797C, Notice of Action) that we issued after you filed your application or petition. We send receipt notices to the address listed on the application or petition.

**Terminating Your Parole**

If you have already been paroled into the United States, your parole will automatically be terminated if:

- You depart the United States; or
- Your parole period expires.

DHS may also decide to terminate your parole in its discretion for other reasons, such as violating any laws of the United States. Individuals with expired parole are expected to depart the country of their own accord. Individuals in the United States encountered after their parole has terminated generally will be placed in removal proceedings.

Contacting USCIS About Form I-134A                                                             ∧

We recommend that you submit inquiries by sending a secure message from your USCIS online account. You may call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833). The number for those outside the United States is 212-620-3418. For more information, below are responses to frequently asked questions.

**Q. What if I have an issue with account access or need a password reset?**
A. Please use our [online need help form](#).

**Q. If I need to submit an inquiry on my case or have a general question about my account, how can I contact USCIS?**
A. The best way to contact us depends on the type of inquiry. If you need to correct information on Form I-134A, you should send a secure message using your USCIS online account. For general questions or inquiries about status of a Form I-134A, you can send a secure message from your USCIS account or call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833). If you are outside the United States, you can reach the USCIS Contact Center at +1-212-620-3418.

**Q. If I (a supporter) entered an incorrect email address for the beneficiary on Form I-134A, what is the fastest way to submit the correction and get USCIS to resend the Account Access email to the beneficiary?**
A. Log into your USCIS online account, go to the Notices tab, and use the Unsolicited Evidence feature to upload a letter the supporter has signed by hand (not electronically). The letter should:

- Explain that the email address for the beneficiary they entered on Form I-134A was incorrect; and
- Request that USCIS update the beneficiary's email address and send the USCIS Account Notice to the beneficiary's correct email address.

Note: The letter should list both the original, incorrect email address provided on the Form I-134A and the updated, correct email address for the beneficiary. Keep the original signed letter in case we ask for it later.

You should then send a secure message from your USCIS online account:

1. Log in to your online account, select the MyAccount dropdown, then select Inbox;
2. Select "New message," then "A case already filed online";
3. Select your receipt number for Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, from the drop-down menu; and
4. State in your message that the beneficiary's email address needs to be changed and that you have uploaded unsolicited evidence. Your message should include both the original, incorrect email address and the updated, correct email address for the beneficiary.

We will review the request, make appropriate updates, and issue the beneficiary a copy of the USCIS Account Notice using the updated, correct email address. We will also notify you by email that the issue has been resolved.

**Q. How can I correct my passport information on Form I-134A?**
A. If we have already confirmed the Form I-134A submitted by your supporter, and your passport information is incorrect, you will need to use your online account to:

2/13/23, 9:52 PM
Case 6:23-cv-00007   Document 22-2   Filed on 02/14/23 in TXSD   Page 12 of 15
Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

- Upload a copy of your valid, unexpired passport as Unsolicited Evidence in your Notices tab; and
- Send USCIS a message from your Inbox. In the message, you must indicate that you have submitted evidence to correct passport information.

You will receive a response in your inbox. Do not submit your attestations to CBP until we respond to the request to update your passport information. Submitting the attestations before you receive a response from USCIS could affect your travel authorization and request for parole.

**Q. USCIS has confirmed my Form I-134A, but you have not contacted my beneficiary yet. What should I do?**
A. If your beneficiary has not received the emailed notices, you should review the Form I-134A and ensure you provided the correct email address. If the email address is correct, the beneficiary should check their spam and junk mail folders. While we cannot address case-specific questions, in general, in situations where the beneficiary has not received their Account Notice, call the USCIS Contact Center. The number for those outside the United States is +1-212-620-3418. Alternatively, the supporter can send USCIS a secure message regarding the issue through their own USCIS online account, and after we complete the verification process, we can email the Account Notice to the beneficiary's email that we have on file.

If the email address is incorrect, log in to your USCIS online account, go to the Notices tab, and use the Unsolicited Evidence feature to upload a letter you have signed by hand (not electronically). The letter should:

- Explain that the email address for the beneficiary you entered on Form I-134A was incorrect; and
- Request that USCIS update the beneficiary's email address and send the USCIS Account Notice to the beneficiary's correct email address.

Note: Your letter should list both the original, incorrect email address provided on the Form I-134A and the updated, correct email address for the beneficiary. You must also keep the original signed letter in case we ask for it later.

If a beneficiary still cannot find the notices, they should call the USCIS Contact Center at 800-375-5283. The number for those outside the United States is +1-212-620-3418.

## Resources for Victims of Abuse, Violence, or Exploitation

Please note that beneficiaries are not obligated to repay, reimburse, work for, serve, marry, or otherwise compensate their supporter in exchange for filing Form I-134A on their behalf or for providing financial support while they are in the United States.

Access to these processes is free. Neither the supporter nor the beneficiary is required to pay the U.S. government a fee for the Form I-134A. Beware of any scams or potential exploitation by anyone who asks for money associated with the Form I-134A or participation in these processes.

DHS recommends the following actions to avoid intimidating situations:

- Avoid individuals who promise to "get you to the United States quickly" if you pay an exorbitant sum of money.
- Keep your passport and other identity documents in your possession at all times.
- If you are concerned that the individual who filed Form I-134A on your behalf is not a legitimate organization or entity or legal representative, see the Scams, Fraud, and Misconduct webpage.

Call the 24-hour National Human Trafficking Hotline at 1-888-373-7888 or report an emergency to law enforcement by calling 911. Trafficking victims, whether or not U.S. citizens, are eligible for services and immigration assistance.

There are many forms of abuse and exploitation, including domestic violence, forced marriage, and human trafficking. In the United States, there are laws that may help you avoid or escape an abusive situation.

- **Domestic Violence** is a pattern of behavior in a relationship that is used to gain or maintain power and control over an intimate partner, parent, or child. Domestic abuse can involve physical, sexual, emotional, financial, or psychological abuse or threats.
- **Forced marriage** is a marriage that takes place without the consent of one or both people in the marriage. Consent means that you have given your full, free, and informed agreement to marry your intended spouse and to the timing of the marriage. Forced marriage may occur when family members or others use physical or emotional abuse, threats, or deception to force you to marry without your consent. For additional information on forced marriage, please visit the Forced Marriage webpage.
- **Human Trafficking** involves exploiting someone to compel a commercial sex act or forced labor. Generally, this exploitation must involve force, fraud, or coercion to be considered human trafficking. However, if someone under 18 years old is induced to perform a commercial sex act, that is considered human trafficking even if there is no force, fraud, or coercion.

If you have experienced or fear forced marriage, domestic violence, human trafficking, or other abuse, please contact the resources below to receive free help in your language:

- **National Domestic Violence Hotline:** 800-799-7233, 800-787-3224 (TTY), www.ndvh.org
- **National Center for Missing and Exploited Children:** 800-843-5678, www.missingkids.com
- **The National Center for Victims of Crime:** 800-394-2255, 800-211-7996 (TTY), www.victimsofcrime.org
- **National Human Trafficking Hotline:** 888-373-7888, Text: 233733

For more information and additional resources related to gender-based violence, see the DHS Gender-Based Violence Pamphlets.

## Protect Yourself from Immigration Scams

- We do not want you to become the victim of an immigration scam. If you need legal advice on immigration matters, make sure the person helping you is authorized to give legal advice. Only an attorney or accredited representative working for a Department of Justice recognized

organization can give you legal advice. Visit the Avoid Scams page for information and resources.

Some common scams to be aware of include:

- **Government impersonators:**  Look out for individuals who pose as USCIS officials. USCIS will only contact you through official government channels and will not contact you through your personal social media accounts (such as Facebook, Twitter, LinkedIn, etc.).

- **Misleading offers of support:** Look out for individuals who attempt to contact you online or through your social media accounts to offer to be your supporter or connect you to a supporter in exchange for a fee or other form of compensation. Similarly, look out for individuals seeking biographic information from you, such as your passport number or date of birth, through your social media accounts, to offer to support you for parole. Supporters should be able to provide financial support to beneficiaries for up to a 2-year period of parole. Beneficiaries are not obligated to repay, reimburse, work for, serve, marry, or otherwise compensate their supporter in exchange for the potential supporter submitting Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, on their behalf or for providing financial support while they are in the United States. Find more information on potential exploitation and abuse in the Understand Your Rights (PDF) guide.

- **Scam Websites:** Some websites claim to be affiliated with USCIS and offer step-by-step guidance on completing a USCIS application or petition. Make sure your information is from uscis.gov, dhs.gov, or is affiliated with uscis.gov. Make sure the website address ends with .gov.

- **Payments by Phone or Email:** USCIS will never ask you to transfer money to an individual. We do not accept Western Union, MoneyGram, PayPal, or gift cards as payment for immigration fees. In addition, we will never ask you to pay fees to a person on the phone or by email.

- **Notarios Públicos and unauthorized practitioners of immigration law:** In the United States, a notario público is not authorized to provide you with any legal services related to immigration benefits. Only an attorney or an accredited representative working for a Department of Justice (DOJ)-recognized organization can give you legal advice. For more information about finding legal services, visit our website.

## Related Links 

- Form I-134A, Online Request to be a Supporter and Declaration of Financial Support
- Form I-134A, Online Request to be a Supporter and Declaration of Financial Support (PDF, 556.5 KB)
- Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans

Close All    Open All

Last Reviewed/Updated: 02/03/2023