# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 6:23-cv-00007 |

**UNOPPOSED MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY JUDGMENT**

Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying memorandum of law as *amicus curiae* in support of Plaintiffs' motion for preliminary injunction. IRLI's counsel has conferred with counsel for the parties, and both Plaintiff States and the government consent to the filing of the attached *amicus* memorandum of law. Therefore, this motion is unopposed.

IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from

1

the Federation for American Immigration Reform, of which IRLI is a supporting organization.

  "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to file amicus briefs to support its motion here. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most

courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

With that background, IRLI submits that its proffered memorandum of law will bring the following relevant matters to the Court's attention:

- Demonstrating that Defendants' justification for their parole program is based on the aggregate benefit of granting parole to numerous aliens, and thus runs counter to the text and structure of the parole statute, which calls for an individualized determination that the presence of a specific alien in the United States would provide a significant public benefit.

- Showing through legislative history that Congress, in the statute amending the parole statute, sought to eliminate abuse of the parole authority that was akin to Defendants' parole program, and also intended to limit parole to specific, individual aliens whose presence would provide a significant public benefit.

- Identifying regulations enacted soon after the parole statute was amended that interpreted it as demanding an individualized determination with respect to specific aliens who had either urgent medical conditions or who could assist in law enforcement activities. *Amicus* also identifies other, current parole regulations that require a determination that the parole "applicant's presence in the United States will provide a significant public benefit[.]"

These issues are all relevant to this Court's decision on Plaintiffs' motion for a preliminary injunction; accordingly, the attached memorandum may aid the Court.

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying memorandum of law as *amicus curiae*.

Respectfully submitted on March 3, 2023,

/s/ Matt Crapo
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(571) 435-3582
mcrapo@irli.org
litigation@irli.org

*Counsel for Movant*
*Immigration Reform Law Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

<u>*/s/ Matt Crapo*</u>
MATT A. CRAPO