**United States District Court**
**Southern District of Texas**
**Victoria Division**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br>*Defendants.* | Case 6:23-cv-00007 |

**PLAINTIFFS' MOTION FOR EXTRA-RECORD DISCOVERY**

On March 22, 2023, the Court ordered the Parties to file any motions requesting extra-record discovery or evidence. ECF No. 90. Plaintiffs move the Court to approve discovery in this case.

**SUMMARY OF THE ARGUMENT**

Although the "record rule" generally precludes evidence outside the administrative record for claims under the Administrative Procedure Act (APA), that rule (1) does not apply to many of the issues for the Court's consideration at trial; and (2) even where the record rule does apply, it is subject to important exceptions that are applicable here. Plaintiffs request that the Court authorize the attached Plaintiffs' First Set of Discovery Requests (Exhibit A).

**ARGUMENT**

Parties are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The term "relevant" in Federal Rule of Civil Procedure 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although "[i]nformation within this scope of discovery need

not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1), as explained below, information subject to discovery on various issues is admissible evidence at trial and not precluded by the record rule. Discovery on these matters is therefore proper despite the general rule that claims under the APA are limited to review of the administrative record.

In an APA action, the "whole record" standard for review, 5 U.S.C. § 706, requires the court to conduct a "thorough, probing, in-depth review." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 415 (1971); *see also id.* at 413-14 n.30, 419. Discovery is necessary for the Court to be presented with the relevant evidence it needs at trial.

## I. The record rule does not limit the evidence available to resolve many questions.

The record rule does not govern issues like standing or other jurisdictional issues, or the non-merits factors for injunctive relief. *See Pub. Power Council v. Johnson*, 674 F.2d 791, 793 (9th Cir. 1982) (Kennedy, J.) ("even when judicial review is confined to the record of the agency, as in reviewing informal agency actions, there may be circumstances to justify expanding the record or permitting discovery").

### A. The record rule does not apply to jurisdictional issues.

The record rule does not apply to non-merits issues like subject matter jurisdiction, including standing and whether there is final agency action. Evidence about such issues does not implicate the record rule because courts consider it "not in order to supplement the administrative record on the merits, but rather to determine [their own] jurisdiction." *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 528 (9th Cir. 1997); *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1421 (10th Cir. 1990). Courts routinely rely on extra-record evidence to support jurisdiction in APA cases, including for Article III standing. *See, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54 (2010) (relying on declarations to find that plaintiffs

had Article III standing in an APA case); *Texas v. United States*, 40 F.4th 205, 216–18 (5th Cir. 2022) (same); *Texas v. Biden*, 10 F.4th 538, 547 (5th Cir. 2021) (same); *Theodore Roosevelt Conservation Pship. v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) (same); *Texas v. Biden*, No. 2:21-CV-067-Z, 2021 WL 4552547, at *3 (N.D. Tex. July 19, 2021) (Kacsmaryk, J.) (same).

The proposed Discovery Requests seek information relevant to Article III standing, such as injuries to the Plaintiffs from criminal activity (RFP No. 5, RFA No. 3), public education costs (RFP No. 7; ROG No. 4; RFA No. 1), health care costs (RFA Nos. 2, 5), or driver's license costs (RFA No. 4), and the extent of those costs (RFP Nos. 8, 13; ROG Nos. 1–15; RFA Nos. 5–7, 11)

Courts also permit discovery to plaintiffs to obtain such evidence relevant to the question of whether there is a final agency action under the APA.[1] *See, e.g., Glenwood Springs Citizens' All. v. U.S. Dept. of Interior*, Civil Action No. 20-cv-00658, 2021 WL 916002, at *1–2 (D. Colo. Mar. 10, 2021) (ordering limited discovery in an APA case regarding "whether Defendants engaged in any action that would be subject to review under the APA"); *Doe 1 v. Nielsen*, No. 18-cv-02349, 2018 WL 4266870, at *1–3 (N.D. Cal. Sept. 7, 2018) (permitting limited jurisdictional discovery in an APA case where "discovery of the nature of the agency action issue is necessary in order for the parties and the Court to determine the scope of the administrative record to be produced"); *Grand Canyon Tr. v. Williams*, No. 3:13-cv-8045, 2013 WL 12176992, at *1 (D. Ariz. Sept. 9, 2013) (permitting written discovery for plaintiffs to develop facts to demonstrate final agency action). This analysis of agency finality includes whether the action is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). This analysis is similar to that of whether the agency action is subject to

---

[1] *See Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011) ("if there is no final agency action, a federal court lacks subject matter jurisdiction").

notice-and-comment rulemaking or is instead an exempted policy statement. *Texas v. United States*, 606 F. Supp. 3d 437, 493 (S.D. Tex.) (Tipton, J.), *cert. granted before judgment,* 213 L. Ed. 2d 1138 (July 21, 2022).

Any other rule would make it practically impossible to challenge unlawful agency action. An administrative record certified by a federal agency will rarely include evidence of the injury to any particular potential plaintiff or whether a final agency action has occurred. *See Nw. Envtl. Def. Ctr.*, 117 F.3d at 1527–28 ("Article III's standing requirement does not apply to agency proceedings," so there is "no reason to include facts sufficient to establish standing as a part of the administrative record. Only when a plaintiff "later seeks judicial review, [does] the constitutional requirement that it have standing kick[] in."). Plaintiffs are entitled to seek discovery in this case that would support allegations of how the challenged agency actions inflict injuries on them, and how they constitute challengeable final agency action.

**B. The record rule does not apply to remedial questions.**

The record rule also does not limit the evidence this Court can consider when determining the propriety and scope of injunctive or other relief at trial. "[I]n cases where relief is at issue, especially at the preliminary injunction stage," courts may consider extra-record evidence. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).[2] *See also Davis Mountains Trans-Pecos Heritage Assn. v. FAA*, 116 Fed. Appx. 3, 16 (5th Cir. 2004) (stating that this "correctly state[s] the law"); *accord Natl. Fedn. of Indep. Bus. v. Perez*, No. 5:16-cv-66, 2016 WL 3766121, at *23 (N.D. Tex. June 27, 2016).

---

2 At trial, the Court will consider whether a permanent injunction should issue, and the considerations are the same as for issuing a preliminary injunction "with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success" at the preliminary stage. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).

The APA thus permits courts to assess "the balance of the equities and the public interest" for injunctive relief using extra-record evidence. *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1106–08 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020); *accord Biden*, 2021 WL 4552547, at *3. There would be no other way to do so, as "injunctive relief is generally not raised in the administrative proceedings below and, consequently, there usually will be no administrative record developed on these issues." *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017) (quotation omitted). "Thus, it will often be necessary for a court to take new evidence to fully evaluate claims of irreparable harm and claims that the issuance of the injunction is in the public interest." *Id.* (quotation omitted).

The Discovery Requests seek information relevant to the proper geographic scope of relief (RFA No.11), as well as irreparable injuries and the balance of harms (RFP Nos. 2, 4–5, 7; ROG Nos. 1–15; RFA Nos. 2–7).

### C. The record rule does not apply to some of the States' claims.

The States assert a claim of *ultra vires* agency action. ECF 20 at 31 (Count Two). Such claims are "at equity" and not limited by the APA's record rule. *see also* 33 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 8304 (2d ed.) (describing "nonstatutory review of agency action" that does not depend on the APA).

In a recent immigration case where Texas made similar claims against the Biden Administration's rescission of the Migrant Protection Protocols (MPP) program, Judge Kacsmaryk denied a motion to strike Texas's evidence as outside the record—such claims can be raised outside the APA through a cause of action "at equity" and are therefore not limited by the record rule. *Biden*, 2021 WL 4552547, at *4–6. The same reasoning applies here.

The Discovery Requests seek information relevant to this claim that the challenged agency actions exceed statutory authority to grant parole and substitute

for the congressionally authorized channels of immigration and are therefore *ultra vires* (RFP Nos. 1–4, 9–11; ROG Nos. 1–2, 8–9, 15; RFA Nos. 5, 8–10, 12).

## II. The record rule is narrow when evaluating agency decisionmaking.

Even where the record rule applies, it "is not without exceptions." *Euzebio v. McDonough*,989 F.3d 1305, 1322 (Fed. Cir. 2021). The exceptions are applied in light of "[t]he record rule's purpose": "to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review—not to preclude effective judicial review entirely." *Id.* (cleaned up). Thus, "in certain circumstances a court may permit supplementation of the record or the introduction of extra-record evidence to enable effective judicial review." *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engrs.*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015).

The Fifth Circuit has identified three circumstances in which consideration of extra-record evidence is appropriate:

1. the agency deliberately or negligently excluded documents that may have been adverse to its decision,
2. the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
3. the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cnty. Envtl. Action Assn. v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (alteration omitted). But this list is not exhaustive and "did not explicitly purport to overrule prior decisions concerning exceptions." *Gulf Coast*, 2015 WL 1883522, at *3; *see also Biden*, 2021 WL 4552547, at *2 ("[*Medina* was not] a sea change in this circuit's law on extra-record evidence.") (quoting *Gulf Coast*, 2015 WL 1883522, at *4). Courts have also recognized a more detailed list of "eight exceptions":

1. when agency action is not adequately explained in the record before the court;
2. when the agency failed to consider factors which are relevant to its final decision;
3. when an agency considered evidence which it failed to include in the record;
4. when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;
5. in cases where evidence arising after the agency action shows whether the decision was correct or not;
6. in cases where agencies are sued for a failure to take action;
7. in cases arising under NEPA; and
8. in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at *2 (footnote omitted); *accord NFIB v. Perez*, 2016 WL 3766121 at *23.

Most importantly here, courts allow extra-record evidence when it is necessary to determine whether the agency "considered all the relevant factors." *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981). "[A]n adequate record can sometimes only be determined 'by looking outside the [administrative record] to see what the agency may have ignored.'" *Davis Mtns.*, 249 F. Supp. 2d at 776 (quoting *Cnty. of Suffolk v. Secy. of Interior*, 562 F.2d 1368, 1384 (2d Cir. 1977)); *see also Davis Mtns.*, 116 Fed. Appx. at 15–16 (district court abused its discretion by excluding extra-record evidence "necessary to determine" whether agency "took a hard look" at a factor).

"[I]t will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160

(9th Cir. 1980). Consideration of extra-record evidence is also permitted "when supplementing the record is necessary to explain technical terms or complex subject matter." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotations omitted).

Thus, courts may supplement the administrative record with "affidavits, depositions, or other proof of an explanatory nature" if necessary to "explain the record and [] determine the adequacy of the procedures followed and the facts considered" by the agency. *Arkla Expl. Co. v. Tex. Oil & Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984); *see also, e.g., Sierra Club v. Marsh*, 976 F.2d 763, 772 (1st Cir. 1992); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991). In other words, such evidence is admissible "to educate the court and to illuminate the administrative record, not to substitute the court's judgment for the [agency's]." *Arkla*, 734 F.2d at 357; *see also San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). That extra-record evidence is particularly appropriate in cases not involving formal adjudications or notice-and-comment rulemaking where Plaintiffs lacked an "opportunity to submit such evidence" into the administrative record—cases such as this one. *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113–14 (D.D.C. 2015).

This approach makes sense. One of the key issues for trial is whether Defendants ignored critical factors in the challenged memoranda. *See* ECF 20 at 30; ECF 22 at 22–24 (failure to consider various factors, including limitations on parole authority that require benefit from paroling each individual alien rather than accumulated benefits of paroling masses of aliens). Precluding discovery on this issue would "preclude effective judicial review entirely" by keeping hidden evidence of the information they ignored precisely because they ignored it. *Euzebio*, 989 F.3d at 1322 (cleaned up).

Evidence is also relevant "to enable effective judicial review … when agency action is not adequately explained in the record before the court and [because the] case is so complex that a court needs more evidence to enable it to understand the issues clearly." *Gulf Coast*, 2015 WL 1883522, at *2. For example, a key issue in determining whether the challenged agency actions were subject to the requirements of notice-and-comment rulemaking is whether they are legislative rules rather than excepted policy statements; other issues for this claim are whether the actions were exempt because of the foreign-affairs exception, ECF 22 at 19–20, or the good-cause exception, ECF 22 at 21.

The Court has previously allowed extra-record evidence to support a notice-and-comment claim:

> First, the Fifth Circuit's tests for determining whether an agency rule is covered by the APA's exceptions to the notice and comment requirements make evaluation of the rule's *effects* necessary. *See Texas DAPA*, 809 F. 3d at 171 (explaining that whether a rule is a general statement of policy turns on whether it "has binding effect"); *id.* at 176 (whether a rule is procedural turns on whether it has a "substantial impact"). Thus, the rule against extra-record evidence cannot apply. Alternatively, the third *Medina* exception allows for consideration of extra-record evidence when "the agency failed to explain administrative action so as to frustrate judicial review." *Medina Cnty.*, 602 F.3d at 706. Because consideration of the effects of the Final Memorandum is necessary to determine whether the Final Memorandum is a general statement of policy or a procedural rule, *see Texas DAPA*, 809 F.3d at 171–76, excluding that evidence would "frustrate judicial review"; thus, it is admissible under the third *Medina* exception. *See Medina Cnty.*, 602 F.3d at 706.

*Texas*, 606 F. Supp. 3d at 493 n.66. Extra-record evidence of how the challenged program was implemented or enforced was proper in considering whether it was an exempt policy statement because of the need to determine if the program (1) imposed

any rights or obligations, or (2) genuinely left the agency and its decisionmakers free to exercise discretion. *Id*. at 493–94.

Thus, the Court can consider extra-record evidence concerning Defendants' application of the challenged programs even though that evidence is not in the administrative record. The Discovery Requests seek information relevant to how the challenged agency actions have been implemented to show whether they are applied in a way that makes them binding or imposes any rights or obligations (RFP Nos. 1–4, 9–11; ROG Nos. 1–3, 5–7, 9, 13–15; RFA Nos. 7–10, 12), and whether they fall within the foreign-affairs and good-cause exceptions (RFP Nos. 12–13; ROG Nos. 9–12; RFA No. 6).

## Conclusion

Plaintiffs respectfully request that the Court allow the extra-record discovery attached as Exhibit A.

Dated March 24, 2023.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700

Respectfully submitted.

AARON F. REITZ
*Lead Counsel*
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
SDTX No. 3653771
aaron.reitz@oag.texas.gov

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
SDTX No. 33695
leif.olson@oag.texas.gov

/s/ *Ryan D. Walters*
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
SDTX No. 3369185
ryan.walters@oag.texas.gov

DAVID BRYANT
Special Counsel
Texas Bar No. 03281500
SDTX No. 808332
david.bryant@oag.texas.gov

GENE P. HAMILTON
America First Legal Foundation
Virginia Bar No. 80434
SDTX No. 3792762
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

STEVE MARSHALL
Alabama Attorney General
EDMUND G. LACOUR JR.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

TREG R. TAYLOR
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska
CHRISTOPHER A. ROBISON
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

TIM GRIFFIN
Arkansas Attorney General
NICHOLAS J. BRONNI
Arkansas Solicitor General
HANNAH L. TEMPLIN
Assistant Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

*Counsel for the State of Arkansas*

ASHLEY MOODY
Attorney General of Florida
James H. Percival (FBN 1016188)
Deputy Attorney General of Legal Policy
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

RAÚL R. LABRADOR
Attorney General of Idaho
David M.S. Dewhirst, ISB No. 12141
Chief Deputy Attorney General
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
david.dewhirst@ag.idaho.gov

*Counsel for the State of Idaho*

BRENNA BIRD
Attorney General of Iowa
ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 281-5164
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

KRIS KOBACH
Attorney General of Kansas
JESSE A. BURRIS, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

DANIEL CAMERON
Attorney General of Kentucky
MARC MANLEY
Associate Attorney General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for the Commonwealth of Kentucky*

JEFF LANDRY
Attorney General of Louisiana
ELIZABETH B. MURRILL (La #20685)
Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for the State of Louisiana*

LYNN FITCH
Attorney General of Mississippi
JUSTIN L. MATHENY
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

ANDREW BAILEY
Attorney General of Missouri
JOSHUA M. DIVINE, Mo. Bar #69875
Solicitor General
CHARLES F. CAPPS, Mo. Bar #72734
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

MICHAEL T. HILGERS
Attorney General of Nebraska
ERIC J. HAMILTON
Deputy Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

AUSTIN KNUDSEN
Attorney General of Montana
CHRISTIAN B. CORRIGAN
Solicitor General
PETER M. TORSTENSEN, JR.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

DAVE YOST
Ohio Attorney General
SYLVIA MAY MAILMAN
Ohio Deputy Solicitor General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
May.Mailman@OhioAGO.gov

*Counsel for the State of Ohio*

GENTNER F. DRUMMOND
Attorney General of Oklahoma
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

ALAN WILSON
Attorney General of South Carolina
THOMAS T. HYDRICK
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

JONATHAN SKRMETTI
Tennessee Attorney General
and Reporter
CLARK L. HILDABRAND
Assistant Solicitor General
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for the State of Tennessee*

SEAN D. REYES
Utah Attorney General
MELISSA HOLYOAK
Utah Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
Tel: (801) 538-9600
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

PATRICK MORRISEY
Attorney General of West Virginia
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Senior Deputy Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Tel: (681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

BRIDGET HILL
Wyoming Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

**CERTIFICATE OF COMPLIANCE**

I certify that the total of words in this motion, exclusive of the matters designated for omission, is 2,903, as counted by Microsoft Word.

*/s/Ryan D. Walters*

**CERTIFICATE OF CONFERENCE**

I certify that on March 24, 2023, I conferred with counsel for Defendants, who represented that Defendants are opposed to this motion.

*/s/Ryan D. Walters*

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2023, this motion was filed through the Court's CM/ECF system, which automatically serves it upon all counsel of record.

*/s/Ryan D. Walters*