**United States District Court**
**Southern District of Texas**
**Victoria Division**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>    *Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>   SECURITY, *et al.*,<br>    *Defendants.* | Case 6:23-cv-00007 |

# EXHIBIT A
Plaintiffs' First Set of Discovery Requests

# United States District Court
# Southern District of Texas
# Victoria Division

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>    *Plaintiffs,*<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>    SECURITY, *et al.*,<br>        *Defendants.* | Case 6:23-cv-00007 |

## PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS

Dated March 24, 2023.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700

Respectfully submitted.

AARON F. REITZ
*Lead Counsel*
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
SDTX No. 3653771
aaron.reitz@oag.texas.gov

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
SDTX No. 33695
leif.olson@oag.texas.gov

/s/ *Ryan D. Walters*
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
SDTX No. 3369185
ryan.walters@oag.texas.gov

DAVID BRYANT
Special Counsel
Texas Bar No. 03281500

SDTX No. 808332
david.bryant@oag.texas.gov

GENE P. HAMILTON
America First Legal Foundation
Virginia Bar No. 80434
SDTX No. 3792762
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

| | |
|---|---|
| STEVE MARSHALL<br>Alabama Attorney General<br>EDMUND G. LACOUR JR.<br>Solicitor General<br>Office of the Attorney General<br>State of Alabama<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Tel: (334) 242-7300<br>Edmund.LaCour@AlabamaAG.gov<br><br>*Counsel for the State of Alabama* | TREG R. TAYLOR<br>Attorney General of Alaska<br>CORI M. MILLS<br>Deputy Attorney General of Alaska<br>CHRISTOPHER A. ROBISON<br>Alaska Bar No. 2111126<br>Texas Bar No. 24035720<br>Assistant Attorney General<br>Alaska Department of Law<br>1031 W. 4th Avenue, Suite 200<br>Anchorage, Alaska 99501-1994<br>chris.robison@alaska.gov<br><br>*Counsel for the State of Alaska* |

2

<div style="display: flex;">

<div>

Tim Griffin
Arkansas Attorney General
Nicholas J. Bronni
Arkansas Solicitor General
Hannah L. Templin
Assistant Solicitor General
Office of the Arkansas Attorney
 General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

*Counsel for the State of Arkansas*

Raúl R. Labrador
Attorney General of Idaho
David M.S. Dewhirst, ISB No. 12141
Chief Deputy Attorney General
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
david.dewhirst@ag.idaho.gov

*Counsel for the State of Idaho*

Kris Kobach
Attorney General of Kansas
Jesse A. Burris, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

</div>

<div>

Ashley Moody
Attorney General of Florida
James H. Percival (FBN 1016188)
Deputy Attorney General of Legal
Policy
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 281-5164
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

Daniel Cameron
Attorney General of Kentucky
Marc Manley
Associate Attorney General
Kentucky Office of the Attorney
General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for the Commonwealth of
 Kentucky*

</div>

</div>

3

JEFF LANDRY
Attorney General of Louisiana
ELIZABETH B. MURRILL (La #20685)
Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for the State of Louisiana*

ANDREW BAILEY
Attorney General of Missouri
JOSHUA M. DIVINE, Mo. Bar #69875
Solicitor General
CHARLES F. CAPPS, Mo. Bar #72734
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

LYNN FITCH
Attorney General of Mississippi
JUSTIN L. MATHENY
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

AUSTIN KNUDSEN
Attorney General of Montana
CHRISTIAN B. CORRIGAN
Solicitor General
PETER M. TORSTENSEN, JR.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

MICHAEL T. HILGERS
Attorney General of Nebraska
ERIC J. HAMILTON
Deputy Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

GENTNER F. DRUMMOND
Attorney General of Oklahoma
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

JONATHAN SKRMETTI
Tennessee Attorney General
and Reporter
CLARK L. HILDABRAND
Assistant Solicitor General
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for the State of Tennessee*

DAVE YOST
Ohio Attorney General
SYLVIA MAY MAILMAN
Ohio Deputy Solicitor General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
May.Mailman@OhioAGO.gov

*Counsel for the State of Ohio*

ALAN WILSON
Attorney General of South Carolina
THOMAS T. HYDRICK
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

SEAN D. REYES
Utah Attorney General
MELISSA HOLYOAK
Utah Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
Tel: (801) 538-9600
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

5

PATRICK MORRISEY
Attorney General of West Virginia
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Senior Deputy Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Tel: (681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

BRIDGET HILL
Wyoming Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

### CERTIFICATE OF SERVICE

On March 24, 2023, I served a copy of this document by electronic mail to all counsel listed below:

EREZ REUVENI
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 307-4293
erez.r.reuveni@usdoj.gov

BRIAN WARD
Senior Litigation Counsel

Counsel for Defendants

/s/ *Ryan D. Walters*

6

**DEFINITIONS AND INSTRUCTIONS**

1. "You" and its possessive variants refer to Defendants and any entity or person(s) acting at their direction or on their behalf, whether or not such persons or entities are subdivisions, employees, or officers of the Defendants: U.S. Department of Homeland Security; Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; U.S. Citizenship and Immigration Services; Ur Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, in his official capacity as Acting Commissioner of U.S. Customs & Border Protection; U.S. Immigration & Customs Enforcement; and Tae Johnson, in his official capacity as Acting Director of U.S. Immigration & Customs Enforcement.

2. The "Parole Program" refers to the four programs, beginning with that for aliens from Venezuela created in October 2022 and including the programs begun in January 2023 for aliens from Cuba, Haiti, and Nicaragua.

3. "DHS" means the Department of Homeland Security and any of its subordinate entities, including U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS).

4. "Document" means any record of information, including writings, data, correspondence, photographs, video and audio recordings, and images. It specifically includes all communications and electronically stored information, including text messages and emails.

5. Unless otherwise specified, the relevant dates for each Discovery Request are January 20, 2021, to the present.

6. For each request, if you are able to provide some, but not all, of the information requested, provide the information you can. Then identify the

information that you cannot or will not produce or provide and state why you cannot or will not provide it.

7. Except where a request refers to another, construe each request is to be construed independently and not with reference to any other request for purposes of limiting the scope of any particular request.

8. These requests do not seek personal information of any particular aliens.

9. In responding, indicate whether any of the individual Defendants have different responses than the rest of the group.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all checklists, lesson plans, or training materials used to implement or administer the Parole Program.

**Request for Production No. 2:** Produce all documents related to the implementation or administration of the Parole Program.

**Request for Production No. 3:** Produce all documents relating to how determinations are to be made regarding the use of the parole authority and standards for determining "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A) in the Parole Program.

**Request for Production No. 4:** Produce any unpublished USCIS Administrative Appeals Office decisions that refer to the Parole Program.

**Request for Production No. 5:** Produce all documents related to crime rates of or criminal activity by Parole Program beneficiaries.

**Request for Production No. 6:** Produce all documents related to reduction of wages or displacement of American workers caused by Parole Program beneficiaries.

**Request for Production No. 7:** Produce all documents related to forecasted or actual use of public education by Parole Program beneficiaries.

**Request for Production No. 8:** Produce all documents related to the subjects of Request for Production Nos. 5, 6, and 7 but for all aliens from Cuba, Haiti, Nicaragua, and Venezuela who have illegally arrived at the border since January 20, 2021.

**Request for Production No. 9:** Produce all advance travel authorization questionnaires.

**Request for Production No. 10:** Produce all internal comparisons or evaluations of advance travel authorization forms to the forms required for visas or the Electronic System Travel Authorization.

**Request for Production No. 11:** Produce all documents estimating or analyzing how the Parole Program will divert some aliens from the pre-

9

existing channels of the Electronic System for Travel Authorization, nonimmigrant visas, or immigrant visas.

**Request for Production No. 12:** Produce all documents relating to agreements or commitments by the Government of Mexico relating to the Parole Program.

**Request for Production No. 13:** Produce all documents supporting your determination that undergoing the notice-and-comment process for the Parole Program "would seriously undermine a key goal of the policy: it would incentivize even more irregular migration."

**Request for Production No. 14:** Produce all documents consulted or relied upon in responding to this First Set of Discovery Requests.

## INTERROGATORIES

**Interrogatory No. 1:** Identify, by month, the number of Parole Program applications (a) received, (b) adjudicated, (c) approved, (d) denied, (e) pending, (f) granted employment authorization, and (g) denied employment authorization.

**Answer to Interrogatory No. 1:**

**Interrogatory No. 2:** Identify (for the Parole Program) the average processing time for (a) the adjudication of Form I-134(a) by an intending supporter of an alien, (b) from approval of the Form I-134(a) to the approval of advanced travel authorization, and (c) at the port of entry for parole beneficiaries.

**Answer to Interrogatory No. 2:**

**Interrogatory No. 3:** Identify the number residing in each Plaintiff State from the totals in each subcategory of Interrogatory No. 1.

**Answer to Interrogatory No. 3:**

**Interrogatory No. 4:** Identify the number of minors from the populations identified in the subcategories in Interrogatory Nos. 1 and 3 (both total and residing in each Plaintiff State).

**Answer to Interrogatory No. 4:**

**Interrogatory No. 5:** Identify the number (both total and residing in each Plaintiff State) of Parole Program beneficiaries who have had their parole terminated.

**Answer to Interrogatory No. 5:**

**Interrogatory No. 6:** Identify the number (both total and residing in each Plaintiff State) of Parole Program beneficiaries who have been placed into removal proceedings.

**Answer to Interrogatory No. 6:**

**Interrogatory No. 7:** Identify the number (both total and residing in each Plaintiff State) of Parole Program beneficiaries who have been removed from the United States.

**Answer to Interrogatory No. 7:**

**Interrogatory No. 8:** Identify, by month, the number (both total and residing in each Plaintiff State) of adults in the United States from each of Cuba, Haiti, Nicaragua, and Venezuela with each following status:
- U.S. citizens and nationals;
- Lawful permanent residents, lawful temporary residents, and conditional permanent residents;
- Asylees and refugees;
- Parolees;
- Deferred action;
- Deferred Enforced Departure (DED).

**Answer to Interrogatory No. 8:**

**Interrogatory No. 9:** Identify, by month, the number (both total and residing in each Plaintiff State) of (1) grants of parole of aliens under 8 U.S.C. § 1182(d)(5)(A) since January 20, 2021, and (2) how many of such grantees of parole remain in the United States (and within each Plaintiff State). Note that this inquiry is not limited to grants of parole under the Parole Program.

**Answer to Interrogatory No. 9:**

**Interrogatory No. 10:** Identify, by month, the number (both total and residing in each Plaintiff State) of aliens from each of Cuba, Haiti, Nicaragua, and Venezuela who have illegally arrived at, or crossed, the border since the initiation of the Parole Program.

**Answer to Interrogatory No. 10:**

**Interrogatory No. 11:** State how you identified the nationalities of the persons in your response to Interrogatories 8 and 10.

**Answer to Interrogatory No. 11:**

**Interrogatory No. 12:** Identify, by month, the number (both total and residing in each Plaintiff State) of the number of aliens from each of Cuba, Haiti, Nicaragua, and Venezuela who have been removed since January 20, 2021.

**Answer to Interrogatory No. 12:**

**Interrogatory No. 13:** Identify any enforcement actions to collect from intending supporters who have signed Form I-134(a).

12

**Answer to Interrogatory No. 13:**

**Interrogatory No. 14:** Identify any policies or procedures (planned or implemented) to provide information from Form I-134(a) to States to collect from intending supporters.

**Answer to Interrogatory No. 14:**

**Interrogatory No. 15:** Identify (a) the average processing time for approval of an alien's Advance Travel Authorization under the Parole Program; (b) the average processing time for approval of an immigrant visa petition and issuance of an immigrant visa; and (c) the reasons for the differences in processing time between (a) and (b).

**Answer to Interrogatory No. 15:**

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that Plaintiff States do not get reimbursed by the federal government for expenses incurred to provide public education to individuals who are paroled.

**Request for Admission No. 2:** Admit that Plaintiff States do not get reimbursed by the federal government for expenses incurred to provide Emergency Medicaid services to individuals who are paroled.

**Request for Admission No. 3:** Admit that Plaintiff States do not get fully reimbursed by the federal government for expenses incurred to incarcerate individuals who are paroled.

**Request for Admission No. 4:** Admit that Plaintiff States do not get reimbursed by the federal government for expenses incurred to provide driver's licenses to individuals who are paroled.

**Request for Admission No. 5:** Admit that Parole Program beneficiaries are not being detained pending any immigration proceedings.

**Request for Admission No. 6:** Admit that you do not know whether the number of Parole Program beneficiaries paroled into the United States is lower than the number of aliens from Cuba, Haiti, Nicaragua, and Venezuela who would have otherwise illegally arrived at the border.

**Request for Admission No. 7:** Admit that the vetting and screening of Parole Program beneficiaries is not as thorough as aliens applying for a visa to come to the United States.

**Request for Admission No. 8:** Admit that you consider a lack of detention capacity to meet the standard of "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A).

**Request for Admission No. 9:** Admit that you consider an overall reduction of aliens arriving at the border to meet the standard of "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A).

**Request for Admission No. 10:** Admit that, under the Parole Program, you make no determination that paroling any individual applicant satisfies the

14

standards of "urgent humanitarian reasons" or "significant public benefit" under 8 U.S.C. § 1182(d)(5)(A).

**Request for Admission No. 11:** Admit that Parole Program beneficiaries are free to relocate to another state other than the state of residence at the time of initial application or parole.

**Request for Admission No. 12:** Admit that the advance travel authorization questionnaire under the Parole Program seeks less information from applicants than the forms aliens must complete for Electronic System for Travel Authorization, nonimmigrant visas, or immigrant visas.