United States District Court
Southern District of Texas
**ENTERED**
April 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| The STATE OF TEXAS, the STATE OF ALABAMA, the STATE OF ALASKA, the STATE OF ARKANSAS, the STATE OF FLORIDA, the STATE OF IDAHO, the STATE OF IOWA, the STATE OF KANSAS, the COMMONWEALTH OF KENTUCKY, the STATE OF LOUISIANA, the STATE OF MISSISSIPPI, the STATE OF MISSOURI, the STATE OF MONTANA, the STATE OF NEBRASKA, the STATE OF OHIO, the STATE OF OKLAHOMA, the STATE OF SOUTH CAROLINA, the STATE OF TENNESSEE, the STATE OF UTAH, the STATE OF WEST VIRGINIA, and the STATE OF WYOMING,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity, U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, Acting Commissioner of U.S. Customs & Border Protection, in his official capacity, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, and TAE JOHNSON, Acting Director of U.S. Immigration & Customs Enforcement, in his official capacity,<br><br>  Defendants. | Civil Action No. 6:23-CV-00007 |

**ORDER**

Pending before the Court is the Plaintiffs' Motion for Extra-Record Discovery, (Dkt. No. 102), and the Defendants' Motion for Limited Discovery, (Dkt. No. 101). After considering the Motions, the Responses, the record and the applicable law, the Court **GRANTS** both Motions.

**I.     BACKGROUND**

Twenty-one States (the "Plaintiff States") led by the State of Texas have sued the Department of Homeland Security ("DHS"), certain component agencies,[1] and the leadership of those agencies (collectively, the "Federal Government"), challenging the implementation of a new parole program for Cuban, Haitian, Nicaraguan, and Venezuelan nationals. (Dkt. No. 20). On February 14, 2023, the Plaintiff States moved for a preliminary injunction. (Dkt. No. 22). On February 27, 2023, the Court notified the Parties of its intent to consolidate Plaintiffs' Motion for Preliminary Injunction with this Court's consideration of the merits at a bench trial under Rule 65(a)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 71). The Court also ordered the Parties to file any motions for extra-record discovery no later than March 24, 2023. (Dkt. No. 90). On March 24, 2023, the Federal Government filed the Administrative Record, (Dkt. Nos. 92–95), and both Parties filed motions for extra-record discovery, (Dkt. Nos. 101, 102). These Motions are now ripe for review.

---

[1] The component agencies of DHS involved in this lawsuit include U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE").

2

## II.     LEGAL STANDARD

As a general rule, "[j]udicial review of agency action is . . . limited to an examination of the agency record." *Baker v. Bell*, 630 F.2d 1046, 1051 (5th Cir. 1980); *see also Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825–26, 28 L.Ed.2d 136 (1971) (holding that courts must limit their review to the administrative record before the agency at the time the decision was made). This principle is commonly known as the "record rule." Under the record rule, "[s]upplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty. Envir. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

The Fifth Circuit has allowed supplementation of the administrative record when: "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . . (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." *Id.* District courts in this Circuit have routinely permitted extra-record evidence to be introduced under the following circumstances:

1. When agency action is not adequately explained in the record before the court;
2. When the agency failed to consider factors which are relevant to its final decision;

3. When an agency considered evidence which it failed to include in the record;

4. When a case is so complex that a court needs more evidence to enable it to understand the issues clearly;

5. In cases where evidence arising after the agency action shows whether the decision was correct or not;

6. In cases where agencies are sued for a failure to take action;

7. In cases arising under NEPA; and

8. In cases where relief is at issue, especially at the preliminary injunction stage.

*Texas v. Biden*, No. 2:21-CV-00067-Z, 2021 WL 4552547, at *2 (N.D. Tex. July 19, 2021) (citations omitted).

## III. DISCUSSION

The Plaintiff States have brought two claims: (1) the first alleges violations of the Administrative Procedure Act ("APA") under 5 U.S.C. § 706, and (2) the second is an *ultra vires* claim against agency heads under 8 U.S.C. § 1182(d)(5). (Dkt. No. 20 at 30–31). Both Parties seek extra-record discovery on standing and the propriety of injunctive relief. (Dkt. No. 101 at 6–7, 13–14); (Dkt. No. 102 at 2–5). The Plaintiff States also seek extra-record discovery on issues related to the merits of their claims. (Dkt. No. 102 at 5–10); (Dkt. No. 102-1). The Court will address each in turn.

### A. THE RECORD RULE ON STANDING

The Plaintiff States seek extra-record discovery related to standing. (Dkt. No. 102-1 at 10–16). The Federal Government does not object to this request. (Dkt. No. 120 at 8–9). Similarly, the Federal Government seeks discovery on standing for each Plaintiff State. (Dkt. No. 101 at 13). And the Plaintiff States do not object. (Dkt. No. 121 at 1). In

4

APA cases, courts routinely rely on extra-record evidence on the issue of whether the plaintiff has the requisite standing. *Texas v. Biden*, 2021 WL 4552547, at *2–3; *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54, 130 S.Ct. 2743, 2754–55, 177 L.Ed.2d 461 (2010); *Texas v. United States*, 40 F.4th 205, 216–18 (5th Cir. 2022). Therefore, the Court will permit extra-record discovery by all Parties on standing.

### B.  THE RECORD RULE ON REMEDIES

Both Parties also seek discovery on the propriety and scope of injunctive relief. (Dkt. No. 101 at 13–14); (Dkt. No. 102 at 4–5). Again, neither Party disputes this request. (Dkt. No. 120 at 8–9); (Dkt. No. 121 at 1). "Similar to issues of standing, the record rule also does not limit the evidence this Court can consider when determining the propriety of injunctive relief." *Texas v. Biden*, 2021 WL 4552547, at *3. "This is because 'injunctive relief is generally not raised in the administrative proceedings below and, consequently, there usually will be no administrative record developed on these issues.'" *Id.* (quoting *Eco Tour Adventures, Inc. v. Zinke*, 249 F.Supp.3d 360, 369 n.7 (D.D.C. 2017)). Therefore, the Court will permit extra-record discovery by all Parties on the propriety and scope of injunctive relief.

### C.  THE RECORD RULE ON MERITS RELATED DISCOVERY

The Plaintiff States seek discovery on issues related to the merits of their claims. (*See* Dkt. No. 102-1). While the Plaintiff States' discovery requests do not identify which count they are directed at, it appears that their discovery pertains to both. The Federal

5

Government objects to any extra-record discovery aside from the issues of standing and remedies.[2] (Dkt. No. 120 at 8).

### 1. The Non-APA Claim

The Plaintiff States' *ultra vires* claim alleges that the head of DHS, a defendant in this case, exceeded his statutory authority under 8 U.S.C. § 1182(d)(5), (*id.* at 31), and that this claim entitles them to merits-related extra-record discovery, (Dkt. No. 102 at 5–6). The Federal Government disagrees, arguing that the Plaintiff States' *ultra vires* claim is just an APA claim repackaged as a different statutory claim; therefore, no extra-record discovery should be permitted. (Dkt. No. 120 at 25). Additionally, the Federal Government argues that, even if the Plaintiff States' statutory *ultra vires* claim is a stand-alone claim, it is barred by sovereign immunity. (*Id.* at 25–26). As such, they argue that discovery must be done in accordance with the APA's limitations. (*Id.* at 25–26). At this point, the Court has not reached the merits of those arguments.

Generally, claims that do not arise within the APA context are not bound by the record rule. *Texas v. Biden*, 2021 WL 4552547, at *6. One type of suit that can proceed against federal officers in their official capacities is a suit "alleging a federal officer acted *ultra vires* of statutorily delegated authority[.]" *Id.* at *5. This is exactly the type of claim the Plaintiff States raise in their complaint. Further, courts have held that *ultra vires* "acts of an agent of the sovereign are not those of the sovereign," and "[t]hus, a suit is not violative of the doctrine of sovereign immunity if . . . the officer's powers are limited by

---

[2] Particularly, the Federal Government objects to the Plaintiff States' proposed requests for production numbers 1–4 and 10–13, interrogatories numbers 2, 6–9, and 13–15, and requests for admission numbers 5, 10, and 12. (Dkt. No. 120 at 9 n.1).

6

statute and he acts in excess of that authority[.]" *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1226 (5th Cir. 1976). Therefore, the Court will permit extra-record discovery on the Plaintiff States' *ultra vires* claim. The Court will make a determination about the admissibility of any evidence related to this claim at trial.

### 2. The APA Claim

As a general rule, in an APA case, a court reviews only the administrative record. *Medina*, 602 F.3d at 706. Like every other general rule, there are exceptions. *Texas v. Biden*, 2021 WL 4552547, at *6. Here, the most pertinent exception is whether extra-record evidence is needed to determine whether the agency considered all of the relevant factors. *Medina*, 602 F.3d at 706. Whether an agency considered all relevant factors "can sometimes only be determined by looking outside the record to see what the agency may have ignored." *City of Dallas v. Hall,* Civil Action Nos. 3:07-CV-0060-P, 3:07-CV-0213-P, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007) (cleaned up). The Plaintiff States contend that the Federal Government ignored critical factors in its implementation of the Parole Program, (Dkt. No. 102 at 8), and their discovery requests seek to identify those factors. A primary source for "unconsidered" factors is necessarily outside the administrative record. It may well be that the evidence that supplements the record will not show any factors were ignored, but the evidence itself is required to make that determination. Therefore, the Court will permit extra-record merits discovery on the Plaintiff States' APA claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Motion for Extra-Record Discovery, (Dkt. No. 102), and the Defendants' Motion for Limited Discovery, (Dkt. No. 101).

It is SO ORDERED.

Signed on April 7, 2023.

                                                 _____
                                                         **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**