**United States District Court**
**Southern District of Texas**
**Victoria Division**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>　　*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>　SECURITY, *et al.*,<br>　　*Defendants.* | Case 6:23-cv-00007 |

### OPPOSED MOTION TO EXTEND SCHEDULE BY 30 DAYS

Defendants respectfully request that the Court extend the schedule in this case by 30 days to accommodate discovery that will be substantially broader and more burdensome than Defendants anticipated at the time the schedule was entered.

On March 6, 2023, the Parties submitted a Joint Advisory Regarding Proceedings that set out a proposed schedule for this case, including proposed deadlines for discovery. That proposed schedule was submitted after the Parties had conferred and Plaintiffs had provided Defendants with a draft of the discovery requests they intended to serve. Defendants' agreement to the proposed dates was based on the limited nature of the discovery Plaintiffs had initially represented that they would be seeking, which was limited to standing and remedy, and limited to the State of Texas.

On March 22, 2023, the Court entered a schedule that set a deadline of April 28, 2023 for the Parties to produce any extra-record discovery if discovery was subsequently approved by the Court. ECF No. 90 at 3. The Court further set deadlines of March 24, 2023 for the Parties to file any motions for extra-record discovery, and March 31, 2023 for the Parties to file responses to those motions.

On March 24, 2023, Plaintiffs filed their motion for extra-record discovery. Plaintiffs' motion sought substantially broader discovery than they had proposed when the Parties negotiated the schedule. For example, Plaintiffs added five additional requests for production, three new interrogatories, and two new requests for admission. *See* ECF No. 102-1. In addition, while Plaintiffs' initial proposal on discovery was limited to Texas, Plaintiffs expanded the scope of many of their requests to seek information for every Plaintiff State. Plaintiffs further added requests for discovery related to the merits of their claims, even though review of the merits of claims under the Administrative Procedure Act are generally limited to the administrative record (which Defendants have produced and filed with the Court). And, while Defendants raised various arguments as to why much of the discovery Plaintiffs seek is improper in this case, *see* ECF No. 120, the Court granted Plaintiffs' motion for discovery in full, *see* ECF No. 126.

These changes in the scope of discovery have substantially changed the amount of data Defendant agencies need to pull and review in order to determine whether responsive information or documents can be produced. The current timeline provides only 21 days between April 7, 2023, when the Court granted Plaintiffs' motion for discovery in full, and April 28, 2023, the previously established date to provide responses and produce discovery. While Defendant agencies have been preparing to respond to the earlier set of discovery requests Plaintiffs proposed at the time the schedule was set, which were limited to discovery on standing and remedy and further limited to Texas, given the much broader discovery Plaintiffs now seek and the limited number of people at Defendant agencies who can search for responsive information, it will take longer than 21 days for Defendants to determine whether they can provide responses or answers to many of the new requests, and, as appropriate

2

conduct a search for responsive information. Even once a search for responsive information has been completed, additional time will still be required to conduct the analysis and review necessary to provide answers, confirm responsiveness, and review for privileged information before responding to the discovery requests.

Accordingly, Defendants respectfully request that the Court extend the deadline to produce extra-record discovery by 30 days from April 28, 2023 to May 30, 2023, and to similarly extend all remaining deadlines by 30 days as well, so that the Parties' briefing and additional proceedings can address the discovery that is exchanged.

There is good cause for this extension to allow what will ultimately still be a highly expedited seven-week discovery period to first fully develop the record before proceeding with further briefing and trial. The Court has consolidated Plaintiffs' motion for preliminary injunction with consideration of the merits under Rule 65(a)(2). Under Rule 65, consolidation is appropriate only if it permits the Parties a full and fair opportunity to present their respective cases. *See* Wright & Miller, § 2950 Relationship of the Preliminary Injunction Hearing to the Trial on the Merits, 11A Fed. Prac. & Proc. Civ. § 2950 (3d ed.) (collecting cases). Courts have held that it is improper to rush a case to trial if it prevents the parties from having adequate time to complete discovery and prepare their case. *Id.*; *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Dillon v. Bay City Const. Co.*, 512 F.2d 801, 804 (5th Cir. 1975) (holding that district court abused its discretion in proceeding to a trial on the merits under Rule 65 and preventing party from fully presenting its case by denying it time to conduct discovery it was entitled to under the federal rules); *Paris v. U.S. Dep't of Hous. & Urb. Dev.*, 713 F.2d 1341, 1346 (7th Cir. 1983) (finding consolidation inappropriate where it prejudiced defendant agency by

3

preventing defendant from having sufficient time to complete discovery and assemble administrative record). "[R]ushing cases to trial within three months of the filing of the first answer severely prejudices the ability of parties to prepare their cases" and "adequate time must be allowed for discovery of the facts and assembly of the proof." *Martel v. Cty. of Los Angeles*, 34 F.3d 731, 737 (9th Cir. 1994), *opinion withdrawn and superseded on reh'g on other grounds*, 56 F.3d 993 (9th Cir. 1995) (quoting *Freehill v. Lewis*, 355 F.2d 46, 48 (4th Cir. 1966)).

Many of the deadlines the Court has currently set will be difficult if not impossible to fully comply with if the discovery deadline is not extended and there are outstanding issues with discovery after April 28, 2023. The Parties will not be able to fully address the evidence in the remaining briefing on the Motion for Preliminary Injunction, the Exhibit Lists, motions in limine to exclude evidence, or proposed findings of fact if there are outstanding discovery issues at the times those filings are currently due. Given the expanded scope of Plaintiffs' discovery requests, additional time is needed both to complete that discovery and to provide a fair opportunity to provide the other briefing the Court has ordered after discovery is complete, rather than at the same time as dealing with outstanding discovery issues.

Extending the briefing schedule and the trial date will also have the added benefit of increasing the chances that the Supreme Court will resolve *United States v. Texas*, No. 22-40367 (argued Nov. 29, 2022), before this Court must resolve as part of this case a number of issues on which the Supreme Court may soon provide guidance. Among other things, the Supreme Court may address the requirements of State standing to challenge federal immigration policy, jurisdictional bars in 8 U.S.C. § 1252(f) and

§ 1252(a)(2)(B)(ii) that Defendants also anticipate raising in this case, and limits on the scope of relief in immigration actions under the APA.

The Parties conferred on this motion on April 12 and 14, 2023, and Plaintiffs oppose this motion with the exception of proposing as an alternative a two-week extension for Defendants to provide responsive documents. That alternative proposal would not address the concerns above for several reasons. First, the Defendant agencies have represented that they need at a minimum an additional 30 days to determine whether they can provide responses or answers to many of the new requests and conduct a search for responsive information. A two-week extension will provide inadequate time to complete that task. Second, Plaintiffs alternative proposal would not extend the deadline to provide objections to discovery requests or answers to requests for admission, requiring Defendants' to provide objections and answers without complete knowledge of what issues might arise with the discovery requests as the search for responsive information continues. Finally, this proposal does not thing to address the problem of discovery disputes potentially overlapping with subsequent deadlines for filing that will need to address the full universe of discovery that is ultimately provided.

Accordingly, Defendants move to extend the remaining schedule in this case as follows:

1. No later than May 30, 2023, the Parties shall produce any extra-record discovery.
2. The Defendants shall file their response in opposition to the Motion for Preliminary Injunction, (Dkt. No. 22), no later than June 12, 2023.
3. The Plaintiffs shall file their reply in support of their Motion for Preliminary Injunction no later than June 20, 2023.

4.    The Parties may submit additional affidavits or declarations after June 20, 2023, however, those affidavits or declarations shall be limited to supplementing previously filed affidavits or declarations.

5.    No later than June 26, 2023:

   a. Plaintiffs shall file an Exhibit List identifying any affidavits, declarations, or documentary evidence, other than the administrative record, that they may wish the Court to consider, including any documents they may seek to introduce through live testimony.

   Plaintiffs are not required to identify documents they may potentially rely upon in cross-examination for purposes of impeachment.

   Plaintiffs shall produce courtesy copies to the Court and the Defendants of the proposed Exhibits but shall not file them.

   <u>No amendments shall be made to the Exhibit List after this date without good cause unless the Parties agree</u>.

   b. Plaintiffs shall file a Witness List identifying any witness they seek to call for live testimony at trial. For each witness, Plaintiffs shall provide the topics and scope of the expected testimony. Plaintiffs may re-call any of their witnesses in rebuttal to Defendants' witnesses' testimony.

   <u>No amendments shall be made to the Witness List after this date without good cause unless the Parties agree</u>.

6.    No later than July 3, 2023:

   a. Defendants shall file an Exhibit List identifying any affidavits, declarations, or documentary evidence, other than the administrative record, that they may wish the Court to consider,

6

   including any documents they may seek to introduce through live testimony.

   Defendants are not required to identify documents they may potentially rely upon in cross-examination for purposes of impeachment.

   Defendants shall produce courtesy copies to the Court and the Plaintiffs of the proposed Exhibits except for the Administrative Record but shall not file them.

   <u>No amendments shall be made to the Exhibit List after this date without good cause unless the Parties agree.</u>

 b. Defendants shall file a Witness List identifying any witness they seek to call for live testimony at trial. For each witness, Defendants shall provide the topics and scope of the expected testimony.

   <u>No amendments shall be made to the Exhibit List after this date without good cause unless the Parties agree.</u>

7. No later than July 5, 2023, the Parties shall file any motions to exclude evidence or witnesses. These motions are without prejudice to objections at trial to particular testimony or particular uses of a piece of evidence and are apart from any argument about extra-record evidence.

8. No later than July 7, 2023, the Parties shall separately submit proposed findings of fact and conclusions of law. Each party must specify all proposed findings it anticipates establishing at trial. To the extent possible in advance of trial, the proposed findings should cite deposition or declaration testimony, expected witness testimony, exhibits, or other evidence to support each proposed finding. Parties shall specify stipulated or agreed facts.

9. No later than July 10, 2023, the Parties shall file responses to any motion to exclude evidence.
10. The Parties shall appear in-person for a Final Pretrial Conference on July 12, 2023, at 1:00 p.m. in Victoria, Texas. The Court may address pending motions and objections and pre-mark and pre-admit exhibits.
    a. Trial shall begin on July 13, 2023, at 9:00 a.m. in Victoria, Texas.
    b. No later than July 31, 2023, the Parties shall file Proposed Findings of Fact and Conclusions of Law with citations to the record from trial. If the Parties wish to file any post-trial memoranda of law, they must do so no later than this date.

Dated: April 14, 2023	Respectfully submitted,

ALAMDAR S. HAMDANI	BRIAN M BOYNTON
*United States Attorney*	*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

<u>/s/ *Brian C. Ward*</u>
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

*Counsel for Defendants*

9

## CERTIFICATE OF SERVICE

I certify that on April 14, 2023, I filed this motion through the Court's CM/ECF system, which served it on all counsel of record.

/s/ *Erin T. Ryan*
ERIN T. RYAN
U.S. Department of Justice
