United States District Court
Southern District of Texas

**ENTERED**

April 20, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| The STATE OF TEXAS, the STATE OF ALABAMA, the STATE OF ALASKA, the STATE OF ARKANSAS, the STATE OF FLORIDA, the STATE OF IDAHO, the STATE OF IOWA, the STATE OF KANSAS, the COMMONWEALTH OF KENTUCKY, the STATE OF LOUISIANA, the STATE OF MISSISSIPPI, the STATE OF MISSOURI, the STATE OF MONTANA, the STATE OF NEBRASKA, the STATE OF OHIO, the STATE OF OKLAHOMA, the STATE OF SOUTH CAROLINA, the STATE OF TENNESSEE, the STATE OF UTAH, the STATE OF WEST VIRGINIA, and the STATE OF WYOMING, § § § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, § § § | |
| v. § § | Civil Action No. 6:23-CV-00007 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity, U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, Acting Commissioner of U.S. Customs & Border Protection, in his official capacity, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, and TAE JOHNSON, Acting Director of U.S. Immigration & Customs Enforcement, in his official capacity, § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. § | |

## ORDER

Valerie Laveus, Paul Zito, Francis Arauz, Eric Sype, Dr. Kate Sugarman, Dr. Nan

Langowitz, and Dr. Germán Cadenas (the "Proposed Intervenors") have filed a Motion

to Intervene as defendants in this case under Rule 24 of the Federal Rules of Civil

Procedure.  (Dkt. No. 106).  The Proposed Intervenors contend they have a right to

intervene pursuant to Rule 24(a) or, in the alternative, they request that the Court permit

them to intervene pursuant to Rule 24(b).  (*Id.*).  Plaintiffs oppose the Motion.  (Dkt.

No. 127).  Defendants take no stance.  Having considered the pleadings, the record, and

the applicable law, the Court **GRANTS** the Proposed Intervenors' Motion under Rule

24(b) of the Federal Rules of Civil Procedure.[1]

## I.     BACKGROUND

Twenty-one States (the "Plaintiff States") led by the State of Texas have filed this

lawsuit against the Department of Homeland Security ("DHS"), its component agencies,[2]

and the leadership of those agencies (collectively, the "Federal Government"),

challenging the implementation of a new parole program for nationals from Cuba, Haiti,

Nicaragua, and Venezuela.  (Dkt. No. 20).  On February 14, 2023, the Plaintiff States

moved for a preliminary injunction.  (Dkt. No. 22).  On February 27, 2023, the Court

notified the Parties of its intent to consolidate the Motion for Preliminary Injunction with

---

[1]     Because the Court has granted permissive intervention, the Court foregoes discussion
on whether the Proposed Intervenors have a right to intervene as provided in Rule 24(a) of the
Federal Rules of Civil Procedure.

[2]     The component agencies of DHS involved in this lawsuit include U.S. Citizenship and
Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S.
Immigration and Customs Enforcement ("ICE").

this Court's consideration of the merits at a trial to the bench under Rule 65(a)(2) of the

Federal Rules of Civil Procedure.  (Dkt. No. 71).  On March 29, 2023, the Proposed

Intervenors filed a Motion to Intervene.  (Dkt. No. 106).  The Plaintiff States filed a

response in opposition, (Dkt. No. 127), to which the Proposed Intervenors replied, (Dkt.

No. 129).  The Federal Government did not weigh in.  With briefing now complete, the

Court turns to the merits of the Motion.

## II.    LEGAL STANDARD

Rule 24(b) of the Federal Rules of Civil Procedure allows a district court to permit

a party to intervene.  Fed. R. Civ. P. 24(b).[3]  The Fifth Circuit has outlined that permissive

intervention under Rule 24(b) is appropriate when "(1) timely application is made by the

intervenor, (2) the intervenor's claim or defense and the main action have a question of

law or fact in common, and (3) intervention will not unduly delay or prejudice the

adjudication of the rights of the original parties."  *League of United Latin Am. Citizens,*

*Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).  The Fifth Circuit has

additionally instructed courts to consider whether the proposed intervenor is adequately

represented by the existing parties and whether the intervenor's presence is likely to

provide significant contributions to the development of the underlying factual issues.  *Id.*

at 189 (citation omitted).  Overall, "[p]ermissive intervention is wholly discretionary with

the district court," and even if the court finds that there is a common question of law or

---

[3]     In relevant part, the rule provides: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Rule 24(b) further requires a district court, when exercising its discretion, to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

fact or that the Rule 24(b) requirements are otherwise satisfied, the court may ultimately

deny permission to intervene.[4]  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732

F.2d 452, 470–71 (5th Cir. 1984) (cleaned up).  To guide a court's decision, the Fifth Circuit

has noted that intervention should be permitted "where no one would be hurt and greater

justice could be attained."  *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation

omitted).

In general, Rule 24 represents "an accommodation between two potentially

conflicting goals: to achieve judicial economies of scale by resolving related issues in a

single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or

unending."  *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991)

(quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc)).  Parties may

nevertheless seek intervention "in a wide variety of situations involving unique facts and

procedural postures."  *Id.*  The Fifth Circuit therefore cautions that "the facts and

procedural posture of each case are important, and it is often true that 'general rules and

past decisions cannot provide uniformly dependable guides.'"  *Id.* (quoting *Smuck*, 408

F.2d at 179).

---

[4]     Although a district court indeed has wide discretion to decide whether to grant
intervention, the Fifth Circuit has held that the decision to permit intervention under Rule 24(b)
requires a "threshold determination" of whether the proposed intervenor's claims or defenses
have a common question of law and fact with the main action, the second factor the Fifth Circuit
described in *Clements*.  *Howse v. S/V Can. Goose I*, 641 F.2d 317, 322–23 (5th Cir. 1981) (per curiam).
Such a determination is a question of law.  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir.
1977) (citation omitted).  It is not discretionary.  *Id.*

### III.   DISCUSSION

After considering the permissive intervention factors the Fifth Circuit enumerated in *Clements* and *Sierra Club*, as well as the arguments both the Proposed Intervenors and the Plaintiff States pose in support of their respective positions, the Court finds it appropriate to grant the Proposed Intervenors' request for permissive intervention.

### A.   THE APPLICATION IS TIMELY

First, the Court is persuaded that the Proposed Intervenors' Motion is timely. "[T]he question whether an application for intervention is timely is largely committed to the discretion of the district court . . . ." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977) (citation omitted).  Timeliness, however, is evaluated with less leniency under permissive intervention than under intervention as of right. *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citing *Stallworth*, 558 F.2d at 266).  Regardless, the Fifth Circuit notes that "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by the failure to apply sooner." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (citation omitted).  Timeliness is contextual and must be determined based on all the circumstances. *Id.* (citations omitted).

Here, the Proposed Intervenors have moved to intervene two months before the trial date. (*See* Dkt. No. 90); (Dkt. No. 106).  In their Response, the Plaintiff States argue that the Motion is untimely because, had the Proposed Intervenors been involved from the outset, their scheduling and discovery requests would have been different.  (Dkt. No. 127 at 3).  The Court is unconvinced that the inclusion of the Proposed Intervenors will

impact the timeline of this case.  As the Plaintiff States themselves admit, the Proposed

Intervenors "must accept the proceedings as they find them[.]"  (*Id.*) (cleaned up).  Thus,

the Court finds that the Motion is timely for the purposes of permissive intervention.

      **B.**      **THE PROPOSED INTERVENORS HAVE ARTICULATED A COMMON QUESTION OF LAW AND FACT**

Second, the Court finds the Proposed Intervenors have asserted defenses that

share a common question of law and fact with the main action.  "[T]he 'claim or defense'

portion of Rule 24(b)(2) . . . has been construed liberally."  *Newby v. Enron Corp.*, 443 F.3d

416, 422 (5th Cir. 2006) (cleaned up); *see also In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975)

("the Supreme Court has said that it 'plainly dispenses with any requirement that the

intervenor shall have a direct personal or pecuniary interest in the subject of the

litigation.'" (quoting *SEC. v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459, 60 S.Ct. 1044, 1055,

84 L.Ed.1293 (1940))).  Notwithstanding, there is no common question of law or fact if the

claims in the suit are "not related to" the proposed intervenor's arguments.  *See Trans*

*Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824–25 (5th Cir. 2003).

That is not the case here, as the Plaintiff States' claims are clearly related to the

Proposed Intervenors' arguments.   Both the Proposed Intervenors and the Federal

Government seek to defend the lawfulness of the parole program.  *See Symetra Life Ins.*

*Co. v. Rapid Settlements Ltd.*, No. 4:05-CV-03167, 2006 WL 2382250, at *4 (S.D. Tex. Aug. 16,

2006) (finding commonality of claims between proposed intervenors and plaintiffs when

both "claim that [the defendant] is improperly circumventing the court-approval

requirements of state transfer statutes").  Moreover, the Proposed Intervenors' defenses,

the Federal Government's defenses, and the Plaintiff States' claims arise from the same

set of facts and considerations: DHS's implementation of the new parole program. District courts within the Fifth Circuit regularly permit intervention under similar circumstances. *See, e.g., Franciscan All., Inc. v. Azar*, 414 F.Supp.3d 928, 940 (N.D. Tex. 2019) (permitting intervention where proposed intervenors have a "'defense that shares with the main action a common question of law or fact'" because the "defense is directly related to the underlying controversy" (quoting Fed. R. Civ. P. 24(b)(1)); *EEOC v. Commercial Coating Serv., Inc.*, 220 F.R.D. 300, 302–03 (S.D. Tex. 2004) (permitting intervention where proposed intervenor's claims "arise largely from the same set of facts" as those of the parties); *Texas v. United States*, No. 6:21-CV-00003, 2021 WL 411441, at *2 (S.D. Tex. Feb. 6, 2021).  Accordingly, the Court finds that the Proposed Intervenors have articulated defenses that have common questions of law and fact with the main action.

### C.    NO UNDUE DELAY OR PREJUDICE

Third, the Court finds that intervention would not unduly delay or prejudice the Parties.  Given that this matter is still in the early stages of litigation, the Proposed Intervenors' request will not impose timing issues, difficulties, or constraints with regards to the trial schedule. *See Symetra*, 2006 WL 2382250, at *6 ("This case is at an early stage and intervention will neither delay the proceedings nor prejudice the existing parties.").  Indeed, the Proposed Intervenors represented in their Motion that they would comply with the current briefing schedule.  (*See* Dkt. No. 106 at 15, 21).

The Plaintiff States nevertheless raise concerns that the Proposed Intervenors' potential discovery requests and additional arguments may cause delay or prejudice. (Dkt. No. 127 at 7).  Given the Court's recent ruling on discovery and the Proposed

Intervenors' intention to join the case at this stage where discovery is currently ongoing, the Court finds the Plaintiff States' concerns to be unwarranted. The Court will benefit from the perspectives and arguments that the Proposed Intervenors bring to the Court. In short, obtaining a more fulsome record and briefing within this expedited framework is in the interest of justice and poses no harm. *See Sierra Club*, 18 F.3d at 1205 (allowing intervention "where no one would be hurt and greater justice could be attained"). Thus, the Court finds that this factor favors granting permissive intervention.

### D.    THE PROPOSED INTERVENORS HAVE INTERESTS THE FEDERAL GOVERNMENT MAY NOT ADEQUATELY REPRESENT

Next, the Court must consider whether the interests of the Proposed Intervenors are adequately represented by the Federal Government. *See Clements*, 884 F.2d at 189. The Fifth Circuit has outlined "two presumptions of adequate representation[.]" *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996)). The first is when a proposed intervenor "has the same ultimate objective as a party to the lawsuit." *Id.* The second is when the other party to the lawsuit "is a governmental body or officer charged by law with representing the interests of the [intervenor]." *Id.* (alteration in original). A proposed intervenor may overcome both presumptions by showing, among other things, an "adversity of interest" with the governmental entity. *Id.* at 661–62. That is, a proposed intervenor "must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case." *Id.* at 662. In so doing, the proposed intervenor must put forth "something more than speculation as to the purported inadequacy"; however, as a general matter, it remains "a relatively minimal showing." *Clements*, 884 F.2d at 189 (citation omitted).

In this instance, both presumptions apply.  The Proposed Intervenors have the same goal as the Federal Government—for the parole program to remain effective—and the defendants in this case are governmental entities charged by law with representing, to some measure, the interests of the Proposed Intervenors.  The Proposed Intervenors seek to overcome this presumption by demonstrating a difference in motivation.  While the Federal Government will support the parole program as part of its enforcement measures to increase security at the border, the Proposed Intervenors seek to defend the parole program for the benefits the program provides to them and their communities that flow from "family reunification, the exercise of their religious and humanitarian beliefs, ensuring access to safety and life-saving medical procedures, and employment authorization."  (Dkt. No. 106 at 19).

The Proposed Intervenors have demonstrated that they are concerned exclusively with the welfare of individuals directly benefiting from the parole program, unlike the Federal Government, which is required to balance its advocacy for individuals entering the United States through the parole program with its duty to protect American citizens. The Proposed Intervenors have therefore met their minimal burden to show their interests are sufficiently adverse to the Federal Government's in a way that is germane to the case—despite the fact that they share the common goal of opposing the Plaintiff States' lawsuit.

E.    **THE PROPOSED INTERVENORS WILL CONTRIBUTE TO THE COURT'S DISCERNMENT OF THE UNDERLYING ISSUES**

Finally, the Court concludes that the Proposed Intervenors will significantly contribute to the Court's discernment of the underlying issues.  As individuals directly

participating in the parole program, the Court finds that the Proposed Intervenors would provide important perspectives, substantial expertise, and experience that will aid the Court in its consideration of the issues.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Proposed Intervenors' Motion, (Dkt. No. 106).  Accordingly, the Proposed Intervenors are **ORDERED** to adhere to the schedule and limitations outlined in the Court's Scheduling Order, (Dkt. No. 90), and to file their briefs and responses on the same dates that the Federal Government is required to do so.

It is SO ORDERED.

Signed on April 19, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

10