UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civil Action No. 6:23-cv-0007 ) |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) |
| *Defendants.* | ) ) |

**STIPULATED PROTECTIVE ORDER**

1

I.   **PURPOSES AND LIMITATIONS**

This protective order is entered into between the Parties other than the State of Florida in this litigation. Discovery in this action, including depositions, is likely to involve information that, among other things, is confidential, proprietary, law enforcement sensitive, sensitive to foreign relations, or is otherwise legally protected, for which special protection may be warranted. The Parties agree that good cause exists to enter this Protective Order to address the handling of any documents, testimony, or information provided in the course of this case that contains sensitive or confidential information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, the Parties stipulate to and ask the Court to enter the following Stipulated Protective Order.

II.   **DEFINITIONS**

A. <u>Action</u> – *Texas, et al. v. Department of Homeland Security, et al.*, Case No. 6:23-cv-0007 (S.D. Tex.).

B. <u>Agency Counsel</u> – attorneys who are employees of an agency, Department, or Office that a Defendant to this Action leads. Agency Counsel does not include Counsel of Record or any other outside counsel.

C. <u>Challenging Party</u> – a Party that challenges the designation of information or items under this Order.

D. <u>CONFIDENTIAL Information or Items</u> – a Protected Information designation that applies to Protected Information that does not qualify for CONFIDENTIAL – ATTORNEYS' EYES ONLY designation.

E. <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u> – a Protected Information designation that may be used for personal identifying information, sensitive law enforcement information, proprietary information, or information from, relating to, or exchanged with a foreign government, the disclosure of which to non-qualified people the Producing Party reasonably and in good faith believes would likely jeopardize the safety of individuals, law enforcement officers, or the public, impedes on the use of proprietary technology or databases, threaten law enforcement operations or ongoing investigations, and/or damage relations with a foreign government.

F. <u>Counsel</u> – Counsel of Record and Agency Counsel (as well as their support staff) and specifically excluding all Parties.

G. <u>Counsel of Record</u> – attorneys who represent or advise a Party to this Action and have appeared in this Action on behalf of that Party.

H. <u>Designating Party</u> – a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I. <u>Discovery Material</u> – all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

J. <u>Expert</u> – a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

K. <u>Non-Party</u> – any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L. <u>Party</u> – any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M. <u>Producing Party</u> – a Party or Non-Party that produces Discovery Material in this Action.

N. <u>Protected Information or Items</u> – information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as:

1. information, documents, or tangible things protected from disclosure under the law-enforcement exception to FOIA, 5 U.S.C. § 552(b)(7);
2. information, documents, or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;
3. identifying or other personal information regarding any individual that would be protected or restricted from disclosure by statute or regulation, but disclosure of which may be authorized by an order of this Court, including but not limited to 8

        C.F.R 208.6 and 8 U.S.C 1367;

4. all documents or tangible things protected from disclosure by Fed. R. Civ. P. 26(c)(1)(G); and

5. all other protected documents, information, or tangible things not identified above which the Parties agree in writing or which the Court orders as qualifying for protection under Federal Rule of Civil Procedure 26(c).

O. <u>Protected Material</u> – any Disclosure or Discovery Material from a Producing Party that includes Protected Information and is thus designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including, without limitation, documents and information produced in response to discovery requests (including third-party subpoenas) and testimony given in deposition or at a hearing (including summaries and compilations thereof), regardless of whether the Disclosure or Discovery Material was produced before the issuance of this Stipulation and Order.

P. <u>Receiving Party</u> – a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.   SCOPE

The protections and procedures conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

### IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Parties and any other person(s) or entity subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

### V.   DESIGNATING PROTECTED MATERIAL

A. **<u>Exercise of Restraint and Care in Designating Material for Protection</u>** – Documents,

things, or information do not qualify for designation as Protected Material if they: (a) have been publicly disclosed by either Party; (b) have been independently obtained by the Receiving Party through lawful means, and are not subject to separate confidentiality orders or obligations; or (c) the Parties agree or the Court rules that the documents, things, or information have become public knowledge other than as a result of disclosure by the Receiving Party. If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within the categories of non-Protected Information referenced in this provision. This paragraph does not purport to waive or in any other way limit any protection that exists under law.

B. **Manner and Timing of Designations** – Designation in conformity with this Order requires:

1. <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the term "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES' ONLY" (hereinafter "Protected legend") to each page that contains protected material; or designate the document or portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by subsequent written notice.

2. <u>for any deposition or examination testimony,</u>
   a. by letter from Counsel of Record within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), designate the specific pages and lines of the transcript and/or any exhibits that should be treated as Protected Information.

   The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until 30 days after the receipt of the transcript by both parties. The 30-day period will begin to run when the last transcript copy is received. In circumstances where portions of the deposition are designated for protection, the transcript pages containing Protected Material may be separately bound by the court

reporter, who must affix to the top of each page the Protected legend as instructed by the Designating Party.

During the deposition, the Producing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) otherwise agreed upon.

3. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Protected legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. **Inadvertent Failures to Designate** – If timely corrected, an inadvertent failure to designate qualified information or items as Protected Material does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.   ACCESS TO AND USE OF PROTECTED MATERIAL

A. **Basic Principles** – Nothing in this Protective Order shall prohibit the Defendants or their legal counsel from using or disclosing materials or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as Defendants or their legal counsel would otherwise be authorized to do by law absent entry of the Protective Order.

B. **Meet And Confer** – Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify all other Parties in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

C. **Disclosure of Protected Material** – Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Protected Material only as follows: (1) Protected Material designated as CONFIDENTIAL may be disclosed to the persons and entities identified below as well as the Named Parties and their officers, directors, and employees to whom disclosure is

necessary to assist with the prosecution or defense of this Action; (2) Protected Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to the persons and entities identified below to the extent disclosure is necessary to assist with the prosecution or defense of this Action **but not** to the Named Parties and their officers, directors, and employees:

1. The Parties' Counsel of Record and Agency Counsel who are actively engaged in the Action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors and such other regular and temporary employees who assist counsel in connection with the Action, including employees of any firm retained to reproduce the Discovery Material for use in accordance with this Protective Order;

2. Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters and stenographic personnel in connection with the Action, in accordance with the terms of this Protective Order, including the provisions governing filing of Protected Material;

3. The individuals and entities described below, provided that, in advance of disclosure, each reads this Protective Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A:

    a. Any designated arbiter or mediator who is assigned to hear this matter;

    b. Any expert or consultant retained by Counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in this Action;

    c. Actual and potential deposition or trial witnesses in this Action (including use in connection with the preparation of said witnesses); and

    d. Any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

4. Proof of each written agreement provided for under paragraph VI.C.3 shall be preserved by each of the Parties while the Action is pending and be turned over to the other Parties if ordered to do so by the Court.

D. **Use Of Information Subject To Protective Order** – Use of any information or documents subject to this Protective Order shall be restricted to use in this litigation and shall not be

used by anyone subject to the terms of this Stipulated Protective Order, for any purpose outside of this litigation or any other proceeding between the Parties. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.

E. **Filing Protected Material** – Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Information. A Party may include Protected Material, or any information derived from Protected Material, in a Court filing or other Court presentation only in this Action, and only if the Party (i) obtains the advance written consent of the Designating Party to the disclosure of such material(s); (ii) applies to file the material(s) under seal and permission is granted by the Court in this Action; or (iii) obtains an order of the Court, after reasonable written notice and a reasonable opportunity for the Designating Party to be heard, permitting the disclosure of such material(s). If a Party obtains an order of the Court under (iii) permitting the disclosure of such material(s), the Party may file the material(s) seven (7) days later unless the Designating Party seeks reconsideration within seven days of the order.

## VII. CHALLENGING PROTECTED DESIGNATIONS

A. **Meet and Confer** – A Party challenging the designation of materials or information as Protected shall initiate the dispute resolution process by providing the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge. The Parties shall then meet and confer in good faith within 10 business days of receipt of such notice in an attempt to resolve the dispute.

B. **Judicial Determination** – Following such consultation, if the Parties are unable to agree on whether the Discovery Material is appropriately designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," then either Party may file a motion requesting that the Court resolve the dispute.

C. Until the Court rules on the challenged designation, all parties must continue to treat the Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," under the terms of this Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Protective Order, seeking production or other disclosure of such Protected Material, then that Party shall give electronic notice to the Designating Party that produced the Protected Material within five (5) business days after receipt of the subpoena or other compulsory process identifying the Protected Material sought and enclosing a copy of the subpoena or other compulsory process. If the Designating Party timely seeks a protective order, then the Party to which the subpoena or other compulsory process was issued or served shall not produce the Protected Material called for prior to receiving a court order or the consent of the Designating Party. In the event that such Protected Material is produced to the non-party, such material shall still be treated as Protected Material as appropriate by the Parties to this Protective Order.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order, and is subject to the conditions on disclosure provided in this Order.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information that is in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party or other confidentiality limitation(s);
2. promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and
3. make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to authorize the Party to invoke a privilege on its behalf or fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Party in possession of the Non-Party's confidential information may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party in possession of the Non-Party's confidential information shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

X. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person or entity to whom it has disclosed Protected Information in accordance with this Protective Order, has disclosed Protected Information to any person or entity or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

1. promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Information subject to this Protective Order;
2. promptly make all reasonable efforts to obtain the return of the Protected Information and to prevent further unauthorized disclosure of the Protected Information, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A;" and
3. within five (5) business days notify the Producing Party and all other Parties of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Information was the subject of unauthorized disclosure.

XI.  **CLAWBACK OF PRIVILEGED DOCUMENTS AND INFORMATION**

A. Disclosure of privileged documents or information, including through deposition testimony, shall in no way prejudice or otherwise constitute a waiver of any applicable privilege. Any privileged discovery materials or information shall be deemed to have been inadvertently produced.

B. If a Party learns that documents or information produced or provided in this case include privileged information, the Party shall provide reasonably prompt notice to the receiving Party of the inadvertent disclosure of privileged information. If the producing Party provides reasonably prompt notice following the discovery of the inadvertent disclosure, the Party shall be deemed to have taken reasonable steps to prevent the disclosure of privileged information and to have acted timely and adequately to rectify the disclosure.

C. Upon receiving notice of disclosure of privilege documents or information, the receiving party must immediately return or destroy all copies of the privileged documents or information. To the extent that the information has already been used in or described in other documents generated or maintained by the receiving Party, the receiving Party must also destroy any portions of those other documents containing the privileged information. If the receiving Party disclosed the specified documents or information before being notified of the disclosure of privilege information, the receiving Party must take steps to retrieve the documents or information.

D. This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rules of Evidence 502(b)(1) and (2) are inapplicable to the production of disclosed information under this Order.

XII.  **MISCELLANEOUS**

A. <u>Enforceability Upon Signing</u> – By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

B. <u>Right to Assert Other Objections</u> – Entering into, agreeing to, producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, shall not operate as or constitute an admission by any Party that any particular Protected Material contains or reflects information of a sensitive or personal nature or any other type of

confidential matter, or prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Protected Material.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony or other matter at any proceeding related to this Action. The designation of certain information as Protected Material pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use in the Action; provided, however, that every effort shall be made to preserve the confidentiality of the Protected Material.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case, and the entry of this Protective Order shall not be construed as the waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

Nothing in this Protective Order shall limit or reduce the Parties' appellate rights arising from any order or judgment arising in connection with the Action.

Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material.

## XIII. FINAL DISPOSITION

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action), a Receiving Party must take reasonable steps to destroy or return Protected Material to the Designating Party. Counsel may retain that counsel's work product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work product materials or papers shall continue to be treated pursuant to the terms of this Protective Order. Attorneys for the United States may maintain copies of any Protected Material in their case file for this case, and may maintain copies of any notes or summaries derived from such Protected Materials, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials should be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: May 17, 2023

ALAMDAR S. HAMDANI
*United States Attorney*

BRIAN M BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

/s/ *Erez Reuveni*
EREZ REUVENI
*Assistant Director*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 307-4293
erez.r.reuveni@usdoj.gov

BRIAN WARD
*Senior Litigation Counsel*

Joseph A. Darrow
Elissa P. Fudim
Erin T. Ryan
*Trial Attorneys*

*Counsel for Federal Defendants*

13

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | */s/ Leif A. Olson*<br>LEIF A. OLSON<br>Chief, Special Litigation Division |
| BRENT WEBSTER<br>First Assistant Attorney General | Texas Bar No. 24032801<br>SDTX No. 33695<br>leif.olson@oag.texas.gov |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | *Counsel for the State of Texas<br>and Local Counsel for the other Plaintiff States* |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 936-1700 | RYAN D. WALTERS<br>Deputy Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>SDTX No. 3369185<br>ryan.walters@oag.texas.gov |
| | DAVID BRYANT<br>Special Counsel<br>Texas Bar No. 03281500<br>SDTX No. 808332<br>david.bryant@oag.texas.gov |
| | GENE P. HAMILTON<br>America First Legal Foundation<br>Virginia Bar No. 80434<br>SDTX No. 3792762<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org |
| | *Counsel for the State of Texas* |

<div style="display: flex;">

<div>

STEVE MARSHALL
Alabama Attorney General
EDMUND G. LACOUR JR.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

TIM GRIFFIN
Arkansas Attorney General
NICHOLAS J. BRONNI
Arkansas Solicitor General
HANNAH L. TEMPLIN
Assistant Solicitor General
Office of the Arkansas Attorney
 General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

*Counsel for the State of Arkansas*

RAÚL R. LABRADOR
Attorney General of Idaho
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400

*Counsel for the State of Idaho*

</div>

<div>

TREG TAYLOR
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska
CHRISTOPHER A. ROBISON
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

BRENNA BIRD
Attorney General of Iowa
ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 281-5164
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

</div>

</div>

KRIS KOBACH
Attorney General of Kansas
JESSE A. BURRIS, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

JEFF LANDRY
Attorney General of Louisiana
ELIZABETH B. MURRILL (La #20685)
Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for the State of Louisiana*

ANDREW BAILEY
Attorney General of Missouri
JOSHUA M. DIVINE, Mo. Bar #69875
Solicitor General
MARIA LANAHAN, Mo. Bar #65956
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

DANIEL CAMERON
Attorney General of Kentucky
MARC MANLEY
Associate Attorney General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
Attorney General of Mississippi
JUSTIN L. MATHENY
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

AUSTIN KNUDSEN
Attorney General of Montana
CHRISTIAN B. CORRIGAN
Solicitor General
PETER M. TORSTENSEN, JR.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

16

| | |
|---|---|
| MICHAEL T. HILGERS<br>Attorney General of Nebraska<br>ERIC J. HAMILTON<br>Solicitor General<br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, Nebraska 68509<br>Tel: (402) 471-2682<br>eric.hamilton@nebraska.gov<br><br>*Counsel for the State of Nebraska* | DAVE YOST<br>Ohio Attorney General<br>BENJAMIN M. FLOWERS<br>Solicitor General<br>30 E. Broad St., 17th Floor<br>Columbus, OH 43215<br>Tel: (614) 728-7511<br>benjamin.flowers@OhioAGO.gov<br><br>*Counsel for the State of Ohio* |
| GENTNER F. DRUMMOND<br>Attorney General of Oklahoma<br>GARRY M. GASKINS, II<br>Solicitor General<br>ZACH WEST<br>Director of Special Litigation<br>313 N.E. 21st St.<br>Oklahoma City, OK 73105<br>Tel: (405) 521-3921<br>Garry.Gaskins@oag.ok.gov<br>Zach.West@oag.ok.gov<br><br>*Counsel for the State of Oklahoma* | ALAN WILSON<br>Attorney General of South Carolina<br>THOMAS T. HYDRICK<br>Assistant Deputy Solicitor General<br>Post Office Box 11549<br>Columbia, SC 29211<br>Tel: (803) 734-4127<br>thomashydrick@scag.gov<br><br>*Counsel for the State of South Carolina* |
| JONATHAN SKRMETTI<br>Tennessee Attorney General<br>and Reporter<br>CLARK L. HILDABRAND<br>Assistant Solicitor General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Tel: (615) 253-5642<br>Clark.Hildabrand@ag.tn.gov<br><br>*Counsel for the State of Tennessee* | SEAN D. REYES<br>Utah Attorney General<br>MELISSA HOLYOAK<br>Utah Solicitor General<br>350 N. State Street, Suite 230<br>P.O. Box 142320<br>Salt Lake City, UT 84114-2320<br>Tel: (801) 538-9600<br>melissaholyoak@agutah.gov<br><br>*Counsel for the State of Utah* |

PATRICK MORRISEY
Attorney General of West Virginia
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Senior Deputy Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Tel: (681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

BRIDGET HILL
Wyoming Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

*/s/ Esther H. Sung*
**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
esther.sung@justiceactioncenter.org
*Application for Admission pending*

**Karen C. Tumlin***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**Jane Bentrott***
California Bar No. 323562
D.C. Bar No. 1029681
Virginia Bar No. 87903
jane.bentrott@justiceactioncenter.org

**Lauren Michel Wilfong***
New York Bar No. 5975529
New Jersey Bar No. 378382021
*Not admitted to practice law in California*
lauren.wilfong@justiceactioncenter.org

**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Daniel Hatoum**
Texas Bar No. 24099136
New York Bar No. 5598339
daniel.hatoum@raicestexas.org

**Vanessa Rivas-Bernardy***
California Bar No. 341464
vanessa.rivas@raicestexas.org

**THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

**Monika Y. Langarica***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham***
California Bar No. 237841
arulanantham@law.ucla.edu

**CENTER FOR IMMIGRATION LAW AND POLICY**
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

*admitted pro hac vice*

*Counsel for Intervenors*

**IT IS SO ORDERED**

Dated: _____             _____
                                    Honorable DREW B. TIPTON
                                    United States District Court Judge

2

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| *Plaintiffs,* | ) |
| v. | ) Civil Action No. 6:23-cv-0007 |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) |
| *Defendants.* | ) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read and understood the Protective Order entered in the case of *Texas, et al. v. Department of Homeland Security, et al.*, Case No. 6:23-cv-0007 (S.D. Tex.), and agree to be bound by all of its terms, including agreeing not to disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and agree to submit to the jurisdiction of the United States District Court for the Southern District of Texas for the purposes of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____   _____
                                                                                    Signature

2