IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

STATE OF TEXAS, *et al.,*

   *Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

INTERVENORS,

   *Defendants*.

Case No. 6:23-cv-00007

**INTERVENORS' RESPONSE IN OPPOSITION TO PLAINTIFF STATES'
<u>EXPEDITED MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT</u>**

## SUMMARY OF ARGUMENT

Plaintiff States seek to supplement their pleadings to shoehorn into this case a new challenge to a border policy that has nothing to do with the matter before the Court. Moreover, that policy has *already been enjoined* in another case brought by Florida—also a plaintiff in this case—before Judge T. Kent Wetherell in the Northern District of Florida. Plaintiff States nonetheless seek to introduce into this existing lawsuit entirely new questions of fact and law that simply are not germane to the current proceedings. Their motivation is plain: they seek a second bite at the apple in case Florida loses in the Eleventh Circuit, they want it in front of this Court, and the only current way to obtain that outcome is through supplementation.

Plaintiff States' attempt to radically expand the scope of this case to secure their preferred forum would, if successful, inject substantial new and highly complex issues at the eleventh hour into a case that is otherwise poised for trial. Intervenors and Defendants would be substantially prejudiced by having to try these new issues on that trial schedule, without sufficient time to prepare. The Court should reject Plaintiffs' transparent judge shopping and require them instead to file their new complaint pursuant to the generally applicable case assignment procedures by denying their Expedited Motion for Leave to Supplement Complaint ("Motion").

## STATEMENT OF FACTS

Plaintiff States filed their Motion on May 12, 2023, just over one month before trial in this matter was set to begin. ECF 140-1. The Motion seeks to supplement Plaintiff States' Complaint in order to challenge an entirely different immigration

12145-00001/14108920.1   1

policy than the parole process that the Plaintiffs States are already challenging in this lawsuit—a policy administered by a different federal agency, concerning different populations of immigrants, and operating in different geographic locations. *See infra* at 4-5. Plaintiff States do not dispute that a federal district court in the Northern District of Florida has already entered a nationwide preliminary injunction against the policy that is the subject of the Motion. *See infra* at 7.

## RELEVANT LEGAL AUTHORITIES

Plaintiff States seek to supplement pursuant to Rule 15(d), which provides that courts "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after" the underlying pleading. FED. R. CIV. P. 15(d). When deciding whether to exercise discretion to grant leave to supplement a complaint pursuant to Rule 15(d), courts in the Fifth Circuit should consider the same factors relevant to deciding whether to grant leave to amend: (1) whether supplementing would cause undue delay in the proceedings; (2) whether it would cause undue prejudice to the nonmovant; (3) whether the movant is acting in bad faith or with dilatory motive; (4) repeated failures to cure deficiencies by previous amendments; and (5) futility of the amendment in that it adds "nothing of substance to the original allegations or is not germane to the original cause of action." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). Thus,

although the factors are similar, supplementation requires a more rigorous showing than amendment. *Id.*

Courts in this Circuit routinely deny motions to supplement under Rule 15(d), including where the supplemental claims and events are "not germane" to the existing claims, and where the plaintiff "could bring a separate lawsuit to pursue these new, distinct claims." *Taylor v. Collier*, No. H:21-CV-2161, 2022 WL 2871819, at *5 (S.D. Tex. July 21, 2022); *see also Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018) (affirming denial of motion to supplement complaint where there was "no indication" that the new claims were connected with retaliation claims in original complaint, and where the "court observed that [plaintiff] could bring a separate lawsuit to pursue the new, distinct claims"); *Vela v. Presley*, No. 2:21-CV-193, 2022 WL 2452139, at *4 (S.D. Tex. July 6, 2022), *aff'd*, No. 22-40484, 2023 WL 3255010 (5th Cir. May 4, 2023) (denying motion to supplement complaint where additional claims and events were futile).

## ARGUMENT

Here, the Rule 15(d) factors counsel strongly against permitting the proposed supplement. The new issues it raises are not remotely germane to this case and allowing Plaintiff States to inject these issues into this case would improperly permit them to handpick their judge. The proposed supplement would also be a significant waste of judicial resources, given that another district court has already issued a nationwide preliminary on identical claims. Supplementation would inject complex new issues into this case at the eleventh hour, which would either cause delay or

deprive the parties of sufficient time to address these claims through discovery or trial preparation. This would substantially prejudice Intervenors and Defendants. The Motion should be denied.

**1. The Proposed Supplement is Unrelated to the Underlying Complaint.**

Plaintiff States seek to tack onto this case a challenge to a memo by the U.S. Border Patrol Chief that explains how the agency will exercise its parole authority to process people at the southern border when certain conditions arise ("Border Policy"). This Border Policy has nothing to do with the Parole Pathways for people from Cuba, Haiti, Nicaragua, and Venezuela ("CHNV Pathways"), which is what Plaintiff States challenge in in this case. The CHNV Pathways do not even apply at the border—they allow people with legal status in the United States to sponsor parole beneficiaries who may then seek advance travel authorization to fly to an interior port of entry of the United States to be considered for parole.

While both the Border Policy and the CHNV Pathways rely on the parole authority at 8 U.S.C. § 1182(d)(5), the same is true for innumerable other programs, policies, and practices that operate in radically different ways under that same grant of authority. These include Uniting for Ukraine, which allows Ukrainians abroad to enter by airport through private sponsors; military family parole programs, which grant temporary permission to remain to family members of service people who are already residing in the United States; and advance parole for recipients of Deferred

Action for Childhood Arrivals, which allows them to travel and return from abroad under certain circumstances.[1]

Far more relevant than the underlying statute are the facts and legal issues involved in the respective challenges, and here they are divergent. The Border Policy and the CHNV Pathways are administered by different agencies, concern different populations of immigrants, and operate in different geographic locations. Indeed, U.S. Border Patrol, a component agency of U.S. Customs and Border Protection ("CBP"), is responsible for implementing the Border Policy, but it is not a party to this case. Am. Compl., ECF No. 20. And with good reason: the CHNV Pathways challenged here are administered by U.S. Citizen and Immigration Services ("USCIS") and by CBP's Office of Field Operations, which manages interior ports of entry at which CHNV Pathway applicants with advanced travel authorization are considered for parole.[2]

The Border Policy and CHNV Pathways also concern entirely different groups of people. The former concerns certain people (regardless of nationality) arriving at the southern border, while the latter concerns United States-based sponsors and their

---

[1] USCIS, *Uniting for Ukraine* (April 21, 2022), *available at* https://www.uscis.gov/ukraine (announcing the Uniting for Ukraine program on April 21, 2022) (last visited May 25, 2023); Congressional Research Service, *Immigration Parole* (Oct. 15, 2020), *available at* https://crsreports.congress.gov/product/pdf/R/R46570#:~:text=Immigration%20parole%20is%20official%20permission,considered%20an%20applicant%20for%20admission (discussing parole for families of service people and for DACA recipients) (last visited May 25, 2023).

[2] USCIS, *Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*, *available at* https://www.uscis.gov/CHNV (last visited May 25, 2023); CBP, *U.S. Customs and Border Protection Field Operations What We Do*, https://www.cbp.gov/careers/ofo/what-we-do (last visited May 25, 2023).

beneficiaries from four designated countries who apply to come to the United States from abroad by flight with prior authorization. Indeed, anyone subject to the Border Policy, is categorically ineligible for parole through CHNV Pathways.[3]

## 2. Plaintiff States Are Inappropriately Seeking to Hand Select their Judge.

This Court should also reject Plaintiffs States' attempt to choose their own judge. Plaintiff States sought a Temporary Restraining Order on their new claims, yet rather than simply bringing a new case, took on the additional burden of preparing a motion for leave to supplement the complaint in this case. Plaintiff States' assertion that the connection between the Border Policy and the CHNV Pathways is "the underlying legality" because "both depend on Section 1252(d)"[4] only further illustrates their desire to judge shop. Motion Hearing Tr. at 15:15-20 (May 12, 2023). If this were truly Plaintiff States' guiding principle, then when bringing the current claims to challenge the CHNV Parole Pathways, Plaintiff States would have sought to supplement their pre-existing complaint in the case before Judge Barbara Lynn concerning the Central American Minors ("CAM") Parole Program,

---

[3] USCIS, *Processes for Cubans, Haitians, Nicaraguans, and Venezuelans*, https://www.uscis.gov/CHNV (last visited May 25, 2023) (In order to be eligible to request and be considered for advance travel authorization, individuals must be "outside the United States" and an individual "is ineligible for advance authorization to travel to the United States as well as parole under these processes if that person: . . . [h]as crossed irregularly into the United States, between the [official ports of entry]" after the date of the CHNV Pathways announcement.).

[4] Intervenors assume Plaintiff States meant to refer to 8 U.S.C. § 1182(d)(5)(A), which governs the U.S. Department of Homeland Security's parole authority. 8 U.S.C. § 1252(d) governs final orders of removal, which are not at issue in this case or in the proposed supplement.

*Texas et al. v. Biden et al.*, No. 22-cv-00780 (N.D. Tex. 2022), which concerns the Department of Homeland Security's parole authority under the same statute. They did not. Nor did they seek to supplement that complaint with their challenge to the Border Policy. Of course, the CHNV Pathways, the CAM program, and the Border Policy are each premised on wholly unrelated facts and occurrences, even if they implicate similar statutory authority. Plaintiff States should be required to go to the wheel on each one.

### 3. Another District Court Has Already Issued a Preliminary Injunction on the Exact Claims Set Forth in the Proposed Supplement.

Considerations of judicial economy and comity also counsel against the proposed supplement. The Border Policy challenge Plaintiff States seek to inject here is currently at issue in another case in the Northern District of Florida in which Judge T. Kent Wetherell has *already granted* Plaintiff States' requested relief. *Florida v. Mayorkas et al.*, No. 3:23-cv-9962 (N.D. Fla. May 16, 2023). The order issued in that case is now before the Eleventh Circuit Court of Appeals. *Florida v. USA, et al.*, No. 23-11528-C (11th Cir. 2023). Indeed, at the (unnecessary) Friday afternoon hearing prompted by Plaintiff States' allegedly urgent request for a Temporary Restraining Order on their supplemental claims, Plaintiff States conceded they suffered no harm supporting their request for relief because the policy had already been blocked by the temporary restraining order issued by Judge Wetherell, which has since been converted into a nationwide preliminary injunction. *Id.*; Motion Hearing Tr. at 16:17-17:2 (May 12, 2023).

This Court should allow that case to work its way through the courts, particularly to avoid the risk of competing injunctions or judgments. But even if Plaintiff States still believe the proper forum for a challenge to the Border Policy is within the Fifth Circuit or even this district, they must do what all others who seek legal redress for alleged harms do: file a new complaint and submit to the generally applicable case assignment process, at minimum in order to avoid the appearance of allowing Plaintiff States to pick their own judge.

At best, Plaintiff States' attempt to shove facts concerning the Border Policy into this case represents an attempt to inject unrelated border policy issues into this case. At worst, it is a blatant attempt to circumvent the generally applicable case assignment processes. Either way, there is "no indication" that the new claims are germane to those in Plaintiff States' amended complaint, and no reason why Plaintiff States could not bring "a separate lawsuit to pursue these new, distinct claims" to challenge the Border Policy. *Taylor*, 2022 WL 2871819, at *5. Because the supplemental claims are not germane to this case and supplementation would allow Plaintiffs to improperly pick their own judge as well as violate principles of comity and judicial efficiency, this Court should deny the Motion.

**4. Supplementation Would Cause Substantial Prejudice.**

Plaintiff States claim that supplementing their Complaint to account for the unrelated Border Policy will not "disrupt or alter the current scheduling order, including the June 15 trial." They propose that the entirely new set of facts set forth in the proposed supplemental complaint be "tried with the currently live claims" or that Plaintiff States confer with Defendants to propose a "Supplemental Scheduling

Order." Trying the claims in the supplement on the schedule Plaintiff States propose would substantially prejudice Intervenors and Defendants, and a supplemental scheduling order would, by its terms, delay final judgment in this case.

Plaintiff States' new Administrative Procedure Act claims challenging the Border Policy in the proposed supplemental Complaint will require production of a distinct administrative record, and they will surely also require further discovery and expert reports. Moreover, should the scope of this case be radically expanded to include the Border Policy, Intervenors may wish to seek to add additional intervenors who are impacted by that policy. Plainly, the current scheduling order does not permit time for these necessary steps, and Intervenors and Defendants would be substantially prejudiced by having to try these brand-new claims on the current trial schedule, which would require them to forfeit their rights to discovery, evidence, and motions practice concerning these issues and deprive them of sufficient time to prepare for trial on these issues.

## CONCLUSION

For the foregoing reasons, Intervenors respectfully request that the Court deny Plaintiff States' Motion. To the extent the Court is inclined to grant the Motion, Intervenors respectfully request oral argument.

Respectfully submitted,

*/s/ Monika Y. Langarica*
**Monika Y. Langarica***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham***
California Bar No. 237841
arulanantham@law.ucla.edu

**CENTER FOR IMMIGRATION LAW AND POLICY**
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
*Application for Admission pending*
esther.sung@justiceactioncenter.org

**Karen C. Tumlin***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**Jane Bentrott***
California Bar No. 323562
D.C. Bar No. 1029681
Virginia Bar No. 87903
jane.bentrott@justiceactioncenter.org

**Lauren Michel Wilfong***
New York Bar No. 5975529
New Jersey Bar No. 378382021
*Not admitted to practice law in California*
lauren.wilfong@justiceactioncenter.org

**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Daniel Hatoum**
Texas Bar No. 24099136
New York Bar No. 5598339
daniel.hatoum@raicestexas.org

**Vanessa Rivas-Bernardy\***
California Bar No. 341464
vanessa.rivas@raicestexas.org

**THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

**\****admitted pro hac vice*

**Kate Kaufmann Shih**
Texas Bar No. 24066065
Federal Bar No. 1214426
kateshih@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone:  (713) 221-7000
Facsimile:  (713)221-7100

## CERTIFICATE OF WORD COUNT

I certify that the word count for this brief, not including the case caption, table of contents, table of authorities, signature block, and certificates, is 2349 words.

/s/ *Kate Shih*
Kate Shih

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served via ECF pursuant to the Federal Rules of Civil Procedure on the 26 day of May 2023, upon all counsel of record in this matter.

/s/ *Kate Shih*
Kate Shih