# United States District Court
# Southern District of Texas
# Victoria Division

STATE OF TEXAS, *et al.*,
   *Plaintiffs,*

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,
   *Defendants.*

Case 6:23-cv-00007

# [PROPOSED] ORDER

Pending before the Court is the Parties' joint request to continue the trial date, presently set for June 14-15. Having reviewed the Parties' joint proposed scheduling order, the Court modifies the prior scheduling order (Dkt. No. 134), as follows:

1. The Parties' previous briefing and exhibits, including any supplemental briefing or extra-record evidence including affidavits or declarations, on Plaintiffs' Motion for Preliminary Injunction, (Dkt. No. 22), are incorporated and consolidated with this Court's consideration of the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). The evidentiary materials attached to the Parties' previous briefing, and any supplemental exhibits, affidavits, or declarations they may submit, are admitted as authentic and without need of a sponsoring witness and are presumptively admitted as "part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2).

2. The Defendants'[1] deadline to file an Answer or otherwise respond to Plaintiffs' Amended Complaint, (Dkt. No. 20), is STAYED absent further order of the Court.

3. The Defendants shall file their response in opposition to the Motion for Preliminary Injunction, (Dkt. No. 22), no later than July 20, 2023.

4. The Plaintiffs shall file their reply in support of their Motion for Preliminary Injunction no later than July 27, 2023.

---

[1] As provided in the Court's Order granting the motion to intervene dated April 19, 2023, (Dkt. No. 133), the Intervenors shall adhere to this Scheduling Order and shall have the same briefing schedule and meet the same deadlines as the Federal Government Defendants.

5. The Parties may submit additional affidavits or declarations after July 27, 2023; however, those affidavits or declarations shall be limited to supplementing previously filed affidavits or declarations.

6. The following deadlines shall control the disposition of this case:

   a. No later than June 16, 2023, the Parties shall resolve any disputes concerning extra-record discovery or, after conferral, submit an appropriate motion to the Court.

   b. No later than July 28, 2023:

      i. Plaintiffs shall file an Exhibit List identifying any affidavits, declarations, or documentary evidence, other than the administrative record, that they may wish the Court to consider, including any documents they may seek to introduce through live testimony. In lieu of repeated filings, Plaintiffs may designate previously filed affidavits, declarations, or documentary evidence. Plaintiffs are not required to identify documents they may potentially rely upon in cross-examination for purposes of impeachment. Plaintiffs shall produce courtesy copies to the Court and the Defendants of the proposed Exhibits but shall not file them.

      ii. Plaintiffs shall file a Witness List identifying any witness they seek to call for live testimony at trial. For each witness, Plaintiffs shall provide the topics and scope of the expected testimony. Plaintiffs may re-call any of their witnesses in rebuttal to Defendants' witnesses' testimony.

   c. No later than August 2, 2023:

      i. Defendants shall file an Exhibit List identifying any affidavits, declarations, or documentary evidence, other than the administrative record, that they may wish the Court to consider, including any documents they may seek to introduce through live testimony. Defendants are not required to identify documents they may potentially rely upon in cross-examination for purposes of impeachment. Except for the administrative record, Defendants shall produce courtesy copies to the Court and the Plaintiffs of the proposed Exhibits but shall not file them.

      ii. Defendants shall file a Witness List identifying any witness they seek to call for live testimony at trial. For each witness, Defendants shall provide the topics and scope of the expected testimony.

d. No later than August 9, 2023, the Parties shall file any motions to exclude evidence or witnesses. These motions are without prejudice to objections at trial to particular testimony or particular uses of a piece of evidence and are apart from any argument about extra-record evidence.

e. No later than August 16, 2023, the Parties shall separately submit proposed findings of fact and conclusions of law. Each party must specify all proposed findings it anticipates establishing at trial. To the extent possible in advance of trial, the proposed findings should cite deposition or declaration testimony, a brief description of expected witness testimony, exhibits, or other evidence to support each proposed finding. Parties shall specify stipulated or agreed facts.

f. No later than August 16, 2023, all amicus briefs shall be filed.

g. No later than August 18, 2023, the Parties shall file responses to any motion to exclude evidence.

7. The Parties shall appear in-person for a Final Pretrial Conference on August 23, 2023, at 1:00 p.m. in Victoria, Texas. The Court may address pending motions and objections and pre-mark and pre-admit exhibits.

   a. Trial shall begin on August 24, 2023 at 9:00 a.m. in Victoria, Texas.

   b. No later than September 29, 2023, the Parties shall file Proposed Findings of Fact and Conclusions of Law with citations to the record from trial. If the Parties wish to file any post-trial memoranda of law, they must do so no later than this date.

It is **SO ORDERED**.

Signed this ___ of _____, 2023.

 

                                             _____
                                                 Drew B. Tipton
                                      UNITED STATES DISTRICT JUDGE