**United States District Court**
**Southern District of Texas**
**Victoria Division**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br>    *Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>   SECURITY, *et al.*,<br>    *Defendants.* | Case 6:23-cv-00007 |

**STATES' REPLY SUPPORTING MOTION FOR**
**LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Defendants' policy failures have left the Southwest Border (SWB) in an unprecedented crisis. As Defendants recently stated, "encounters at our SWB . . . reached an all-time high in 2022. . . . The U.S. Border Patrol completed 221,710 encounters between ports of entry in December 2022, second only to May 2022 (224,371 encounters) for the most monthly encounters since at least fiscal 2000[.]" "Circumvention of Lawful Pathways," 88 Fed. Reg. 31,314, 31,315 (May 16, 2023). In the Defendants' own words, this is "very likely the most ever." *Id.*

This crisis was occurring even while the Title 42 program, which generally allowed aliens without proper travel documents to be expelled without being processed into the United States, was in effect. To replace that policy as it expired, DHS concocted a new plan to relieve pressure on the SWB.

But the centerpiece of that plan was not increased effort to enforce existing immigration laws, to attempt to deter attempted illegal entries at the SWB, or to propose changes in the law to cure what Defendants refer to as "a fundamentally broken immigration system". ECF 22-1, Jan. 5, 2023, DHS Press Release, at 3. Instead, DHS opted to incentivize illegal entries and systematize its violations of its limited parole authority under 8 U.S.C. § 1182(d)(5). Rather than evaluate illegal

aliens' applications for parole on a case-by-case basis, as required by the law, DHS now allows tens of thousands of illegal aliens to enter the United States by air to be paroled for entry into the country's interior. This is the CHNV Parole Program, the enactment of which prompted the 21 Plaintiff States to file this action in January. *See* ECF 1 (complaint); ECF 20 (amended complaint).

But the Defendant's weren't done. As it became apparent that one illegal program wasn't sufficient to prevent the chaos the Defendants' policies had engendered at the SWB, they concocted a new one. That illegal program, which the Defendants call "Parole With Conditions," was unveiled on May 10. Only two days later, the Plaintiff States moved for leave to supplement their complaint to add a challenge to this new policy, which DHS fashioned using precisely the *same* unlawful interpretation of the *same* limited parole authority to attempt to deal with the *same* SWB crisis it used to fashion the CHNV Parole Program.

The Court should grant the States leave to do so. Allowing the Supplemental Complaint will allow justice to be done comprehensively and efficiently, just as the Federal Rules of Civil Procedure are designed to do.

## STANDARD:
### THE COURT HAS BROAD DISCRETION TO PERMIT SUPPLEMENTATION

The Court has broad discretion to allow a supplemental pleading, and its decision is reviewable only for an abuse of that discretion. *E.g.*, *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029, 1037 (5th Cir. 1980). While there is no automatic right to do so, the Fifth Circuit has repeatedly cautioned that a district court needs "a substantial reason to deny" a request for leave to amend or supplement. *E.g., North Cypress Med. Ctr. Op. Co. Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018); *Marucci Sports, LLC v. Natl. Coll. Ath. Assn.*, 751 F.3d 368, 378 (5th Cir. 2014); *Jones v. Robinson Prop. Grp., LLP*, 427 F.3d 987, 994 (5th Cir. 2005). "[U]nless there is a

substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Salas v. City of Galena Park*, No. 21-20170, 2022 WL 1487024, at *7 (5th Cir. May 11, 2022) (quoting *Dussoy*).[1]

## ARGUMENT

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the dates of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d). The Supplemental Complaint meets each of these requirements. It sets forth transactions, occurrences, or events—Defendants' adoption of the "Parole With Conditions" policy—that occurred months after the States filed their Amended Complaint. The Defendants have had ample time to analyze the proposed supplement and argue against supplementation to the Court. And supplementation would be just—would promote the efficient and speedy resolution of the parties' competing interests without prejudicing any party's ability to protect those interests.

The federal rules "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise on the fine points of pleading." *Dussoy*, 660 F.2d at 598. More, as Wright & Miller point out, supplementation furthers "the desirability of reducing multiplicity of litigation by permitting as many of the claims between the parties as possible to be settled in one action." 6 *Federal Practice and Procedure* § 1506 (2022).

---

[1] Courts—including the Fifth Circuit—generally apply the same standards to motions to amend under Rule 15(a) and motions to supplement under Rule 15(d). *See Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193–94 (5th Cir. 1982); *Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517 (7th Cir. 2022); 6 Wright & Miller, *Federal Practice and Procedure* § 1504 (2022); *contra* ECF 154 (Defs.' Opp.) at 3.

## I. Supplementation would promote the efficient and speedy resolution of the parties' competing interests.

The conclusion that the Amended Complaint and the Supplemental Complaint are substantially related, and that deciding the legality of the challenged programs together rather than separately would promote efficiency, is unavoidable. The central issue in both live complaints—the Amended Complaint's challenge to the CHNV Parole Program and the Supplemental Complaint's challenge to Parole With Conditions—is the meaning of the Immigration and Naturalization Act's limitation of the Defendants' authority to parole aliens into the United States on a "case-by-case basis" for "urgent humanitarian reasons" or "significant public benefit," 8 U.S.C. § 1182(d)(5)). Congress wrote that restriction into the law in 1996 as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) because the executive branch had abused the parole power "to admit entire categories of aliens who do not qualify for admission under any other category in immigration law." H.R. Rep. No. 104-469, at 140 (1996). The Defendants are repeating that very abuse today in both of the challenged programs.

The CHNV Parole Program and Parole With Conditions have the same genesis and the same purpose. They both arise out of the chaotic situation caused by massive illegal immigration at the SWB, and they both seek to alleviate that chaos. They both seek to do so by violating the same statutory prohibition (that aliens may be paroled into the United States only on a case-by-case basis for urgent humanitarian reasons or significant public benefit) in the same way (by qualifying aliens for parole on a programmatic, rather than individual, basis). In both instances, the Defendants have twisted an express limitation on their parole authority into permission to repeat the same abuse that prompted the insertion of that limitation into the law. The

4

Defendants in both instances are the same.[2] The types of injuries to the Plaintiff States in both instances are the same.[3]

At bottom, the Court's interpretation of IIRIRA's parole restrictions will determine whether both of the challenged programs are allowed or both of the challenged programs are not. Both programs concern the same authority and are governed by the same statutory language; interpreting that language determines the fate of both programs. There is no need to split that determination into multiple suits when they can be decided simultaneously.

In contrast, requiring the Plaintiff States to file a second suit would promote delay, repetition, and redundancy. That the States could have brought a second suit does not require them to do so. "[S]upplementation under Rule 15(d) is often a more efficient mechanism for litigating such claims. It follows that supplementation of pleadings is encouraged when doing do will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *United States ex rel. Gadbois v. Pharmerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). That reasoning holds here.

Those considerations can even support supplementation sought after rendition of a permanent injunction. The court in *Jackson Women's Health Organization v.*

---

[2] That the Border Patrol, a component agency of Customs and Border Protection, administers Parole With Conditions while USCIS administers the CHNV Parole Program is a red herring. *Contra* ECF 154 at 7–8; ECF 153 at 5. Not only are the implementing agencies components of DHS and answerable to its Secretary, the legal issues pertain not to the day-to-day administration of the programs but to their underlying legality.

[3] The allegations in the Amended Complaint of course differ from those in the Supplemental Complaint—the latter is, after all, based on "transactions or occurrences or events which have happened since" the former. Fed. R. Civ. P. 15(d). But as with the difference in implementing agencies, that is a red herring: The key issue in each challenge is whether the challenged program violates the same language in the INA or is otherwise unlawful, arbitrary and capricious, or ultra vires.

*Dobbs*, for instance, permitted supplementation of a complaint to challenge a newly enacted statute a year after it granted a permanent injunction against a predecessor statute. 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019), *abrogated on other grounds*, 142 S. Ct. 2228 (2022). There, the plaintiffs sought to challenge Mississippi's heartbeat law, which prohibited abortions after a fetal heartbeat was detected. *Id*. Their original challenge had been to Mississippi's 15-week ban on abortion, which the court had permanently enjoined a year before the heartbeat law was passed. *See* 349 F. Supp.3d 536 (S.D. Miss. 2018), *reversed*, 141 S. Ct. 2619 (2022).

The *Dobbs* court granted supplementation, rejecting the assertion—also made here—that supplementation would "shoehorn a separate and distinct . . . challenge into the[] existing complaint." 379 F. Supp. 3d at 551 (cleaned up); *compare* ECF 153 at 1 (arguing that supplementation would "shoehorn into this case a new challenge to a border policy that has nothing to do with the matter before the Court"). As it observed, the challenge to the heartbeat law was "related to the original suit," "involve[d] the same parties as the original suit," and "pose[d] the same legal question as the original suit: does the law ban abortion prior to viability." *Id*. at 552. It concluded that "the supplemental claims could be adjudicated simultaneously with the [original] suit, noting that "one of the primary goals of Rule 15(d) is to aid in the complete resolution of disputes between the parties" and that "supplementation allowed for complete resolution in a single civil action." *Id*. (quoting *Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016)).

So too here. The Supplemental Complaint is related to the Amended Complaint, involves the same parties as the Amended Complaint, and poses the same legal question as the Amended Complaint. The Supplemental Complaint can be adjudicated simultaneously with the Amended Complaint, furnishing a complete resolution of the dispute between the parties. As in *Dobbs*, the Court should permit supplementation.

Finally, that Florida is pursuing a similar argument in a separate case is beside the point. The Defendants cite no case in which a court refused supplementation on the ground that another plaintiff in another court was pursuing a claim for its own injuries, and the States have no found one. And no surprise—every party that has been injured by a defendant is entitled to seek relief from that defendant, even if those injuries stem from the same wrongful act. That an injunction has been entered in Florida's suit might be inform whether the Plaintiff States here are threatened with immediate and irreparable injury, but it is irrelevant to whether they can pursue a judgment relieving those injuries.

## II. There is no basis for denying supplementation.

The factors considered in determining whether a motion to amend or supplement should be denied derive from *Forman v. Davis*, 371 U.S.178, 182 (1962), and have been cited and analyzed by the Fifth Circuit and this Court in dozens of cases.[4] They are "undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; and futility of amendment". *Salas*, 2022 WL 1487024, at *7. Each of those factors suggests the Court should allow supplementation.

*Undue delay.* The States moved for leave two days after the Defendants announced the "parole with conditions" policy.

*Bad faith or dilatory motive.* The Plaintiff States do not seek any delay in the progress of this case to trial in August 2023 as a result of the Supplemental Complaint or otherwise, and the Defendants have not charged that they are acting in bad faith.

---

[4] *E.g.*, *North Cypress*, 898 F.3d at 477; *Paragon Asset Co., Ltd. v. Gulf Copper & Mfg. Corp.*, No. 1:17-cv-203, 2019 WL 13036100, at *3 (S.D. Tex. 2019); *Gutierrez v. I. Kunik Co.*, No. 7:15-cv-225, 2017 WL 11716101, at *2 (S.D. Tex. 2017).

7

*Failure to cure pleading deficiencies in previous amendments.* There have been no amendments to cure any pleading deficiencies.

*Futility.* An amendment is futile only if it "would fail to survive a Rule 12(b)(6) motion". *Marucci Sports*, 751 F.3d at 378. The Defendants have not claimed that is the case here.

*Undue prejudice.* The recent rescheduling of trial from mid-June to August vitiates whatever prejudice supplementation might have otherwise caused the Defendants or the Intervenors. Not only are the injuries arising from Parole With Conditions of the same type (and subject to the same evidence) as those arising from the CHNV Parole Program, the only difference in legal arguments over the two programs will be that they are supported by different administrative records. But there is no evidence that the Defendants will be prejudiced by having to assemble that record before the August trial date, and the Intervenors definitionally cannot be prejudiced by having to review that record—their defenses do not relate to Parole With Conditions, which does not require sponsors like the Intervenors.

## CONCLUSION AND PRAYER

The States respectfully request that the Court exercise its broad discretion, consistent with the policies of the Federal Rules of Civil Procedure, and Rule 15 in particular, and grant them leave to file their supplemental complaint.

Dated June 8, 2023.                                    Respectfully submitted.

JOHN SCOTT
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL

/s/ Leif A. Olson
LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas No. 33695
leif.olson@oag.texas.gov

RYAN D. WALTERS
Deputy Chief, Special Litigation Division

P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-1700

Texas Bar No. 24105085
Southern District of Texas No. 3369185
ryan.walters@oag.texas.gov

DAVID BRYANT
Special Counsel
Texas Bar No. 03281500
Southern District of Texas No. 808332
david.bryant@oag.texas.gov

GENE P. HAMILTON
America First Legal Foundation
Virginia Bar No. 80434
Southern District of Texas No. 3792762
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

STEVE MARSHALL
Alabama Attorney General
EDMUND G. LACOUR JR.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

TREG R. TAYLOR
Attorney General of Alaska
CORI M. MILLS
Deputy Attorney General of Alaska
CHRISTOPHER A. ROBISON
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

RAÚL R. LABRADOR
Attorney General of Idaho
David M.S. Dewhirst, ISB No. 12141
Chief Deputy Attorney General
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
david.dewhirst@ag.idaho.gov

*Counsel for the State of Idaho*

KRIS KOBACH
Attorney General of Kansas
JESSE A. BURRIS, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

JEFF LANDRY
Attorney General of Louisiana
ELIZABETH B. MURRILL (La #20685)
Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for the State of Louisiana*

BRENNA BIRD
Attorney General of Iowa
ERIC H. WESSAN
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 281-5164
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

DANIEL CAMERON
Attorney General of Kentucky
MARC MANLEY
Associate Attorney General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
Attorney General of Mississippi
JUSTIN L. MATHENY
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

ANDREW BAILEY
Attorney General of Missouri
JOSHUA M. DIVINE, Mo. Bar #69875
Solicitor General
CHARLES F. CAPPS, Mo. Bar #72734
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

MICHAEL T. HILGERS
Attorney General of Nebraska
ERIC J. HAMILTON
Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

GENTNER F. DRUMMOND
Attorney General of Oklahoma
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

AUSTIN KNUDSEN
Attorney General of Montana
CHRISTIAN B. CORRIGAN
Solicitor General
PETER M. TORSTENSEN, JR.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

DAVE YOST
Ohio Attorney General
SYLVIA MAY MAILMAN
Ohio Deputy Solicitor General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
May.Mailman@OhioAGO.gov

*Counsel for the State of Ohio*

ALAN WILSON
Attorney General of South Carolina
THOMAS T. HYDRICK
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

11

JONATHAN SKRMETTI
Tennessee Attorney General
and Reporter
CLARK L. HILDABRAND
Assistant Solicitor General
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for the State of Tennessee*

PATRICK MORRISEY
Attorney General of West Virginia
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Senior Deputy Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg. 1, Room E-26
Charleston, WV 25305
Tel: (681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

SEAN D. REYES
Utah Attorney General
MELISSA HOLYOAK
Utah Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
Tel: (801) 538-9600
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

BRIDGET HILL
Wyoming Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

### CERTIFICATE OF SERVICE

On June 8, 2023, this reply was filed with the Court through its CM/ECF system, which automatically serves it upon all counsel of record.

/s/ Leif A. Olson