United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| The STATE OF TEXAS, the STATE OF ALABAMA, the STATE OF ALASKA, the STATE OF ARKANSAS, the STATE OF FLORIDA, the STATE OF IDAHO, the STATE OF IOWA, the STATE OF KANSAS, the COMMONWEALTH OF KENTUCKY, the STATE OF LOUISIANA, the STATE OF MISSISSIPPI, the STATE OF MISSOURI, the STATE OF MONTANA, the STATE OF NEBRASKA, the STATE OF OHIO, the STATE OF OKLAHOMA, the STATE OF SOUTH CAROLINA, the STATE OF TENNESSEE, the STATE OF UTAH, the STATE OF WEST VIRGINIA, and the STATE OF WYOMING,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity, U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, Acting Commissioner of U.S. Customs & Border Protection, in his official capacity, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, and TAE JOHNSON, Acting Director of U.S. Immigration & Customs Enforcement, in his official capacity,<br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:23-CV-00007 |

**ORDER**

On May 12, 2023, some of the Plaintiff States[1] filed an Expedited Motion for Leave to Supplement Complaint, (Dkt. No. 140), and a Motion for Temporary Restraining Order, (Dkt. No. 141). The Plaintiff States seek to supplement their Amended Complaint by adding three additional claims under the Administrative Procedure Act. (Dkt. No. 140-1 at 5–6). Each of these claims challenge the Federal Defendants' May 10th Memorandum, which created a policy entitled, "Parole with Conditions."[2] (*Id.* at 2–3). On the same day, the Court held an emergency hearing to discuss both Motions. (Dkt. No. 143). At the conclusion of the hearing, the Court ordered the Parties to brief only the Motion for Leave to Supplement.

After careful review, the Court **DENIES** Plaintiffs' Expedited Motion for Leave to Supplement Complaint, (Dkt. No. 140), and the Court **DENIES** as **MOOT** Plaintiffs' Motion for Temporary Restraining Order, (Dkt. No. 141).

---

[1] Of the 21 States that are plaintiffs in this case, 13 States—Texas, Alabama, Arkansas, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Ohio, South Carolina, Tennessee, and West Virginia—move to supplement the Complaint. (Dkt. No. 140-1 at 1).

[2] As an initial matter, the Court notes that the Parole with Conditions program has been enjoined nationwide by a district court in Florida. *See Florida v. Mayorkas*, No. 3:23-CV-09962, 2023 WL 3567851 (N.D. Fla. May 16, 2023). In fact, many of the States in this case that did not join the request for supplementation are parties to that case in Florida. There, the defendants filed an emergency motion to stay that injunction with the Eleventh Circuit, *see Florida v. United States*, No. 23-11528, Dkt. No. 8 (11th Cir. May 19, 2023), which was denied, *see Florida v. United States*, No. 23-11528, 2023 WL 3813774 (11th Cir. June 5, 2023). Accordingly, the nationwide injunction of the Parole with Conditions program remains in effect during the pendency of that expedited appeal. *See Florida v. United States*, No. 23-11528, Dkt. No. 28 (11th Cir. May 24, 2023) (setting expedited briefing schedule).

**I.  DISCUSSION**

Rule 15(d) of the Federal Rules of Civil Procedure provides the standard for granting leave to supplement—as opposed to amend—a complaint. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "While the text of Rule 15(a) provides that leave [to amend] should be freely granted, the text of Rule 15(d) does not similarly provide." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). Instead, Rule 15(d) is clear that a district court "may" permit a supplemental complaint "on just terms[.]" *See id.* (holding that the district court did not abuse its discretion when it "denied the motion for leave [to supplement] without comment"). Generally, "leave to supplement should not be granted where a plaintiff attempts to present new and different causes of action." *Jaycox v. Pyle*, No. 6:18-CV-00016, 2020 WL 5803610, at *1 (S.D. Tex. Sept. 29, 2020) (cleaned up). When the subsequent events are not germane to the claims in the live pleadings, a court should not allow supplementation of the complaint. *See Taylor v. Collier*, No. 4:21-CV-02161, 2022 WL 2871819, at *5 (S.D. Tex. July 21, 2022). Instead, those claims should be brought in a "separate lawsuit." *Id.*

In their Motion, the Plaintiff States argue that they should be allowed to supplement their Complaint because the special four-nation parole program, which is the subject of this case, and the new Parole with Conditions program both depend "on the scope of the Defendants' authority under Section 212(d)(5) of the [Immigration and Nationality Act][.]" (Dkt. No. 140 at 2). The Intervenor Defendants oppose the

supplementation arguing that it "would inject complex new issues into this case at the eleventh hour, which would either cause delay or deprive the parties of sufficient time to address these claims through discovery or trial preparation." (Dkt. No. 4–5); *see also* (*id.* at 4–10). Similarly, the Federal Defendants oppose the Motion, arguing that the two programs are unrelated and that consideration of judicial economy counsels against supplementation. (Dkt. No. 154 at 10–17). The Court agrees with the Defendants.

The Court recognizes that the four-nation parole program and the Parole with Conditions program both challenge the scope of the Federal Defendants' authority under the Immigration and Nationality Act. But that seems to be the only similarity between the two programs. The four-nation parole program and the Parole with Conditions program are two distinct policies. (*See* Dkt. No. 154 at 10–12). The four-nation parole program provides "a means for certain eligible nationals from Cuba, Haiti, Nicaragua, and Venezuela, who are vetted and have financial supporters in the United States, to obtain advance travel authorization to fly to an interior airport in the United States, to then be considered for parole" for a temporary period. *(Id.* at 8); *see also* 88 Fed. Reg. at 1243-01 (Haiti); 88 Fed. Reg. at 1255-01 (Nicaragua); 88 Fed. Reg. at 1266-02 (Cuba), 87 Fed Reg. at 63,507 (Venezuela). The Parole with Conditions program, on the other hand, deals with the temporary "processing of noncitizens after they have illegally entered into the country between ports of entry." (Dkt. No. 154 at 12).

Even if the Court were to disregard the differences between the two programs, resolving the challenges made against these two policies in one case would be inefficient in terms of judicial economy. The programs involve two different administrative records

4

and will require different evidence for issues of standing and merits. Further, discovery closed in this case on May 19, 2023. (*See* Dkt. No. 134). Allowing the Plaintiff States to supplement their current pleadings as requested would cause undue delay to the current pre-trial and trial schedule.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Expedited Motion for Leave to Supplement Complaint, (Dkt. No. 140), and as a result, the Court also **DENIES** as **MOOT** Plaintiffs' Motion for Temporary Restraining Order, (Dkt. No. 141).

It is SO ORDERED.

Signed on June 14, 2023.

                                                        *[signature: Drew B. Tipton]*
                                                     **DREW B. TIPTON**
                                         **UNITED STATES DISTRICT JUDGE**