6/19/23, 6:30 PM  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007   Document 175-4   Filed on 06/20/23 in TXSD   Page 1 of 17



EXHIBIT 3

Home >  Humanitarian >  Processes for Cubans, Haitians, Nicaraguans, and Venezuelans >  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans

# Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans

English | Kreyòl Ayisyen |

↙ Close All    ↗ Open All

## General Questions 

**Q1. Is the U.S. government limiting how many individuals are allowed to enter the United States under these processes?**

The U.S. government will provide travel authorization for up to 30,000 individuals to come to the United States each month across the Cuban, Haitian, Nicaraguan, and Venezuelan parole processes. This allows for a steady pace of operations and arrivals of individuals seeking parole. DHS removed the prior 24,000 limit on Venezuelan beneficiaries to conform with this new approach.

The U.S. government is implementing these comprehensive efforts to reduce the irregular migration of Cubans, Haitians, Nicaraguans, and Venezuelans, to lawfully and safely bring qualifying individuals into the United States on a case-by-case basis for urgent humanitarian reasons or significant public benefit. DHS is not setting a limit on the overall number of beneficiaries or anticipated duration of these processes at this time and will continue to monitor the processes and their impact.

**Q2. If I am paroled into the United States through these processes, what happens when my 2-year period of parole ends?**

There are a full range of existing lawful immigration pathways, including an extension of parole, immigrant and nonimmigrant visas, asylum, and Temporary Protected Status (TPS), that certain parolees may be eligible for in accordance with U.S. laws.

## Filing Form I-134A, Online Request to be a Supporter and Declaration of Financial Support 

6/19/23, 6:30 PM                                                Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 2 of 17

**Q1. How can attorneys fill out Form I-134A for their clients who would like to become a supporter?**

There is no option at this time for an attorney or accredited representative to use an online representative account to file a Form I-134A on behalf of a supporter or submit travel authorization information on behalf of a beneficiary after confirmation of the Form I-134A.

**Q2. I am an attorney assisting a supporter with Form I-134A. If the supporter fills out the preparer declaration on the form, can I get information about the supporter or beneficiary?**

No. The preparer declaration simply reflects that you helped an individual complete the declaration (form filling). If you are an attorney or accredited representative, you must submit a Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative to USCIS if you wish to receive information about your client's (supporter's) Form I-134A. USCIS does not currently allow representatives to complete Form I-134A online on behalf of a supporter using a representative account. However, a representative who has submitted a valid Form G-28 to USCIS separately through a representative account may inquire about their client's (supporter) case by contacting the USCIS Contact Center.

**Q3. Can you submit Form I-134A by paper?**

No. Supporters filing under these processes may only submit Form I-134A online through their USCIS online account.

**Q4. Is there a cost to file Form I-134A?**

No. There is no fee to file Form I-134A, and supporters may not ask for a fee from a beneficiary to file the Form I-134A on the beneficiary's behalf. Neither the supporter nor the beneficiary is required to pay the U.S. government a fee for the request. Beware of any scams or potential exploitation by anyone who asks for money for the Form I-134A or for participation in these processes.

**Q5. If I submitted Form I-134 before Jan. 6, 2023, do I need to submit the new Form I-134A?**

No. If you submitted Form I-134 online before Jan. 6, 2023 (for the process for Venezuelans or Uniting for Ukraine), we will continue to process your Form I-134. You should not file a new Form I-134A.

**Q6. What is the difference between Form I-134 and Form I-134A?**

Before Jan. 6, 2023, there were 2 versions of Form I-134: a version filed online by potential supporters filing under Uniting for Ukraine and the process for Venezuelans, and a version filed on paper by individuals agreeing to provide financial support to other types of beneficiaries.

When we implemented the processes for Cuba, Haiti, and Nicaragua on Jan. 6, 2023, we updated the online version of Form I-134 and renamed it Form I-134A to differentiate between the 2 versions of the form. As of Jan. 6, 2023, if you seek to support a beneficiary under Uniting for Ukraine or the processes for Cubans, Haitians, Nicaraguans, or Venezuelans, you must submit Form I-134A through a free online account. If you submitted Form I-134 online before Jan. 6, 2023 (for the process for Venezuelans), we will continue to process your Form I-134.

6/19/23, 6:30 PM    Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007    Document 175-4    Filed on 06/20/23 in TXSD    Page 3 of 17

## Processing Times 

**Q1. How long will it take between the time a potential supporter submits Form I-134A and when a beneficiary is granted advance travel authorization under these processes?**

Case processing times vary. USCIS and U.S. Customs and Border Protection (CBP) are reviewing and processing cases as thoroughly and efficiently as possible. The U.S. government will provide advance travel authorization for up to 30,000 noncitizens to come to the United States each month to seek parole on a case-by-case basis under these processes.

Due to high interest in these processes, we are updating the review process effective May 17, 2023. We are updating this process because the number of supporters who have submitted Form I-134A is significantly higher than the 30,000 monthly advance travel authorizations available. It is intended to maintain a fair, equitably balanced, and available pathway for all beneficiaries of a Form I-134A to move forward through the review process and seek travel authorization.

Under the new review process, we will randomly select about half of the monthly total of Forms I-134A, regardless of filing date, from the entire pending workload to review. We will review the other half of the monthly total based on when the case was submitted under the first-in, first-out method, which prioritizes the oldest Forms I-134A for review.

We will not accept a duplicate Form I-134A from a potential supporter if a previously submitted Form I-134A between the same potential supporter and beneficiary is pending. If we do not confirm a Form I-134A, but a supporter believes they meet the requirements to be a supporter under the process, they may file a new Form I-134A and submit additional information as evidence.

During the process, several steps must be completed, including robust security vetting, which will depend on action taken by potential supporters and beneficiaries. In the initial part of the process, we will review and provide responses to the potential supporter's Form I-134A as quickly as possible. Once we confirm the Form I-134A, we will contact the beneficiary via email with instructions on how to create a USCIS online account and [add their case](). In the online account, the beneficiary reviews their biographical information and completes the necessary attestations (including attestations for eligibility and vaccine requirements) for themselves and travel group members and submits the information to CBP.

The beneficiary must also take and submit their photo within the [CBP One mobile app.]()  After they submit their photo, the process transitions to CBP. CBP will vet available biographic information and the facial photograph to determine whether to authorize the beneficiary's travel to the United States to seek parole. CBP will then send the travel authorization determination to USCIS to post it to the beneficiary's USCIS online account. If CBP approves the travel authorization, the beneficiary is responsible for arranging and funding their own airline travel to the United States. If CBP approves travel authorization, it is generally valid for 90 days.

The status of a travel authorization may change at any time as a result of the vetting process. Individuals should monitor their USCIS online account frequently for messages and notices from USCIS, and for the most current travel authorization status.

6/19/23, 6:30 PM  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 4 of 17

**Q2. If the processing of my Form I-134A is taking longer than expected, should I submit a new Form I-134A?**

No. Potential supporters cannot submit a duplicate Form I-134A for the same beneficiary. We will not accept a duplicate Form I-134A when a Form I-134A filed by the potential supporter on behalf of the same beneficiary is already pending.

You can monitor the status of your Form I-134A in your USCIS online account or check your most recent status in Case Status Online. Please note that the USCIS Contact Center cannot provide any additional information on the status of your case.

We will only accept an inquiry if the Form I-134A filed on your behalf has been pending more than six months. This includes inquiries submitted through the secure mailbox in your USCIS online account. Please note this is a default timeframe for inquiring and you should not necessarily expect a decision on your Form I-134A in that timeframe.

## Questions Relating to Supporters 

**Q1. I have a pending immigration case (such as an application for asylum or Temporary Protected Status (TPS)). Am I eligible to apply to become a supporter?**

No. If you have a pending immigration case such as a pending asylum application or pending initial TPS application but do not hold a lawful status in the United States, or are not a parolee or recipient of deferred action or Deferred Enforced Departure (DED), you are ineligible to become a supporter.

In general, to serve as a supporter, an individual or an individual representing an entity must:

- Be a U.S. citizen, U.S. national, or lawful permanent resident; hold a lawful status in the United States such as TPS or asylum; or be a parolee or recipient of deferred action or DED;
- Pass security and background vetting, including for public safety, national security, human trafficking, and exploitation concerns; and
- Demonstrate sufficient financial resources to receive, maintain, and support the beneficiary for the duration of their parole period.

For more information about who can be a supporter, please visit our Processes for Cubans, Haitians, Nicaraguans, and Venezuelans page.

**Q2. I was granted an initial TPS and have re-registered for TPS but am waiting for final approval from USCIS. Can I apply to be a supporter?**

Yes. If you were granted initial TPS and have a pending re-registration for TPS, you are eligible to be a supporter. In general, to serve as a supporter, an individual or individual representing an entity must be a U.S. citizen, U.S. national, or lawful permanent resident; hold a lawful status in the United States such as Temporary Protected Status or asylum; or be a parolee or recipient of deferred action or Deferred Enforced Departure.

6/19/23, 6:30 PM    Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007    Document 175-4    Filed on 06/20/23 in TXSD    Page 5 of 17

For more information about who can be a supporter, please visit our Processes for Cubans, Haitians, Nicaraguans, and Venezuelans page.

**Q3. If I am in removal proceedings and have TPS, can I be a supporter?**

Yes, you can be a supporter if you have TPS and are in removal proceedings. However, if an immigration judge has issued a removal order in your case and you are appealing your decision to the Board of Immigration Appeals, you cannot be a supporter.

**Q4. If I am paroled into the United States for removal proceedings, can I be a supporter?**

No. If you have been paroled into the United States solely for removal proceedings, you cannot be a supporter, unless you otherwise hold lawful status in the United States or are the beneficiary of deferred action or Deferred Enforced Departure (DED).

**Q5. Do I need to be a family member of a beneficiary to submit a Form I-134A on their behalf under the process?**

No. Anyone who meets the requirement to become a supporter and is confirmed by USCIS under the processes may support eligible beneficiaries, or their immediate family members, whether or not they are related to the beneficiary.

**Q6. Can organizations serve as supporters?**

Although an individual is required to file and sign the Form I-134A, they can do so in association with or on behalf of an organization, business, or other entity that will provide some or all the necessary support to the beneficiary.

Individual supporters filing with or on behalf of an entity should submit evidence of the entity's commitment to support the beneficiary when they file Form I-134A. This can be demonstrated through a letter of commitment or other documentation from an officer or other authorized representative of the organization, business, or other entity describing the monetary or other types of support (such as housing, basic necessities, transportation, etc.) the entity will be providing to the specific beneficiary (See the USCIS Policy Manual for more information.) Individuals who are filing in association with an entity do not need to submit their personal financial information, if the level of support demonstrated by the entity is sufficient to support the beneficiary. For more information, please visit the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans webpage.

**Q7. How does the process work when there is more than one supporter for a beneficiary?**

Multiple supporters may join together to support a beneficiary. In this case, one supporter should file a Form I-134A and include supplementary evidence demonstrating the identity of, and resources to be provided by, the additional supporters and attach a statement explaining the intent to share responsibility to support the beneficiary. We will assess these supporters' collective ability to support a beneficiary.

Organizations, businesses, and other entities based in the United States can also support individuals arriving through the process. Although an individual is required to file and sign the Form I-134A, they can do so in association with or on behalf of an organization, business, or other entity that will provide some or all of the necessary support to the beneficiary. Individual supporters filing with or on behalf of an organization, business, or other entity should submit evidence of the entity's

6/19/23, 6:30 PM  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 6 of 17

commitment to support the beneficiary when they file the Form I-134A. This can be demonstrated through a letter of commitment or other documentation from an officer or other authorized representative of the organization, business, or other entity describing the monetary or other types of support (such as housing, basic necessities, transportation, etc.) the entity will be providing to the specific beneficiary (See the USCIS Policy Manual for more information.) Individuals who are filing in association with an organization, business, or other entity do not need to submit their personal financial information, if the level of support demonstrated by the entity is sufficient to support the beneficiary.

**Q8. I want to support a family of 4. Can I file 1 Form I-134A for the entire family?**

No. Supporters must file a separate Form I-134A for each beneficiary, including minor children. Note that children under the age of 18 must be traveling to the United States in the care and legal custody of their parent or legal guardian.

**Q9. Can I agree to support more than one beneficiary?**

Yes. An individual may submit a separate Form I-134A for each beneficiary the individual wants to agree to support. There is no limit on how many beneficiaries a supporter may agree to support, but USCIS will determine whether a supporter has the financial ability to support all beneficiaries for the duration of the parole period, which is up to 2 years. File all Forms I-134A using the supporter's same online USCIS Account.

**Q10. I am a U.S. citizen, but I live outside the United States. Can I become a supporter?**

No. To be eligible to become a supporter, you must be based in the United States.

**Q9. If USCIS does not confirm my Form I-134A, will you explain why?**

After we complete our review of Form I-134A, if we determine that a potential supporter does not meet the requirements to be a supporter, we will send a non-confirmation notice to both the supporter and beneficiary. If we need additional information, we may send a Request for Evidence. If a supporter believes they meet the requirements to be a supporter under the process, they may file a new Form I-134A and submit additional information as evidence. An alternative potential supporter may also file a Form I-134A for a beneficiary who was included in a prior Form I-134A that was not confirmed.

## Proof of Supporter Income and Assets

**Q1. Is there a specific income requirement for Form I-134A?**

No. Each potential supporter's circumstances are unique, and we review financial information provided by them on Form I-134A about all assets and resources. We use the Federal Poverty Guidelines, as outlined by the Department of Health and Human Services, as a general guide in determining the supporter's ability to support the beneficiary for the duration of the beneficiary's anticipated period of parole. When we use the Federal Poverty Guidelines, we consider a supporter's household size to include the beneficiary listed on the supporter's Form I-134A, even if they do not intend to live with the supporter.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 7 of 17

**Q2. For Form I-864, Affidavit of Support Under Section 213A of the INA, a sponsor must show the means to maintain income at 125 percent of the Federal Poverty Guidelines for the household size (or 100 percent of the Federal Poverty Guidelines, if the sponsor is on active duty in the Armed Forces of the United States). On Form I-134A, will I have to show income at 100 percent or 125 percent of the Federal Poverty Guidelines?**

Form I-864 and Form I-134A are used for different purposes. Under the processes for Cubans, Haitians, Nicaraguans, and Venezuelans, we will use the Federal Poverty Guidelines as a general guide in determining your financial ability, using information you provide on Form I-134A to support a beneficiary for the duration of their parole, which could be up to 2 years.

**Q3. What type of financial proof must I provide? Do I need to provide my tax filings, proof of employment, and bank statement, or can I submit only 1 of these documents?**

Supporters should determine what financial information they have about their assets to help USCIS determine their financial suitability. Some examples of financial evidence may include your federal income tax filing; bank statements, Form W-2, Wage and Tax Statement, from your employer; pay stubs or pay statements from the past few months; and any proof of income coming into your household.

**Q4. Will the named beneficiary on my Form I-134A be able to see my financial information, including the evidence that I provide?**

No. Beneficiaries do not have access to their supporters' financial information submitted to USCIS as proof of income and assets.

**Q5. Does USCIS consider the beneficiary's income and financial resources in determining whether their Form I-134A is sufficient?**

No. When we are determining whether a Form I-134A is sufficient, we do not consider information about the beneficiary's income or financial resources.

## Questions Relating to Beneficiaries 

**Q1. If I am already in the United States, can I be a beneficiary under these processes?**

No. To be eligible to be beneficiaries under the processes, you and your immediate family members must be outside the United States. The Form I-134A should record your current physical address outside of the United States.

**Q2. If I reside in another country with a Temporary Protection Permit (Permiso de Protección Temporal), does this temporary permit disqualify me from being considered for advance travel under the process?**

A Temporary Protection Permit is a temporary status. This permit does not mean you are a permanent resident of the third country and does not disqualify you from this process. However, you are not eligible for this process if you are a permanent resident or a dual national of any other country or hold refugee status in any country.

**Q3. If I am a beneficiary, do I have to live with my supporter after I am paroled into the United States?**

No. You are not required to live with your supporter. However, the types of support beneficiaries may need in addition to financial support for the duration of their parole period include safe and appropriate housing, health care, transportation, obtaining initial basic necessities, assistance with submitting forms such as the employment authorization application, learning English, securing employment, and enrolling children in school.

**Q4. Can minor children have dual citizenship?**

Yes. Minor children of eligible beneficiaries may have dual citizenship.

**Q5. I meet the requirements to be considered for a travel authorization under the process, but my husband is a dual national of another country. Can I be the primary beneficiary so he can qualify for the process?**

Yes. While eligible beneficiaries under the process may not be a permanent resident or be a dual national of any other country, and not currently hold refugee status in any country (unless DHS operates a similar parole process for the country's nationals) this requirement does not apply to immediate family members. Immediate family members in this process include a spouse or common-law partner of an eligible beneficiary under the process and their unmarried child(ren) under the age of 21.

**Q6. Can children under the age of 18 years old be paroled into the United States without their parent or legal guardian under these processes?**

No. Children under the age of 18 years old must travel with an accompanying parent or legal guardian. If unaccompanied, children are not eligible for parole under this process. Upon arrival at a U.S. port of entry, a child who is not traveling with their parent or legal guardian may be transferred to the custody of the Department of Health and Human Services (HHS), as required by law under the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), to protect the child from human trafficking and other forms of exploitation. For more information, please visit the HHS Unaccompanied Children webpage. Children who are not traveling with a parent or legal guardian but are coming to the United States to meet a parent or legal guardian may instead seek parole through the standard Form I-131 parole process.

**Q7. What is a "legal guardian"?**

A legal guardian is an individual who:

- Has been granted legal custody of an individual or minor, by a court of competent jurisdiction, or by the state or recognized governmental entity; and
- Can lawfully exercise and assume legal obligations on that individual's or minor's behalf.

If the document is provided in a foreign language, an accompanying certified translation into English is required.

Written authorization from a parent to allow an individual other than the parent or legal guardian of the child to travel with a minor child is not enough evidence of legal guardianship.

6/19/23, 6:30 PM  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 9 of 17

**Q8. Does each family group member need their own individual USCIS online account, including children under the age of 18 years old?**

No. Each beneficiary must have their own confirmed Form I-134A, but principal beneficiaries can add travel group members to their USCIS online account, including their spouses or common law partners of any nationality and their minor children. For example, after we confirm a Form I-134A for a minor child and a separate Form I-134A for that child's parent or legal guardian, the parent or legal guardian, as the principal beneficiary, can add the child to their own travel group through their own USCIS online account. The principal beneficiary will review and confirm biographic information and complete attestations for travel group members, including their spouse and children. However, once the principal beneficiary completes and submits the attestations to CBP for their travel group members and themselves, the principal beneficiary cannot add any other travel group members to their USCIS online account unless the travel group members are under the age of 18 years old.

**Q9. I lived outside my country of nationality for some time and returned there recently. Do I need to reside there for a specific amount of time before I will be eligible under this process?**

There is no required length of time that you must have resided in your country of nationality before your supporter submits Form I-134A on your behalf.

**Q10. I understand that having a pending immigration case with USCIS will not make me ineligible for the process; however, if I am paroled into the United States under the process and my pending immigration case is approved, will that affect my ability to adjust status at a later time?**

If you are paroled into the United States under these processes and have a separate immigration case pending with USCIS, your parole under this process will not directly affect your ability to adjust status. The 2-year parole period under these processes will enable you to seek humanitarian relief or other immigration benefits, including adjustment of status, for which you may be eligible, and to work and contribute to the United States.

**Q11. Do I need to repay my supporter for agreeing to financially support me under this new process?**

No. Beneficiaries do not need to repay, reimburse, work for, serve, marry, or otherwise compensate their supporter in exchange for filing Form I-134A on their behalf or for providing financial support while they are in the United States. Access to this process is free. Neither the supporter nor the beneficiary is required to pay the U.S. government a fee for the Form I-134A or participation in the process. Beware of any scams or potential exploitation by anyone who asks for money associated with applying to this process.

For more information, visit our [Processes for Cubans, Haitians, Nicaraguans, and Venezuelans](#) page and reference the section called 'Resources for Victims of Abuse, Violence, or Exploitation.'

## Passport Questions for Beneficiaries

**Q1. My passport is expired. Do I need to request an extension, or will my expired passport be accepted?**

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 10 of 17

You must have a valid, unexpired passport. Certified extensions of passport validity serve to meet this requirement. If your government has extended the validity of your passport, the passport expiration date should be the expiration date of the extension. CBP will not authorize travel if your passport or extension has expired.

**Q2. Can children travel under the passport of their parents?**

Minor children traveling with their parent must have their own passport and may not be included on a parent's passport.

## Biometric Screening 

**Q1. Where will my biometrics be taken?**

You must submit certain biographic and biometric information to DHS for screening and vetting purposes. If you receive authorization to travel to the United States, upon arrival to a U.S. port of entry, you must submit additional information, to include fingerprints, for further biometric vetting.

## Medical Screening and Vaccines 

**Q1. What if I do not have access to a U.S. Food and Drug Administration COVID-19 vaccine?**

Before traveling to the United States, you must attest that you have completed vaccine requirements or are eligible for an exception to vaccine requirements for measles, polio, and the first dose of COVID-19 vaccine approved or authorized by the U.S. Food and Drug Administration or Emergency Use Listed (EUL) by the World Health Organization.

Previews of the required attestations can be found on our Processes for Cubans, Haitians, Nicaraguans, and Venezuelans page.

## Travel Authorization 

**Q1. My travel authorization will expire soon, and I have been unable to arrange travel to the United States. Can I request an extension?**

If, for reasons beyond your control, you cannot travel within the 90-day travel authorization validity period, your supporter may submit a one-time request for a 90-day travel authorization extension to USCIS. Only confirmed supporters who have filed Form I-134A, Online Request to be a Supporter and Declaration of Financial Support (previously the Form I-134, Declaration of Financial Support) on behalf of an eligible beneficiary or their immediate family member may request a one-time extension of a previously approved travel authorization. You may not request an extension of your travel authorization on your own behalf.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 11 of 17

Supporters must submit the extension request no more than 30 days before, and no more than 30 days after, the expiration date of the original approved travel authorization period. Supporters must request a separate extension for each beneficiary by following the steps below.

To submit the request, a supporter must:

- Step 1: Log in to your online account.
- Step 2: From the top of the webpage, select the "My Account" drop-down menu and select "Inbox."
- Step 3: Click on the "New Message" button.
- Step 4: For the subject, select "A case already filed online" from the drop-down menu, and for your case receipt number, select your receipt number for Form I-134A.
- Step 5: In the message field, state your continued interest in supporting the named beneficiary who has not yet traveled to the United States and indicate that you are requesting an extension of the beneficiary's travel authorization, then click Send.

We will review the supporter's request for a travel authorization extension and submit the request, along with the beneficiary's information, to CBP to conduct additional vetting. If CBP approves the request the beneficiary will receive an email notification when the extended travel authorization notice has been posted to their account. Please note that for privacy reasons, only the beneficiary will be able to view their extended travel authorization notice in their online account. The beneficiary should notify the supporter when they receive their extended travel authorization notice.

If the beneficiary's original approved travel authorization expired more than 30 days before or after the submission of the extension request, or if the beneficiary cannot travel to the United States during the one-time 90-day extension, the supporter must submit a new Form I-134A on the beneficiary's behalf to obtain a new travel authorization.

**Q2. I (a beneficiary) mistakenly submitted incorrect information about myself and my minor children to CBP and was denied travel authorization. What should I do?**

Your supporter will need to submit a new Form I-134A on your behalf.

**Q3. If my travel authorization is denied, can CBP tell me why?**

Due to the secure nature of the vetting and screening process, CBP cannot offer additional information about the process, or provide details about the status or result of a beneficiary's travel authorization review. If your travel authorization is denied, CBP cannot explain why the denial occurred. If your travel authorization is still pending, CBP asks you to remain patient while the review continues.

**Q4. If I am paroled into the United States under these processes, will I be able to apply for an Advance Parole Document?**

Yes. If you are paroled into the United States and want to apply for an Advance Parole Document, which will allow you to seek parole into the United States at a port of entry when you return from a trip outside the United States, you should file a Form I-131, Application for Travel Document. For more information about Advance Parole Documents, including about fees and fee waivers, visit the Form I-131 webpage.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS

Case 6:23-cv-00007   Document 175-4   Filed on 06/20/23 in TXSD   Page 12 of 17

Please note that obtaining an Advance Parole document does not guarantee you will be paroled back into the United States. CBP will make a separate discretionary decision on your request for parole when you arrive at a port of entry.

## Employment Authorization

**Q1. If I am paroled into the United States under the processes for Cubans, Haitians, Nicaraguans, and Venezuelans, will I be employment authorized incident to parole, as certain Afghan and Ukrainian nationals are?**

No. Parolees under the processes for Cubans, Haitians, Nicaraguans, and Venezuelans do not automatically receive employment authorization. You must file a Form I-765, Application for Employment Authorization.

**Q2. If approved to travel to the United States as a beneficiary under this new process, when can I apply for employment authorization?**

After you are paroled into the United States, you are eligible to apply for discretionary employment authorization from USCIS. To apply for an Employment Authorization Document, you must submit Form I-765, Application for Employment Authorization, using the (c)(11) category code with the required fee or apply for a fee waiver. You may submit Form I-765 through your USCIS online account with the required fee. To request a fee waiver, you must file by mail Form I-912, Request for a Fee Waiver, and Form I-765. You cannot file Form I-912 online through your USCIS online account.

**Q3. How long will it take to approve my employment authorization application?**

While processing times will vary depending on the complexities of each case, we encourage online filing because it prevents delays associated with mailing, provides an immediate receipt, and requires an applicant to establish a USCIS account that allows you to track the progress of your case. Paper-filed employment authorizations can also be added to an individual's online account. Whether you submit an application by mail or online, we will use available technology to reduce the processing time.

## Correcting a Submitted Form I-134A

**Q1. If I entered an incorrect email address for the beneficiary when I submitted Form I-134A as a potential supporter, what is the fastest way to submit the correction and get USCIS to resend the Account Access email to the beneficiary?**

You should log in to your USCIS online account, go to the Notices tab, and use the Unsolicited Evidence feature to upload a letter you have signed by hand (not electronically). The letter should:

- Explain that the email address for the beneficiary you entered on Form I-134A was incorrect; and
- Request that USCIS update the beneficiary's email address and send the USCIS Account Notice to the beneficiary's correct email address.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS
Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 13 of 17

Note: The letter should list both the original, incorrect email address provided on the Form I-134A and the updated, correct email address for the beneficiary. You also must keep the original signed letter in case we ask for it later.

You should then send a secure message from your USCIS online account:

- Log in to your online account, select the MyAccount dropdown, then select Inbox;
- Select "New message," then "A case already filed online;"
- Select your receipt number for Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, from the drop-down menu; and
- State in your message that the beneficiary's email address needs to be changed and that you have uploaded unsolicited evidence. The message should include both the original, incorrect email address and the updated, correct email address for the beneficiary.

We will review the request, make appropriate updates, and issue the beneficiary a copy of the USCIS Account Notice using the updated, correct email address. We will also notify you by email that the issue has been resolved. Please note that it may take more than 30 days to receive a response.

**Q2. How can I correct my passport information on Form I-134A?**

If we have already confirmed a Form I-134A submitted by a supporter and your (the beneficiary's) passport information is incorrect, you will need to use your online account to:

- Upload a copy of a valid, unexpired passport as Unsolicited Evidence in the Notices tab; and
- Send USCIS a message from your inbox. In the message, you must indicate that you have submitted evidence to correct passport information.

You will receive a response in your inbox. Do not submit attestations to CBP until we respond to the request to update your passport information. Submitting the attestations before you receive a response from USCIS could affect your travel authorization and request for parole.

**Q3. My supporter misspelled my name or entered incorrect information about me on Form I-134A. How can I correct the information?**

After USCIS confirms your supporter's Form I-134A, you will be able to review the information they provided about you, including the spelling of your name, your contact information, and any other biographical information. It is important to correct your biographical information in your USCIS online account before you proceed with the next step of submitting your information to CBP.

Please note that you cannot correct your biographical information after CBP issues a Travel Authorization notice. If CBP issues a travel notice based on incorrect information, both you and your supporter will need to start the process again from the beginning by submitting a new Form I-134A.

**Q4. If my supporter mistakenly selected the wrong country for me, how can they fix this error?**

Your supporter should send a secure message from their USCIS online account asking us to correct your country of nationality on Form I-134A by following the steps below:

- Log in to their online account, select the MyAccount dropdown, then select "Inbox";

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS
Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 14 of 17

- Select "New message," then "A case already filed online";
- Select the receipt number for Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, from the drop-down menu; and
- State in their message that the beneficiary's country of nationality needs to be changed and that they have uploaded unsolicited evidence.

We will review the request, make appropriate updates, and issue you a copy of the USCIS Account Notice using the updated, correct country of nationality. We will also notify your supporter by email that the issue has been resolved.

**Q5: I (the beneficiary) received an error code in the CBP One mobile app that says "Record cannot be found: Check your date of birth, passport and A-number in your myUSCIS account to ensure they are correct." What do I do?**

To address the error and check that your attestations have been properly submitted:

- Log into your USCIS online account and check that your attestations were submitted to CBP. You should see an alert that says: "Your information and attestations were successfully submitted to U.S. Customs and Border Protection (CBP)."
- Next, select "View your biographic information" and ensure your date of birth is in the MM/DD/YYYY format and that your passport number is correct.

If you need to correct your passport information or date of birth, or if all your information appears correct and you are still unable to proceed, you should use your USCIS account to:

- Upload a copy of your valid, unexpired passport as Unsolicited Evidence in your Notices tab; and

Send USCIS a message from your inbox. In the message, you must identify the information that is incorrect or indicate that your information appears correct, but you are unable to proceed in the CBP One mobile app.

## Contacting USCIS About Form I-134A 

**Q1. What if I have an issue with account access or need a password reset?**

Please use our online need help form.

**Q2. If I need to submit an inquiry on my case, how can I contact USCIS?**

The best way to contact us depends on the type of inquiry.

*Case Status Inquiries*
You can monitor the status of your Form I-134A in your USCIS online account or check your most recent status in Case Status Online. Please note that the USCIS Contact Center cannot provide any additional information on the status of your case.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS
Case 6:23-cv-00007   Document 175-4   Filed on 06/20/23 in TXSD   Page 15 of 17

We will only accept a case status inquiry if the Form I-134A filed on your behalf has been pending more than six months. This includes inquiries submitted through the secure mailbox in your USCIS online account. Please note this is a default timeframe for inquiring and you should not necessarily expect a decision on your Form I-134A in that timeframe.

*Form I-134A Corrections*
If you need to correct information on submitted Form I-134A, see the section above on Correcting a Submitted Form I-134A.

**Q3. All Forms I-134A that I submitted are showing as confirmed in my account. However, the head of the household beneficiary did not receive confirmation instructions for opening their online portal from USCIS, even though their spouse and children did. What should I do?**

To ensure they have not missed a notification from USCIS, they should check their spam and junk mail folders. In general, in situations where a beneficiary has not received their Account Notice, call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833) or +1-212-620-3418 for calls outside the United States. Alternatively, as a supporter you can send USCIS a secure message regarding the issue through your own USCIS online account, and after we complete the verification process, we can email the Account Notice to the beneficiary's email that we have on file.

**Q4. My Form I-134A has been confirmed, but you have not contacted my beneficiary yet. What should I do?**

If your beneficiary has not received the emailed notices, you should review the Form I-134A and ensure that you provided the correct email address. If the email address is correct, the beneficiary should check their spam and junk mail folders. In general, in situations where the beneficiary has not received their Account Notice, they should call the USCIS Contact Center. The number for those outside the United States is +1-212-620-3418. Alternatively, the supporter can send USCIS a secure message regarding the issue through their own USCIS online account, and after we complete the verification process, we can email the Account Notice to the beneficiary's email that we have on file.

If the email address is incorrect, log in to your USCIS online account, go to the Notices tab, and use the Unsolicited Evidence feature to upload a letter you have signed by hand (not electronically). The letter should:

- Explain that the email address for the beneficiary you entered on Form I-134A was incorrect; and
- Request that USCIS update the beneficiary's email address and send the USCIS Account Notice to the beneficiary's correct email address.

Note: Your letter should list both the original, incorrect email address provided on the Form I-134A and the updated, correct email address for the beneficiary. You must also keep the original signed letter in case we ask for it later.

If a beneficiary still cannot find the notices, they should call the USCIS Contact Center at 800-375-5283. The number for those outside the United States is +1-212-620-3418.

## How to Avoid Scams 

6/19/23, 6:30 PM                  Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans and Venezuelans | USCIS

Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 16 of 17

**Q1. Where can I get more information about the processes or help with Form I-134A?**

We do not want you to become the victim of an immigration scam. If you need legal advice on immigration matters, make sure the person helping you is authorized to give legal advice. Only an attorney or accredited representative working for a [Department of Justice recognized organization](#) can give you legal advice. Visit the [Avoid Scams](#) page for information and resources as well as our [Common Scams](#) page that includes information on specific scams targeting supporters and beneficiaries under these processes.

Organizations outside of the government may be able to help potential supporters and beneficiaries to prepare for these processes. Two organizations that specialize in providing the public with information about providing welcome to newcomers and resources to support participation in these processes are listed below.

- [Welcome.us](#) provides information on welcoming and supporting newcomer populations.
- [Community Sponsorship Hub](#) has established the [Sponsor Circle Program](#), which can provide resources and ongoing guidance to supporters.

This information is provided for informational purposes only. DHS does not endorse these entities. Using these entities instead of any other entity does not give any parolee preferential treatment when we adjudicate their application.

**Q2. Is there a fee or cost to participate in this process?**

Access to these processes is free. Neither the supporter nor the beneficiary is required to pay the U.S. government a fee for the Form I-134A. Beware of any scams or potential exploitation by anyone who asks for money associated with the Form I-134A or participation in these processes. Please note that beneficiaries are not obligated to repay, reimburse, work for, serve, marry, or otherwise compensate their supporter in exchange for filing Form I-134A on their behalf or for providing financial support while they are in the United States.

**Q3. What should I do if someone reached out online or through social media and offered to be my supporter?**

Beware of individuals who contact you online or through social media and:

- Say they are government officials;
- Offer to be your supporter or connect you to a supporter in exchange for a fee or other form of compensation; or
- Ask biographic information such as your passport number or date of birth.

Neither the supporter nor the beneficiary needs to pay the U.S. government a fee for the Form I-134A. Beware of any scams or potential exploitation by anyone who asks for money associated with the Form I-134A or participation in these processes. USCIS will only contact you through official government channels and will never contact you through your personal social media accounts (such as Facebook, Twitter, LinkedIn, etc.). Please see our [Common Scams](#) page for more information.

6/19/23, 6:30 PM
Frequently Asked Questions About the Processes for Cubans, Haitians, Nicaraguans, and Venezuelans | USCIS
Case 6:23-cv-00007 Document 175-4 Filed on 06/20/23 in TXSD Page 17 of 17

## REAL ID 

**Q1. Are parolees who came to the United States through these processes eligible for REAL ID-compliant driver's licenses or identification cards?**

Eligible beneficiaries under the process and their immediate family members paroled into the United States are not eligible for a REAL ID-compliant driver's license or identification card because parole is not included in the REAL ID Act (PDF) as a category authorized to receive a REAL ID-compliant license or identification card. This does not apply to Afghan parolees who fall within the scope of section 2502(b)(3) of the Afghanistan Supplemental Appropriations Act. However, parolees with another eligible category covered under the REAL ID Act, such as an approved or pending application for Temporary Protected Status or asylum, can potentially qualify for a REAL ID-compliant driver's license or identification card. In addition, many driver's license issuing authorities allow parolees to apply for a driver's license or ID card that is not REAL ID-compliant. For more information, please see REAL ID Frequently Asked Questions and guidance from the Department of Motor Vehicles for the jurisdiction where you live.

Close All   Open All

Last Reviewed/Updated: 06/14/2023