

**U.S. Citizenship and Immigration Services**

EXHIBIT
40

Home >  Humanitarian  >  Uniting for Ukraine

# Uniting for Ukraine

English | Русский | Українська |

> **ALERT**: Starting Jan. 6, 2023, you must submit Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, if you are a potential supporter of a Ukrainian or their immediate family member as part of Uniting for Ukraine.
>
> You should not file Form I-134, Declaration of Financial Support, if you are a potential supporter of an individual under Uniting for Ukraine.
>
> If you submitted Form I-134 online before Jan. 6, 2023, under Uniting for Ukraine, your case will continue to process and no further action is required. You should not submit a Form I-134A.



On April 21, 2022, the United States announced a key step toward fulfilling President Biden's commitment to welcome Ukrainians fleeing Russia's invasion. Uniting for Ukraine provides a pathway for Ukrainian citizens and their immediate family members who are outside the United States to come to the United States and stay temporarily in a 2 year period of parole. Ukrainians participating in Uniting for Ukraine

must have a supporter in the United States who agrees to provide them with financial support for the duration of their stay in the United States.

The first step in the Uniting for Ukraine process is for the U.S.-based supporter to file a I-134A, Online Request to be a Supporter and Declaration of Financial Support, with USCIS. The U.S. government will then vet the supporter to ensure that they are able to financially support the individual whom they agree to support.

For more information on Uniting for Ukraine, see the DHS webpage.

↗ Close All    ↗ Open All

## Eligibility for Uniting for Ukraine

| Term | Definition |
|---|---|
| Supporter | An individual who holds lawful status in the United States or is a parolee or beneficiary of deferred action or Deferred Enforced Departure (DED) who has passed security and background vetting and demonstrated sufficient financial resources to receive, maintain, and support the individuals whom they commit to support for the duration of their stay in the United States.<br><br>Examples of individuals who meet the supporter requirement include:<br><br>• U.S. citizens and nationals;<br>• Lawful permanent residents, lawful temporary residents, and conditional permanent residents;<br>• Nonimmigrants in lawful status (that is, who maintain the nonimmigrant status and have not violated any of the terms or conditions of the nonimmigrant status);<br>• Asylees, refugees, and parolees;<br>• TPS holders; and<br>• Beneficiaries of deferred action (including DACA) or Deferred Enforced Departure. |

| Term | Definition |
|---|---|
| Beneficiary | The Ukrainian citizen (or their non-Ukrainian immediate family member) who is outside the United States and who may be considered for parole under Uniting for Ukraine.<br><br>Immediate family members in this process include:<br><br>- the spouse or common-law partner of a Ukrainian citizen; and<br>- their unmarried children under the age of 21. NOTE: If a child is under 18, they must be traveling with a parent or legal guardian in order to use this process. |

**Who May be Considered for Parole under Uniting for Ukraine**

To be considered for parole under Uniting for Ukraine, the beneficiary must have a supporter who files a Form I-134A on their behalf.

Beneficiaries are eligible for the process if they:

- Resided in Ukraine immediately before the Russian invasion (through Feb. 11, 2022) and were displaced as a result of the invasion;
- Are a Ukrainian citizen and possess a valid Ukrainian passport (or are a child included on a parent's passport);
  - If not a Ukrainian citizen, they must be an immediate family member of a Ukrainian citizen beneficiary of Uniting for Ukraine with a valid passport;
- Have a supporter who filed a Form I-134A on their behalf that USCIS has vetted and confirmed as sufficient; and
- Clear biographic and biometric security checks;

Note: To be eligible for this process, children under the age of 18 must be traveling to the United States in the care and custody of their parent or legal guardian.

The supporter must complete and file Form I-134A with USCIS and be vetted by the U.S. government to protect against exploitation and abuse, and ensure that they are able to financially support the Ukrainians they are agreeing to support.

**Who Is Not Eligible for Parole Under Uniting for Ukraine**

Ukrainian citizens who are present in the United States will not be considered for parole under Uniting for Ukraine. However, Ukrainian citizens present in the United States may be eligible for Temporary Protected Status (TPS). For more information, please see our Temporary Protected Status for Ukraine page.

**Children traveling without their parent or legal guardian are not eligible for parole under Uniting for Ukraine.** Upon arrival at a U.S. port of entry, a child who is not traveling with their parent or legal guardian may be placed in the custody of the Department of Health and Human Services (HHS), as required by law under the Trafficking Victims Protection Reauthorization Act of 2008

(TVPRA), to protect the child from human trafficking and other forms of exploitation. For more information, please visit the HHS Unaccompanied Children webpage.

Since they are ineligible to pursue Uniting for Ukraine, children who are not traveling with a parent or legal guardian but are coming to the United States to meet a parent or legal guardian may instead seek parole through the standard Form I-131 parole process. In the Form I-131 parole process, children who wish to travel without a parent or legal guardian will need written permission from all adults with legal custody of the child (that is, their parents or legal guardian(s)) to travel to the United States. Evidence to accompany the Form I-131 will need to include the duration of the stay in the United States and evidence of relationship between the child and the parent or legal guardian in the United States. If the legal guardian is providing the written permission, the requestor must include proof of legal guardianship issued by a government authority. In addition, the application should include a statement about the relationship of the child to the person filing the Form I-131, and if they intend to provide care and custody of the child in the United States or reunite the child with a parent or legal guardian in the United States. For more information, please see our Humanitarian or Significant Public Benefit Parole page, which has information about the requirements for requesting parole for children.

You may request a fee waiver when submitting a Form I-131 for a Ukrainian child as described in the above paragraph. For more information on how to request a fee waiver, please see the Form I-912, Request for Fee Waiver webpage.

**Can the standard parole process be used to seek travel authorization for a Ukrainian child whose adoption is not yet complete?**

This process may not be used by prospective adoptive parents to circumvent any adoption processes. For information about adoption from Ukraine, visit the DOS Ukraine Adoption Information Page.

## Who Can Be a Supporter for a Beneficiary Under Uniting for Ukraine

Supporters who file Form I-134A on behalf of a beneficiary under Uniting for Ukraine must be in lawful status in the United States or a parolee or beneficiary of deferred action or Deferred Enforced Departure (DED) and willing and able to receive, maintain, and support the beneficiary listed in Form I-134A. Examples of the types of support for beneficiaries that supporters should keep in mind when considering their ability to meet this commitment include:

- Receiving the beneficiary upon arrival in the United States and transporting them to initial housing;
- Ensuring that the beneficiary has safe and appropriate housing for the duration of their parole and initial basic necessities;
- As appropriate, helping the beneficiary complete necessary paperwork such as for employment authorization, for a Social Security card, and for services for which they may be eligible;
- Ensuring that the beneficiary's health care and medical needs are met for the duration of the parole; and

- As appropriate, assisting the beneficiary with accessing education, learning English, securing employment and enrolling children in school.

Supporters must include the name of the beneficiary on Form I-134A. Supporters may not file a Form I-134A on behalf of an unnamed beneficiary. A supporter may agree to support more than one beneficiary, such as for different members of a family group, but must file a separate Form I-134A for each beneficiary.

At least one Form I-134A must be filed for each beneficiary. Multiple supporters may join together to support a beneficiary. In this case, a supporter should file a Form I-134A and include in the filing supplementary evidence demonstrating the identity of, and resources to be provided by, the additional supporters and attach a statement explaining the intent to share responsibility to support the beneficiary. These supporters' ability to support a beneficiary will be assessed collectively.

The Form I-134A requires an individual to sign the form; organizations may not serve as the named supporter on a Form I-134A. However, if an organization or other entity is providing financial or other services to the beneficiary for the purpose of facilitating support, this information should be provided as part of the evidence submitted with the Form I-134A and will be taken into account in determining the supporter's ability to support the beneficiary.

There is no fee to file a Form I-134A.

USCIS supports America's immigration process in many ways, including overseeing the approval process for citizen financial support of new arrivals to our country. DOS has collaborated with Welcome.us to provide the American people and private sector with information on welcoming and supporting newcomer populations. The Welcome.us Ukraine webpage includes information for those interested in learning more about supporting someone from Ukraine.

### How to Be Considered for Parole Under Uniting for Ukraine

Ukrainian beneficiaries cannot directly apply for parole under Uniting for Ukraine. A supporter must first complete and file Form I-134A with us on behalf of a Ukrainian beneficiary and include information about them and contact details, such as email address. If we deem the Form I-134 sufficient, we will send the Ukrainian beneficiary information about the next step in the process to be considered for authorization to travel to the United States and parole consideration by U.S. Customs and Border Protection (CBP).

As of April 25, 2022, the primary process for Ukrainians fleeing Russia's invasion and seeking parole into the United States is through Uniting for Ukraine. This process enables approved Ukrainians to travel to the United States, be considered for parole for a period of up to 2 years, and be eligible to apply for employment authorization while in the United States. The United States strongly encourages Ukrainians in Europe who seek to travel to the United States to complete the request

from Europe. Ukrainians who present at U.S. land ports of entry without a valid visa or without pre-authorization to travel to the United States through Uniting for Ukraine may be denied entry and referred to apply through this process.

Ukrainians who have a pending request for parole filed with USCIS on Form I-131, Application for Travel Document, but wish to be considered for parole under Uniting for Ukraine instead must have their supporter submit a Form I-134 following these instructions to be considered for parole under Uniting for Ukraine. USCIS will provide petitioners who currently have a pending Form I-131 for a Ukrainian beneficiary with a notice explaining the process to be considered for parole under Uniting for Ukraine and the actions they must take if they would like to withdraw their Form I-131 in light of the new Uniting for Ukraine process.

## What to Expect After the Form I-134A Is Filed

After the supporter files the Form I-134A with USCIS, we will review the form and supporting evidence to ensure that the supporter has sufficient financial resources to support the Ukrainian beneficiary for the duration of the parole period and conduct background checks on the supporter. We will determine whether the Form I-134A is sufficient, and we may request additional evidence to make our determination. If approved, Ukrainian beneficiaries will receive an email from USCIS with instructions on how to set up an account with myUSCIS and other next steps. Individuals should check their email, including spam and junk folders, for important messages from USCIS.

**If the Form I-134A is Sufficient**

If we confirm the Form I-134A is sufficient, the Ukrainian beneficiary will receive an email from USCIS with instructions on how to set up an account with myUSCIS and other next steps. The Ukrainian beneficiary will be required to confirm their biographic information on myUSCIS and attest to completion of all requirements including:

- An [attestation](#) to certify understanding of the family relationship requirements for children under 18 for Uniting for Ukraine; and
- An attestation that you have completed vaccine requirements or are eligible for an exception to vaccine requirements for measles, polio, and the first dose of an [FDA approved or authorized COVID-19](#) vaccine or a [WHO-Emergency use listed (EUL) COVID-19 vaccine](#).

Upon arrival to the United States, the beneficiary will need to attest to receiving a medical screening for tuberculosis, including an Interferon-Gamma Release Assay (IGRA) test, within 90 days.

Find more information on vaccine requirements on the [preview of the vaccine attestation page](#).

**If the Form I-134A is Insufficient**

If we are unable to confirm the Form I-134A is sufficient, that decision is final. The Ukrainian beneficiary will receive an email from USCIS notifying them that we determined the Form I-134A filed on their behalf was insufficient. We will not consider the Ukrainian beneficiary for parole under Uniting for Ukraine based on the insufficient Form I-134A. However, the supporter may file a new

Form I-134A on behalf of the same or another Ukrainian beneficiary, or a different supporter may file a Form I-134A on behalf of the beneficiary

**Authorization to travel to the United States**

Once the Ukrainian beneficiary has confirmed their biographic information and attested to completing all other requirements, their case will be further processed. Ukrainians will receive an email instructing them to check their myUSCIS account for the result of their authorization to travel. If the individual has been authorized to travel to the United States to seek parole under Uniting for Ukraine, they will be responsible for arranging and funding their own travel. This authorization is valid for 90 days.

## Information on Uniting for Ukraine if You Have a Pending Form I-131, Application for Travel Document

If you already applied for humanitarian parole on behalf of a beneficiary who is a Ukrainian citizen, and your Form I-131, Application for Travel Document, is pending with USCIS, we will send a notice explaining that you are eligible to reapply through Uniting for Ukraine.

**Benefits of applying through Uniting for Ukraine**

- There is no fee to apply for parole through Uniting for Ukraine. If you previously paid the processing fee for your Form I-131, although fees paid to USCIS are generally non-refundable, we will refund fees paid in this circumstance.
- Uniting for Ukraine may help beneficiaries receive temporary safe haven in the United States more quickly. Due to a surge of requests, our processing times for Form I-131 humanitarian parole are significantly longer than usual.

**How to apply through Uniting for Ukraine if you already have a Pending I-131, Application for Travel Document**

If you already filed a Form I-131, Application for Travel Document, for humanitarian parole on behalf of a Ukrainian who is outside the United States, you may either withdraw your pending Form I-131 or leave your Form I-131 pending with USCIS. Whether you withdraw your Form I-131 will have no impact on your ability to file a Form I-134 on behalf of the same individual under Uniting for Ukraine.

- If you choose to withdraw your pending Form I-131, you will receive a fee refund.
- If you choose to leave your Form I-131 pending, we will retain the fee, and adjudicate it in the future.

If you wish to provide support to a Ukrainian beneficiary under the Uniting for Ukraine process, you must file a new Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, even if you already submitted a prior Form I-134, Declaration of Financial Support, with your pending Form I-131.

## After the Beneficiary Is Paroled into the United States 

**Employment Authorization**

Effective Nov. 21, 2022, beneficiaries paroled into the United States under *Uniting for Ukraine* are employment authorized incident to parole. This means that if you are paroled into the United States under *Uniting for Ukraine*, USCIS does not need to approve your application for employment authorization before you can work in the United States. Your unexpired Form I-94, Arrival/Departure Record, with a class of admission (COA) of "UHP" is an acceptable List A document that shows your identity and work authorization for Form I-9, Employment Eligibility Verification.

Within 90 days of hire (or in the case of reverification, the date employment authorization expires), you must provide your employer either:

- Your unexpired Form I-765, Employment Authorization Document (EAD); or
- Your unrestricted Social Security card and a List B identity document from the Form I-9 Lists of Acceptable Documents. (Note: A Social Security card that contains no employment restrictions is not available to individuals who are parolees and are not admitted to the United States on a permanent basis. See the Social Security Administration's Types of Social Security Cards webpage.)

Individuals who received their Form I-94 at the time of their parole into the United States should visit the U.S. Customs and Border Protection (CBP) Form I-94 website to view and print a copy of their Form I-94.

For more information, please see Employee Rights and Resources on I-9 Central.

**Fee Exemption for Initial EADs**

Effective Nov. 21, 2022, USCIS is exempting the fee to file Form I-765, Application for Employment Authorization, for **initial** EADs for individuals paroled into the United States under *Uniting for Ukraine* who file by mail. To apply for discretionary employment authorization, you must submit Form I-765, Application for Employment Authorization, using the (c)(11) category code. You do not need to pay a filing fee for your initial EAD. Beginning Dec. 5, 2022, you may file your fee exempt Form I-765 online.

To obtain the fee exemption when filing Form I-765 online to request an initial EAD:

- In the basis of eligibility section, provide your "eligibility category";
- For the category under which you are applying, select "**c(11) Ukraine Parole**" from the drop-down;
- Select your reason for applying as "**Initial permission to accept employment**"; and
- Review and submit application to receive $0 fee.

To obtain the fee exemption when mailing a paper Form I-765 to USCIS to request an initial:

- Select "Initial permission to accept employment" (Part 1, Item 1.a.) ;
- Enter "Ukraine" in:

- Country of Citizenship (Part 2, Items 18.a. and 18.b.), and/or
- Country of Birth (Part 2, Item 19.c.);
* Enter "C11" in the Eligibility Category (Part 2, Item 27.); and
* Submit no payment.

**Note:** For the fee exemption to apply, Form I-765 must be postmarked on or after Nov. 21, 2022, or submitted online on or after Dec. 5, 2022.

We encourage parolees to file Form I-765 online. To file Form I-765 online, eligible applicants must first visit my.uscis.gov to create a USCIS online account. There is no cost to create an account, which offers a variety of features, including the ability to communicate with USCIS about your application through a secure inbox.

**Obtaining a Social Security Number and Card**

You must have a Social Security number (SSN) properly assigned in your name by the Social Security Administration (SSA) to work in the United States so that your wages may be reported and to determine eligibility for Social Security benefits. We encourage you to apply for an SSN using Form I-765, Application for Employment Authorization, and following the form instructions. If you request an SSN in Part 2 (Items 13.a-17.b) of your Form I-765, and your application is approved, USCIS will electronically transmit that data to the SSA, and SSA will assign you an SSN and issue you a Social Security card. SSA will mail your Social Security card directly to the address you provide on Form I-765.

If you do not request an SSN on your Form I-765, you can apply for an SSN using the instructions on SSA's Social Security Number and Card webpage.

**Address Updates**

If you are residing in the United States longer than 30 days, you must report your physical address in the United States. You can change your address online and update your address on any pending applications and petitions at the same time using the USCIS Online Change of Address system. You must report a change of address within 10 days of moving to a different physical residence within the United States or its territories.

This will update your address on file with USCIS for pending applications, petitions, or requests that you include receipt numbers for on the form.

It is important to include the receipt number for any pending cases with USCIS with your address change request, so we can update the address associated with those cases. We will mail secure documents to the address on file. You can find the receipt number on the receipt notice (Form I-797C, Notice of Action) that we issued after you filed your application or petition. We send receipt notices to the address listed on the application or petition.

It is important to include the receipt number for any pending cases with USCIS with your address change request, so we can update the address associated with those cases. We will mail secure documents to the address on file. You can find the receipt number on the receipt notice (Form I-797C, Notice of Action) that we issued after you filed your application or petition. We send receipt notices to the address listed on the application or petition.

**Terminating Your Parole**

If you have already been paroled into the United States, your parole will automatically be terminated if:

- You depart the United States without obtaining advance authorization to travel; or
- Your parole period expires.

DHS may also decide to terminate your parole for other reasons, such as violating any laws of the United States. Individuals with expired parole are expected to depart the country of their own accord. Individuals in the United States encountered after their parole has terminated may be referred to U.S. Immigration and Customs Enforcement (ICE) for immigration proceedings.

**Leaving the United States**

If we grant you travel authorization, you may present it only once for travel to the United States to seek parole at the U.S. port of entry. After you are paroled into the United States, if you want to leave the United States and then return as a parolee, you must request an Advance Parole Document by filing Form I-131, Application for Travel Document, before traveling outside the United States. If you leave the United States without getting an Advance Parole Document, your parole will be terminated when you depart. For information on how to apply for an Advance Parole Document while you are in the United States, please see the Form I-131 page.

## Contacting USCIS 

### Beneficiaries

If a beneficiary of a confirmed I-134A, Online Request to be a Supporter and Declaration of Financial Support, needs to correct information supplied to the supporter who completed the Form I-134, the beneficiary should send a secure message to USCIS using their USCIS online account. If the beneficiary has an issue with online account access or needs a password reset, they should use our online need help form. To ask about the status of a Form I-134A, beneficiaries can send a secure message from their USCIS account or call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833). The number for those outside the United States is 212-620-3418.

### Supporters

To inquire about the status of a submitted Form I-134A or make a correction to a submitted Form I-134A, supporters should send a secure message from their USCIS online account.

For more information, see the **Contacting USCIS About Form I-134A** section on the [Frequently Asked Questions about *Uniting for Ukraine*](#) page.

## Resources for Victims of Abuse, Violence or Exploitation 

There are many forms of abuse and exploitation, including domestic violence, forced marriage, and human trafficking. In the United States, there are laws that may help you avoid or escape an abusive situation.

- **Domestic Violence** is a pattern of behavior in a relationship that is used to gain or maintain power and control over an intimate partner, parent, or child. Domestic abuse can involve physical, sexual, emotional, financial, or psychological abuse or threats.
- **Forced marriage** is a marriage that takes place without the consent of one or both people in the marriage. Consent means that you have given your full, free, and informed agreement to marry your intended spouse and to the timing of the marriage. Forced marriage may occur when family members or others use physical or emotional abuse, threats, or deception to force you to marry without your consent. For additional information on forced marriage, please visit the [Forced Marriage](#) webpage.
- **Human Trafficking** involves exploiting someone to compel a commercial sex act or forced labor. Generally, this exploitation must involve force, fraud, or coercion to be considered human trafficking. However, if someone under 18 years old is induced to perform a commercial sex act, that is considered human trafficking even if there is no force, fraud, or coercion.

If you have experienced or fear forced marriage, domestic violence, human trafficking, or other abuse, please contact the resources below to receive free help in your language:

- **National Domestic Violence Hotline:** 800-799-7233, 800-787-3224 (TTY), [www.ndvh.org](#)
- **National Center for Missing and Exploited Children**: 800-843-5678, [www.missingkids.com](#)
- **The National Center for Victims of Crime:** 800-394-2255, 800-211-7996 (TTY), [www.victimsofcrime.org](#)
- **National Human Trafficking Hotline:** 888-373-7888, Text: 233733

## Protect Yourself from Immigration Scams 

We do not want you to become the victim of an immigration scam. If you need legal advice on immigration matters, make sure the person helping you is authorized to give legal advice. Only an attorney or accredited representative working for a [Department of Justice recognized organization](#) can give you legal advice. Visit the [Avoid Scams](#) page for information and resources.

Some common scams to be aware of include:

- **Government impersonators:** Look out for individuals who pose as USCIS officials. USCIS will only contact you through official government channels and will not contact you through your

personal social media accounts (such as Facebook, Twitter, LinkedIn, etc.).

- **Misleading offers of support:** Look out for individuals who attempt to contact you online or through your social media accounts to offer to be your supporter or connect you to a supporter in exchange for a fee or other form of compensation. Similarly, look out for individuals seeking biographic information from you, such as your passport number or date of birth, through your social media accounts, to offer to support you for parole. Supporters should be able to provide financial support to beneficiaries for up to a 2-year period of parole. Beneficiaries are not obligated to repay, reimburse, work for, serve, marry, or otherwise compensate their supporter in exchange for the potential supporter submitting Form I-134A, Online Request to be a Supporter and Declaration of Financial Support, on their behalf or for providing financial support while they are in the United States. Find more information on potential exploitation and abuse in the [Understand Your Rights (PDF)](#) guide.
- **Scam Websites:** Some websites claim to be affiliated with USCIS and offer step-by-step guidance on completing a USCIS application or petition. Make sure your information is from uscis.gov, dhs.gov, or is affiliated with uscis.gov. Make sure the website address ends with .gov.
- **Payments by Phone or Email:** USCIS will never ask you to transfer money to an individual. We do not accept Western Union, MoneyGram, PayPal, or gift cards as payment for immigration fees. In addition, we will never ask you to pay fees to a person on the phone or by email.
- **Notarios Públicos and unauthorized practitioners of immigration law:** In the United States, a notario público is not authorized to provide you with any legal services related to immigration benefits. Only an attorney or an accredited representative working for a Department of Justice (DOJ)-recognized organization can give you legal advice. For more information about [finding legal services](#), visit our website.

## Related Links

- [I-134A, Online Request to be a Supporter and Declaration of Financial Support](#)
- [Frequently Asked Questions About Uniting for Ukraine](#)
- [Uniting for Ukraine Flyer (PDF, 287.88 KB)](#)
- [Uniting for Ukraine Flyer (PDF, 292.23 KB)](#) (Ukrainian)
- [Uniting for Ukraine Flyer (PDF, 290.55 KB)](#) (Russian)

Non-USCIS Links

- [DHS *Uniting For Ukraine*](#)
- [HHS' Office of Refugee Resettlement's Ukrainian Assistance Resources](#)

Close All   Open All

Last Reviewed/Updated: 06/06/2023