

June 16, 2023

**VIA ECF**
The Honorable Drew Tipton
United States District Judge
United States Courthouse
1133 North Shoreline Blvd.
Corpus Christi, Texas 78401

      Re:    *In re Texas et al. v. United States Dep't of Homeland Security, et al.*, No. 6:23-cv-00007 (S.D. Tex., Victoria Division)

Dear Judge Tipton:

The Intervenor Defendants write to bring two discovery disputes with Texas (the only Plaintiff State to have participated in discovery) to your attention for resolution. The parties are still working to resolve an ongoing dispute over the completeness of Texas's discovery responses,[1] but the parties have reached impasse on the disputes outlined below regarding 1) costs and offsetting benefits and 2) Intervenor Defendants' standing to challenge Texas's discovery responses. Given the limited two-week extension the parties requested to resolve outstanding discovery disputes, the Intervenor Defendants wish to bring these disputes expeditiously to the court's attention. The parties exchanged substantive correspondence on this dispute on May 25, June 6, June 13, June 15, and June 23, 2023, and met and conferred on May 25, 2023 and again on June 15, 2023. Defendants' discovery requests and Texas's responses and objections thereto are attached as Exhibit A and B, respectively.

**Dispute #1: The definition of "costs" and the relevance of offsetting benefits**

Through Interrogatories 7-10 and Requests for Production 4-8, Defendants seek information about the costs Texas claims as to medical care, education, driver's licenses, and law enforcement. Texas claims that it is not necessary for it to provide any information about offsetting fees or federal funding or reimbursements that lower or negate those costs. Texas's stated view is that the requests sought only information about "costs" (which Texas has unilaterally interpreted as gross costs).

Texas's interpretation of these requests is disingenuous and unduly narrow. On Texas's account, it can claim standing to pursue a nationwide injunction based on purported "costs" *even if* those costs are fully funded or reimbursed by the federal government (ironically, the entity Texas has sued here) or are offset by other benefits. This is legally baseless. To establish harm—out of pocket *costs*—as required for standing and injunctive relief, Texas must at bare minimum show that it has lost money. *See Joganik v. East Tex. Med Ctr.*, 2021 WL 6694455, at *6 (E.D. Tex.

---

[1] If the parties are unable to resolve this dispute by the discovery cut-off date, the Intervenor Defendants will submit a subsequent letter brief.

2021) (observing that "previously reimbursed out-of-pocket expenses" do not support standing). In addition, offsetting fees or federal reimbursements would indicate that the costs allegedly imposed on Texas by the CHNV parole pathways are only "indirect," which would make Texas's claim for standing "more attenuated." *U.S. v. Tex.*, No. 22-58, slip op. at 9 n.3 (U.S. June 23, 2023).

Similarly, Interrogatory 15 and Request for Production 10 seek information on the economic value contributed to Texas by noncitizens, or the nationals of Cuba, Haiti, Nicaragua, or Venezuela, in any way. Even if the Court agrees with Texas's narrow interpretation of Interrogatories 7-10 and Requests for Production 4-8, these requests would encompass any offsetting economic value that Texas might receive in the four areas where it claims economic harm. This information is clearly relevant. *Echeverry v. Jazz Casino Co., L.L.C.*, 988 F.3d 221, 235 (5th Cir. 2021) ("[t]he bar for relevant evidence is low") (citing Fed. R. Evid. 401(a)). Because Texas seeks equitable relief, the Court is required to balance the parties' harms. To the extent Texas's harm is mitigated or negated entirely by corresponding revenues and benefits, this is undisputedly relevant to Texas's required showing of economic harm and its request for equitable relief.

Yet Texas has refused to comply with this very basic request because "no [Texas] agency tracks" information relating to CHNV nationals. But if this is actually true, Texas has essentially admitted away standing and any entitlement to injunctive relief—because without this information, it can't prove up its out-of-pocket costs with respect to the CHNV nationals at issue in this lawsuit.

Texas's approach in this regard is also impermissible cherry-picking. Texas has no qualms basing its claims of gross costs on broad cost estimates from "proxy" populations that in reality have nothing to do with CHNV nationals (such as **unaccompanied minors** for education costs, even though unaccompanied minors are expressly ineligible for the CHNV parole pathways). But it has refused to produce data relating to offsetting benefits from these same "proxy" populations. This sword and shield approach is improper. *See Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *6 (N.D. Tex. Jan. 6, 2023) (parties may not "selectively respond to discovery requests by cherry-picking the documents they wish to produce and then assert that other, potentially responsive documents are irrelevant"). Texas should be required to provide information about any offsetting fees and reimbursements to illustrate its actual costs in the four areas where it is claiming harm; or, in the alternative, be precluded from relying on its self-serving selection of data to prove its alleged harm.

### Dispute #2: Intervenor Defendants' Standing to Challenge Texas's Production

During the parties' second meet-and-confer regarding the adequacy of Texas's discovery production, Intervenor Defendants were surprised to learn—for the first time—that Texas disputes Intervenor Defendants' standing to challenge the adequacy of those requests. Despite agreeing in open court to provide discovery to Intervenor Defendants on the same basis as to Federal Defendants and twice agreeing to Intervenor Defendants' requests to meet and confer regarding the adequacy of their responses, Texas states at the eleventh hour before the close of discovery that Intervenors have no standing on this issue. Rather, despite knowing that meet-and-confers are required before filing a discovery motion, Court Procedure, Hon. Drew B. Tipton 13(a), (b) Texas *now* claims that it had been conferring with Intervenors only out of courtesy. This is no courtesy at all, but gamesmanship, as it seeks only to deprive Intervenors of rights as equal parties to this

action. Should the Court agree with Texas's overly formalistic view, Texas should nonetheless be estopped from taking this position at the eleventh hour after conveying otherwise through its conduct. In the alternative, the Court should permit Intervenor Defendants to formally serve Texas with the identical requests the Court approved on April 7, 2023, to formally cure the purported standing issue.

Respectfully Submitted,

*/s/ Esther H. Sung*
Esther H. Sung