United States District Court
Southern District of Texas
Victoria Division

STATE OF TEXAS, *et al.*,
   *Plaintiffs,*

v.

U.S. DEPARTMENT OF HOMELAND
  SECURITY, *et al.*,
   *Defendants.*

Case 6:23-cv-00007

**TEXAS'S RESPONSE TO INTERVENOR-DEFENDANTS' ADVISORY**

   There is no discovery dispute because the Intervenors did not promulgate discovery—and no party that did so is seeking this Court's intervention. And to the extent that the Court chooses to look to the substance of the discovery requests, Texas has complied.

**A. The Intervenors did not request discovery and are not entitled to complain about Texas's responses to the Federal Defendants' discovery.**

   As "only the party that propounded the discovery request or questions has standing to move to compel compliance," Moore's Fed. Prac. Civil § 37.04, Intervenors have no basis to challenge Texas' discovery responses to the Federal Defendants' requests. "It is uncontroversial that a party cannot move to compel discovery for a different litigant, even if they are both on the same side of the litigation." *Navient Sols., LLC v. Law Offs. of Jeffrey Lohman, P.C.*, No. 1:19-cv-461, 2020 WL 3606385, at *3 (E.D. Va. July 1, 2020); *see Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party,' however, may bring a motion to compel a response to" discovery requests).[1]

---

[1] *See also MDAdvantage Ins. Co. of New Jersey v. Hasiuk*, No. 16-CV-969, 2018 WL 3328049, at *3 (E.D. Pa. July 6, 2018); *Meyer v. Medmarc Cas. Ins. Co.*, No. 13-80235-CIV, 2013 WL 5928201, at *2–3 (S.D. Fla. Oct. 29, 2013); *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 07-CV-15324, 2010 WL 839416, at *1–2 (E.D. Mich. Mar. 4, 2010); *Kingsway Fin. Servs.,*

The Federal Defendants and Texas—as the only parties that served and responded to discovery requests— have been working out their differences and do not anticipate seeking the Court's involvement.

The Intervenors propounded no discovery to Texas. Indeed, the Intervenors did not enter the case until after the discovery schedule was set. *See* ECF 126 (April 7, 2023, order approving specific extra-record discovery requested by Plaintiffs and Federal Defendants); ECF 133 (April 19, 2023, order permitting intervention). They did so after informing the Court that they did "not seek to relitigate any motions that have already been decided," ECF No. 106 at 11, and did "not anticipate seeking [discovery] so long as the parties [did] not seek discovery from" them, ECF No. 129 at 2—which no party did.

And the Court observed then that intervention would not affect discovery because the Intervenors "must accept the proceedings as they find them," ECF No. 133 at 5–6, and that the States' contemporaneous concerns about delay were "unwarranted" because the Intervenors were joining the case while "discovery [was] currently ongoing" and they had been ordered "to adhere to the schedule and limitations" in the scheduling order, *id.* at 7–8—under which the deadline to propound discovery had already passed. *Compare* ECF Nos. 90 and 134 (scheduling orders) *with* Fed. R. Civ. P. 34(b)(2)(A) (30-day deadline to respond to requests for production).

"'[E]very discovery request ... must be signed by at least one attorney of record in the attorney's own name,' thereby making certain certifications regarding the appropriate nature of the request," *Harper v. City of Dallas*, No. 3:14-cv-2647-M, 2017 WL 3674830, at *14 (N.D. Tex. Aug. 25, 2017) (quoting Fed. R. Civ. P. 26(g)(1)). Of course, Intervenors never signed any discovery

---

*Inc. v. PriceWaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2009 WL 72165, at *2–3 (S.D.N.Y. Jan. 9, 2009); *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 457 (D. Kan. 2006).

2

requests promulgated to Texas, and "[t]his certification is no mere formality— … parties have no duty to act on an unsigned request." *Id.* (citing Fed. R. Civ. P. 26(g)(2) and (3)); *see also Angela Ganter, LLC v. Dufur*, No. 1:20- cv-231-H, 2021 WL 2698439, at *2 (N.D. Tex. Mar. 19, 2021) (Hendrix, J.). Texas therefore never incurred any discovery obligations to Intervenors.

Nor is there merit to the Intervenors' suggestion that the States were laying behind a log. While the States agreed to serve their discovery responses to Intervenors, as required by the discovery rules, *see Harper*, 2017 WL 3674830, at *14 ("A request for production must be served on the party to whom it is directed, as well as all other parties to the action, generally through the parties' attorney of record.") (citing Fed. R. Civ. P. 5), this did not serve to make Intervenors a "discovering party" to whom any obligations were owed.

The States were not required to anticipate the Intervenors' unfamiliarity with the discovery rules. Neither were they required to openly condescend to Intervenors, "You're not *actually* entitled to this, but we're *generously* giving it to you"—while working to satisfy the Intervenors' requests for information and clarification outside the formal discovery process.

**B. Texas fully responded to the Federal Defendants' requests.**

If there were any need to consider the merits, they would be disposed of quickly—Texas has complied with all of its obligations. The Federal Defendants requested information regarding the costs Texas has incurred to furnish certain services. ECF 101-1 at RFA Nos. 3–4, Interrogs. 10–11. Texas has furnished that information—the "amount paid or charged for something;" the "price or expenditure." *See* Cost, *Black's Law Dictionary* (11th ed. 2019). The Federal Defendants did not seek, and Texas did not furnish, information regarding the *net* costs of those services, that is, information about offsets to

3

those expenditures. *See id.* (further defining the more-specific term "net cost" as "[t]he cost of an item, arrived at by subtracting any financial gain from the total cost.")

And Intervenors' fallback argument—that such offsets were required to be included in the responses to the requests that sought how aliens "contribute economic value" to Texas, ECF 101-1 at RFA No. 10, Interrog. 15—fares no better. Those requests gave as illustrative examples aliens "paying state income, sales, property and other taxes, providing labor and employment opportunities, owning homes, and contributing to civic and social causes and initiatives." *Id.* But as none of those examples involve offsets to receipt of State benefits, the *noscitur a sociis* canon—*see* Scalia & Garner*, Reading Law: The Interpretation of Legal Texts* 195–98 (2012) (Associated-Words Canon)— precludes the interpretation of "contribut[ing] economic value" as including fees for service or other offsets to State expenditures. *See Yates v. United States*, 574 U.S. 528, 543 (2015); *In re Crocker*, 941 F.3d 206, 219 (5th Cir. 2019).

Having answered the questions that were asked, Texas has no further obligations.

| | |
|---|---|
| Dated June 27, 2023. | Respectfully submitted, |
| JOHN SCOTT<br>Provisional Attorney General<br>of Texas | LEIF A. OLSON<br>Chief, Special Litigation Division<br>Texas Bar No. 24032801<br>Southern District of Texas No. 33695<br>leif.olson@oag.texas.gov |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | */s/ Ryan D. Walters*<br>RYAN D. WALTERS<br>Deputy Chief, Special Litigation Division<br>Texas Bar No. 24105085<br>Southern District of Texas No. 3369185<br>ryan.walters@oag.texas.gov |
| RALPH MOLINA<br>Deputy Attorney General<br>for Legal Strategy | |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 463-1700 | DAVID BRYANT<br>Special Counsel<br>Texas Bar No. 03281500<br>Southern District of Texas No. 808332<br>david.bryant@oag.texas.gov |
| | GENE P. HAMILTON<br>America First Legal Foundation<br>Virginia Bar No. 80434<br>Southern District of Texas No. 3792762<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org |
| | *Counsel for the State of Texas* |

### CERTIFICATE OF SERVICE

On June 27, 2023, this document was filed through the Court's CM/ECF system, which automatically serves a copy on all counsel of record.

*/s/ Ryan D. Walters*

5