UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:23-CV-00007 |
| *Plaintiffs,* | | |
| vs. | | |
| | | JUDGE DREW S. TIPTON |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | | |
| *Defendants,* and | | |
| VALERIE LAVEUS, *et al.*, | | |
| *Intervenor Defendants.* | | |

**DEFENDANTS' JOINT MOTION TO AMEND SCHEDULING ORDER
TO PERMIT RESOLUTION OF PLAINTIFF STATES' STANDING
IN LIGHT OF RECENT SUPREME COURT AUTHORITY**

Federal and Intervenor Defendants in the above-captioned action jointly and respectfully request that the Court amend the scheduling order it issued on June 5, 2023, ECF 159, to allow the Parties to engage in motions practice concerning Plaintiff States' standing in light of the impact of *United States v. Texas*, No. 22-58, 2023 WL 4139000 (U.S. June 23, 2023), and to permit the Court to adjudicate any such motions, prior to moving forward with a trial on the merits. Such a schedule modification is consistent with Supreme Court authority, would provide for greater development and narrowing of the legal issues, and is in the interest of judicial economy.[1]

---

[1] Plaintiff States oppose Federal and Intervenor Defendants' joint request.

1

At the time that the Parties filed their joint proposed schedule, ECF 156, they did not have the benefit of the recent Supreme Court authority addressing states' standing to bring lawsuits challenging federal government policies. Since then, in *United States v. Texas*, a challenge brought by Texas and Louisiana to a Department of Homeland Security immigration policy that, "in the States' view…impose[d] costs on the states" including as a result of having to "incarcerate or supply social services such as healthcare and education to noncitizens," the Supreme Court held the states lacked standing to challenge the policy at issue. 2023 WL 4139000 at *3. Because standing is an "irreducible constitutional minimum," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and because a plaintiff must demonstrate redressable injury in support of standing "from the *outset* of its suit," *United States v. Texas*, 2023 WL 4139000 at *11 (Gorsuch, J., concurring) (emphasis added), Federal and Intervenor Defendants now seek to brief the impact of that recent authority on Plaintiff States' standing to bring this case, and to have resolution thereof prior to moving forward with trial.

Moreover, the currently outstanding discovery disputes are unequivocally relevant to the Plaintiff States' standing. ECF 177. The proposed changes to the scheduling order would also allow time for resolution of those disputes and incorporation into the standing-related motions practice.

Thus, an amendment to the scheduling order permitting the Parties to address—and the Court to adjudicate—Plaintiff States' standing in light of the new Supreme Court authority favors judicial economy by permitting resolution and/or

narrowing of the threshold issue of standing, including as it is impacted by the outstanding discovery dispute, before expending resources on merits adjudication. Indeed, this Court recently amended the scheduling order in another case brought by Texas challenging a Department of Homeland Security policy to permit the parties to file supplemental briefs addressing the effect of recent Supreme Court authority. *Texas v. Mayorkas*, No. 6:23-cv-00001, ECF 34 (S.D. Tex. June 29, 2023). The Court should do the same here.

Federal and Intervenor Defendants acknowledge that the Court's adjudication of the outstanding discovery disputes between Plaintiff States and Intervenor Defendants will affect the proposed changes. Federal and Intervenor Defendants thus propose the following schedule amendment options, which are contingent on the Court's disposition of the outstanding disputes and will allow for proper incorporation of any additionally produced discovery:

If the Court *grants* Intervenor Defendants' discovery request (ECF 177):

- Federal and Intervenor Defendants file any Rule 12 motions **21 calendar days** after Plaintiff States produces all additional discovery;

- Plaintiff States file a consolidated response **21 calendar days** later;

- Federal and Intervenor Defendants file replies **14 calendar days** later;

- **All other deadlines are stayed** until the Court rules on outstanding Rule 12 motions, at which time any outstanding deadlines and trial dates will be re-calendared.

If the Court *denies* Intervenor Defendants' discovery request:

- Federal and Intervenor Defendants file any Rule 12 motions **21 calendar days** after the date of the Court's order;

- Plaintiff States file a consolidated response **21 calendar days** later;

- Federal and Intervenor Defendants file replies **14 calendar days** later;

- **All other deadlines are stayed** until the Court rules on outstanding Rule 12 motions, at which time any outstanding deadlines and trial dates will be re-calendared.

Dated: July 07, 2023

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*

EREZ REUVENI
*Assistant Director*

*/s/ Elissa Fudim*
ELISSA P. FUDIM
*Trial Attorney*
U.S. D.O.J., Civil Division Office of Immigration Litigation District Court Section
P.O. Box 868, Ben Franklin Station Washington, D.C. 20044
Phone: (202) 598-6073
Elissa.P.Fudim@usdoj.gov

*Counsel for Federal Defendants*

*/s/ Monika Y. Langarica*
**Monika Y. Langarica\***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham\***
California Bar No. 237841
arulanantham@law.ucla.edu

**CENTER FOR IMMIGRATION LAW AND POLICY**
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
*Application for Admission pending*
esther.sung@justiceactioncenter.org

**Karen C. Tumlin***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**Jane Bentrott***
California Bar No. 323562
D.C. Bar No. 1029681
Virginia Bar No. 87903
jane.bentrott@justiceactioncenter.org

**Lauren Michel Wilfong***
New York Bar No. 5975529
New Jersey Bar No. 378382021
*Not admitted to practice law in California*
lauren.wilfong@justiceactioncenter.org

**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Vanessa Rivas-Bernardy***
California Bar No. 341464
vanessa.rivas@raicestexas.org

**THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

**Kate Kaufmann Shih**
Texas Bar No. 24066065
Federal Bar No. 1214426
kateshih@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: (713) 221-7000
Facsimile: (713)221-7100

*Counsel for Intervenor Defendants*

*\*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing instrument was served via ECF pursuant to the Federal Rules of Civil Procedure on the 7th day of July 2023, upon all counsel of record in this matter.

                /s/ *Monika Y. Langarica*
                Monika Y. Langarica