# United States District Court
# Southern District of Texas
# Victoria Division

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants.* | Case 6:23-cv-00007 |

### PLAINTIFF STATES' RESPONSES TO OBJECTIONS TO THEIR EXHIBIT AND WITNESS LIST

Plaintiff States filed their Exhibit and Witness List, ECF No. 195, but the Federal Defendants and Intervenor Defendants have filed objections to a number of the exhibits. ECF Nos. 204, 205.

Federal Defendants object to Exhibits 18 through 37 on the grounds of relevance, with intervenors joining these same objections as to Exhibits 31 through 37 (citing Fed. R. Evid. 402). Federal Defendants and Intervenor Defendants also object to Exhibits 4 through 7—four declarations of officials of Texas State agencies—on the grounds that they are not relevant and are hearsay (citing Fed. RR. Evid. 402, 802).[1]

As an initial matter, it must be kept in mind that this case is going to a bench trial—there is no jury to be protected from any purportedly irrelevant, prejudicial, or confusing evidence. In this circumstance, the Court can be trusted to give any evidence before it the proper weight it deserves, if any. Attempting to prevent the Court from doing so makes little sense.

Exhibits 18 through 37 meet the minimal test required for relevance because they provide background information for the Court regarding the operation of aspects of the challenged parole

---

[1] Plaintiffs had included their Motion for Preliminary Injunction as Exhibit 1 as the predecessors of the following four declaration exhibits were attached to it. However, in light of Federal Defendants' and Intervenor Defendants' objections to this exhibit, Plaintiffs withdraw it as an exhibit.

1

processes, including how sponsors for parolees are evaluated, advance travel authorization is approved, and data on which States have the most sponsors. Exhibit 29 also provides data on the number of school-age children among parole program beneficiaries, which is relevant to Plaintiff States' claims of injury due to public education expenditures. *See* ECF No. 22 at 11–12. Exhibits 31 through 37 are the Federal Defendants' own forms for competing immigration processes and are relevant to Plaintiff States' arguments that the challenged parole programs unlawfully "circumvent congressionally established immigration policy." ECF No. 22 at 17 (citation omitted).

The four declarations—Exhibits 4 through 7—are relevant to demonstrate the States' standing for driver's license, education, healthcare, and corrections costs. *See* ECF No. 22 at 10–13. All of the declarations state that they are based on personal knowledge of the declarant and their positions with a State agency.

None of the State agency data referenced in these declarations is excludable under the hearsay rule, either. The data referenced in or attached to these declarations are not hearsay because they fall within the public records exception.[2] Fed. R. Evid. 803(8). That Rule excepts the following from the rule against hearsay:

> A record or statement of a public office if:
> (A) it sets out:
>   (i) the office's activities;
>   (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>   (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

---

[2] All of the declarants state that they have personal knowledge of the referenced data, though that would not be required for that data to not constitute hearsay. *See Jones v. Sandusky Cnty., Ohio*, 652 F. App'x 348, 356 (6th Cir. 2016) ( "the personal-knowledge requirement does not apply to reports admissible under the public-records exception found in Fed. R. Evid. 803(8)").

Under this Rule, a proponent of a document must show that it (1) was "prepared by a public office;" and (2) "set[ ] out information as specified in the Rule." Advisory Committee Note to Fed. R. Evid. 803(8). When the proponent satisfies these requirements, "the burden is on the opponent to show that the source of information or other circumstances indicate a lack of trustworthiness." *Id.* Here, the referenced data are prepared by the relevant State agencies through their normal operations. "The relevant inquiry under Rule 803(8) is whether the information was *recorded* by a public official as part of a routine procedure in a non-adversarial setting." *United States v. Puente*, 826 F.2d 1415, 1418 (5th Cir. 1987) (emphasis in original; citation omitted). "There is no reason to believe that because this information was later retrieved in connection with litigation, it is less reliable than when first recorded." *Id.*

Accordingly, the burden shifts to Defendant to show that the source of the information or other circumstances indicate a lack of trustworthiness. *See* Advisory Committee Note to Fed. R. Evid. 803(8); *see also* Fed. R. Evid. 803(8)(B). There is no such indication of untrustworthiness here.

None of Plaintiff States exhibits fail the test of relevance to the issues in this case. And none of the declaration exhibits contain inadmissible hearsay.

Dated: August 2, 2023

ANGELA COLMENERO
Provisional Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-1700

Respectfully submitted,

*/s/Ryan D. Walters*
RYAN D. WALTERS
Deputy Chief, Special Litigation Division
Texas Bar No. 24105085
Southern District of Texas No. 3369185
ryan.walters@oag.texas.gov

DAVID BRYANT
Special Counsel
Texas Bar No. 03281500
Southern District of Texas No. 808332
david.bryant@oag.texas.gov

GENE P. HAMILTON
JAMES K. ROGERS
America First Legal Foundation
Virginia Bar No. 80434
Southern District of Texas No. 3792762
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
james.rogers@aflegal.org

*Counsel for the State of Texas*

Steve Marshall
Alabama Attorney General
Edmund G. LaCour Jr.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

Tim Griffin
Arkansas Attorney General
Nicholas J. Bronni
Arkansas Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Nicholas.Bronni@arkansasag.gov

*Counsel for the State of Arkansas*

Raúl R. Labrador
Attorney General of Idaho
Lincoln Davis Wilson, ISB No. 11860
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
lincoln.wilson@ag.idaho.gov

*Counsel for the State of Idaho*

Treg Taylor
Attorney General of Alaska
Cori M. Mills
Deputy Attorney General
Christopher A. Robison
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

Ashley Moody
Attorney General of Florida
James H. Percival (FBN 1016188)
Deputy Attorney General of Legal Policy
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

5

Kris Kobach  
Attorney General of Kansas  
Jesse A. Burris, Kan. Sup. Ct. #26856  
Assistant Attorney General  
Office of Kansas Attorney General  
120 SW 10th Avenue, 2nd Floor  
Topeka, Kansas 66612-1597  
Tel: (785) 368-8197  
Jesse.Burris@ag.ks.gov  

*Counsel for the State of Kansas*

Jeff Landry  
Attorney General of Louisiana  
Elizabeth B. Murrill (La #20685)  
Solicitor General  
Joseph Scott St. John (La #36682)  
Deputy Solicitor General  
Louisiana Department of Justice  
1885 N. Third Street  
Baton Rouge, Louisiana 70804  
Tel: (225) 326-6766  
murrille@ag.louisiana.gov  
stjohnj@ag.louisiana.gov  

*Counsel for the State of Louisiana*

Andrew Bailey  
Attorney General of Missouri  
Joshua M. Divine, Mo. Bar #69875  
Solicitor General  
Maria Lanahan, Mo. Bar #65956  
Deputy Solicitor General  
Missouri Attorney General's Office  
Post Office Box 899  
Jefferson City, Missouri 65102  
Tel: (573) 751-8870  
Josh.Divine@ago.mo.gov  

*Counsel for the State of Missouri*

Daniel Cameron  
Attorney General of Kentucky  
Marc Manley  
Associate Attorney General  
Kentucky Office of the Attorney General  
700 Capital Avenue, Suite 118  
Frankfort, Kentucky  
Tel: (502) 696-5478  

*Counsel for the Commonwealth of Kentucky*

Lynn Fitch  
Attorney General of Mississippi  
Justin L. Matheny  
Deputy Solicitor General  
Office of the Mississippi Attorney General  
P.O. Box 220  
Jackson, MS 39205-0220  
Tel: (601) 359-3680  
justin.matheny@ago.ms.gov  

*Counsel for the State of Mississippi*

Austin Knudsen  
Attorney General of Montana  
Christian B. Corrigan  
Solicitor General  
Peter M. Torstensen, Jr.  
Assistant Solicitor General  
Office of the Attorney General  
215 N Sanders  
Helena, Montana 59601  
Tel: (406) 444-2026  
Christian.Corrigan@mt.gov  

*Counsel for the State of Montana*

6

Michael T. Hilgers
Attorney General of Nebraska
Eric J. Hamilton
Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

Gentner F. Drummond
Attorney General of Oklahoma
Garry M. Gaskins, II
Solicitor General
Zach West
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

Jonathan Skrmetti
Tennessee Attorney General
and Reporter
Clark L. Hildabrand
Senior Counsel
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for the State of Tennessee*

Dave Yost
Ohio Attorney General
Mathura Jaya Sridharan
Ohio Deputy Solicitor General
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
mathura.sridharan@OhioAGO.gov

*Counsel for the State of Ohio*

Alan Wilson
Attorney General of South Carolina
Thomas T. Hydrick
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

Sean D. Reyes
Utah Attorney General
Melissa Holyoak
Utah Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
Tel: (801) 538-9600
melissaholyoak@agutah.gov

*Counsel for the State of Utah*

Patrick Morrisey
Attorney General of West Virginia
Lindsay See
Solicitor General
Michael R. Williams
Senior Deputy Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
Tel: (681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

Bridget Hill
Wyoming Attorney General
Ryan Schelhaas
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for the State of Wyoming*

## Certificate of Service

I certify that on August 2, 2023, I filed this motion through the Court's CM/ECF system, which served it on all counsel of record.

*/s/ Ryan D. Walters*