United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| The STATE OF TEXAS, the STATE OF ALABAMA, the STATE OF ALASKA, the STATE OF ARKANSAS, the STATE OF FLORIDA, the STATE OF IDAHO, the STATE OF IOWA, the STATE OF KANSAS, the COMMONWEALTH OF KENTUCKY, the STATE OF LOUISIANA, the STATE OF MISSISSIPPI, the STATE OF MISSOURI, the STATE OF MONTANA, the STATE OF NEBRASKA, the STATE OF OHIO, the STATE OF OKLAHOMA, the STATE OF SOUTH CAROLINA, the STATE OF TENNESSEE, the STATE OF UTAH, the STATE OF WEST VIRGINIA, and the STATE OF WYOMING, <br><br>         Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity, U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, Acting Commissioner of U.S. Customs & Border Protection, in his official capacity, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, and TAE JOHNSON, Acting Director of U.S. Immigration & Customs Enforcement, in his official capacity, <br><br>         Defendants, | Civil Action No. 6:23-CV-00007 |

|  | § |
|---|---|
| **v.** | § |
|  | § |
| **VALERIE LAVENUS, FRANCIS** | § |
| **ARAUZ, PAUL ZITO, ERIC SYPE,** | § |
| **KATE SUGARMAN,** | § |
| **NAN LANGOWITZ, and** | § |
| **GERMAN CADENAS,** | § |
|  | § |
| **Intervenor Defendants.** | § |

# ORDER

Pending before the Court is Intervenor Defendants' Motion for Leave to Amend Witness and Exhibit List. (Dkt. No. 215). Plaintiff States oppose the Motion. (Dkt. No. 220). After careful review, the Court **DENIES** Intervenor Defendants' Motion.

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *See id.* ("[O]ur court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order.") (internal quotation marks omitted). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Here, a little over a week before trial, Intervenor Defendants seek leave to add 76 additional exhibits, and extend the deadline for the Plaintiff States to object to those

2

exhibits.  (*See* Dkt. No. 215).  Intervenor Defendants fail to show good cause for their failure to timely designate these exhibits in their original exhibit list.  Allowing the Intervenor Defendants to amend their exhibit list at this juncture would be prejudicial to the Plaintiff States.  Therefore, the Court exercises its discretion in enforcing its scheduling order, and **DENIES** Intervenor Defendants' Motion to Amend their original exhibit so close to the trial date.  *See, e.g.*, *Simmons v. Galliano Marine Serv., LLC*, No. 2:15-CV-01124, 2016 WL 7450470 (E.D. La. Dec. 28, 2016).

It is SO ORDERED.

Signed on August 14, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**