UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | |
| § | 6:23-CV-00007 | |
| UNITED STATES DEPARTMENT OF § | | |
| HOMELAND SECURITY, *et al.*, § | | |
| § | | |
| *Defendants,* and § | JUDGE DREW B. TIPTON | |
| § | | |
| VALERIE LAVEUS, *et al.*, § | | |
| § | | |
| *Intervenor Defendants.* § | | |

**INTERVENOR DEFENDANTS' MOTION TO RECONSIDER OR CLARIFY, OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM ORDER DENYING INTERVENOR DEFENDANTS' MOTION FOR LEAVE TO AMEND WITNESS AND EXHIBIT LIST**

Intervenor Defendants respectfully move the Court to reconsider or clarify its Order Denying Intervenor Defendants' Motion for Leave to Amend Witness and Exhibit List, ECF No. 223, which came just hours after Plaintiff States abruptly reversed course and filed their opposition to Intervenor Defendants' Motion, ECF 220, and before Intervenor Defendants could file their reply, which they were in the process of finalizing.[1] The Court appears to have based its order on an erroneous and misleading representation from Plaintiffs regarding Intervenor Defendants' trial

---

[1] Plaintiffs oppose this motion. Federal Defendants consent.

1

exhibits, and Intervenor Defendants have had no opportunity to set the record straight for the Court's consideration.

In the alternative, Intervenor Defendants seek relief from the Court's Order under Rule 60(b)(1), which provides for relief from an order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60. Rule 60(b) "is to be liberally construed to do substantial justice[.]" *Stipelcovich v. Sand Dollar Marine, Inc.* 805 F.2d 599, 604 (5th Cir. 1986) (citing *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965). Substantial justice requires granting Intervenor Defendants' request for relief from this Court's Order Denying Intervenor Defendants' Motion for Leave to Amend Witness and Exhibit List, ECF No. 223, where the Court's denial was based on mistake resulting from Plaintiff States' misrepresentation.

Intervenor Defendants did not "seek leave to add 76 additional exhibits" to their trial exhibit list, ECF 223 at 2. The proposed Amended Witness and Exhibit List adds only *three* new exhibits, each consisting of a few pages of data from a federal government website. In addition, for the sake of clarity and for the convenience of the parties and the Court, the proposed Amended Witness and Exhibit List lists out the **already incorporated** 76 exhibits from Intervenor Defendants' Opposition to Motion for Preliminary Injunction ("PI Opposition"). ECF No. 207 at 1 (expressly incorporating exhibits previously filed at ECF No. 175).

Consistent with this Court's scheduling order, ECF No. 159, on August 2, 2023, Intervenor Defendants timely incorporated by reference the 76 PI Opposition exhibits and declarations in their original Witness and Exhibit List, ECF No. 207. As

2

explained in greater detail below, Intervenor Defendants subsequently offered to Plaintiffs, for purposes of convenience and clarity, to expressly list the 76 PI Opposition exhibits on the proposed Amended Witness and Exhibit List—which they sought to file in order to add three separate exhibits, inadvertently not included in their original Exhibit List, with no opposition from the Parties. In the course of meeting and conferring over motions to exclude, Plaintiffs made clear that they had not read Intervenor Defendants' original and timely filed Witness and Exhibit List. *See* Declaration of Esther H. Sung ("Sung Decl.") ¶ 6. As a courtesy, Intervenor Defendants additionally agreed to a joint motion requesting additional time for Plaintiffs to file objections to those exhibits.

Plaintiffs' withdrawal of their non-opposition to Intervenor Defendants' Motion for Leave to Amend four days after Intervenor Defendants filed the unopposed motion and the same day as the agreed-upon deadline for Plaintiffs to file any objections to, or motions to exclude, any of the exhibits, is based entirely on their failure to read not only what has been made plain on the record of this case for months, but also Intervenor Defendants' repeated, express, and transparent communications made in good faith to meet and confer about the trial exhibits in this matter over the last week. Plaintiffs have now engaged in gratuitous and wasteful briefing before this Court on the eve of trial in an attempt to excuse their own failure to read the record and to comply with multiple Court deadlines. The Court should disregard Plaintiffs' claims of prejudice and last-minute objections, and grant Intervenor Defendants' Motion for Leave to Amend Witness and Exhibit List.

> The Court's Order, ECF No. 159, filed on June 5, 2023, plainly states:
>
> The Parties' previous briefing and exhibits, including any supplemental briefing or extra-record evidence including affidavits or declarations, on Plaintiffs' Motion for Preliminary Injunction, (Dkt. No. 22), are incorporated and consolidated with this Court's consideration of the merits pursuant to the Federal Rule of Civil Procedure 65(a)(2). ***The evidentiary materials attached to the Parties' previous briefing***, and any supplemental exhibits, affidavits, or declarations they may submit, are admitted as authentic and without need of a sponsoring witness and ***are presumptively admitted as "part of the trial record and need not be repeated at trial.***" Fed. R. Civ. P. 65(a)(2).

ECF No. 159, ¶ 1 (emphases added).

Plaintiffs apparently failed to read Intervenor Defendants' Witness and Exhibit List, ECF No. 207, filed on Aug 2, 2023, which—following the Court's Order at ECF No. 159—expressly incorporated the exhibits and declarations filed in support of prior briefing:

> Consistent with the Court's order, which provides that "evidentiary materials attached to the Parties' previous briefing, and any supplemental exhibits, affidavits, or declarations they may submit, are authenticated as authentic and without need of a sponsoring witness and are presumptively admitted as 'part of the trial record and need not be repeated at trial,'" ECF 159 at 2, ***Intervenor Defendants consider Federal Defendants' Administrative Record and Intervenor and Federal Defendants' exhibits, affidavits, and declarations submitted in support of previous briefing as included in the trial record. As such, Intervenor Defendants have not additionally included that evidence in their exhibit list below***.

ECF No. 207 (emphasis added).

Plaintiffs similarly failed to read multiple rounds of correspondence plainly stating that, consistent with Intervenor Defendants' Witness and Exhibit List, ECF No. 207, Intervenor Defendants intended to rely on at trial the exhibits and declarations attached to their PI Opposition:

4

- When it became apparent, in the course of meeting and conferring over motions to exclude, that Plaintiffs had not read Intervenor Defendants' Witness and Exhibit List, ECF No. 207, Intervenor Defendants made clear via e-mail correspondence on August 8, 2023, *before this Court's deadline for motions to exclude*, that Intervenor Defendants planned to rely on "evidence attached to our PI briefing at trial," and that "this was not intended to be a surprise, especially given the language from Judge Tipton's scheduling order." *See* Sung Decl. ¶ 6 & Ex. A.
- The parties subsequently agreed in a video conference on August 9, 2023, that Plaintiffs and Federal Defendants did not oppose a motion from Intervenor Defendants to request leave from the Court to file an amended exhibit list adding three new exhibits. In addition, the parties agreed that, although Intervenor Defendants had already expressly incorporated them in their Exhibit and Witness List, for the convenience of the parties and the Court, Intervenor Defendants would concurrently request leave from the Court to file an amended exhibit list that even more expressly set out the exhibits and declarations from Intervenor Defendants' PI Opposition, and that Defendants would have an extended deadline to file any objections to any of the exhibits additionally set out in the Amended Witness and Exhibit List—i.e., the three new exhibits inadvertently left off Intervenor Defendants' original Witness and Exhibit List, ECF No. 207, and the 76 exhibits from Intervenor Defendants' PI Opposition that had previously

been incorporated by reference and would now be expressly listed in the Amended Witness and Exhibit List. Sung Decl. Ex. B.

- Following this video conference, Intervenor Defendants provided to Plaintiffs and Federal Defendants for their review a draft motion, which expressly stated that Intervenor Defendants would add to their Exhibit List "the exhibits and declarations previously attached to Individual Defendants' Opposition to Plaintiff States' Motion for a Preliminary Injunction, ECF No. 175." Sung Decl. Ex. B. Plaintiffs responded a half hour later that "this looks good to us." Sung Decl. Ex. C.

- After further conferral over the deadlines for Plaintiffs to file any objections to the exhibits and declarations added to the Amended Witness and Exhibit List and for Intervenor Defendants to file any response, Intervenor Defendants sent yet another draft motion on August 10, 2023, to Plaintiffs and Federal Defendants, requesting approval from both parties. Again, the draft motion expressly stated that Intervenor Defendants would add to their Exhibit List "the exhibits and declarations previously attached to Individual Defendants' Opposition to Plaintiff States' Motion for a Preliminary Injunction, ECF No. 175." Sung Decl. Ex. D. The motion also requests that Plaintiffs have four calendar days to file any objections to the exhibits added to Intervenor Defendants' Amended Witness and Exhibit List. Intervenor Defendants requested that the other parties raise any concerns by a time certain before Intervenor Defendants would file the

motion. Neither Plaintiffs nor Federal Defendants responded with any concerns or objections and Intervenor Defendants filed the Motion for Leave to Amend Witness and Exhibit List on August 10, 2023. ECF No. 215.

Notwithstanding the clear oral and written communications, Plaintiffs inexplicably reversed course. Thus, the day before Plaintiffs' objections to Intervenor Defendants' Amended Witness and Exhibit List were due under the schedule jointly proposed by Plaintiffs and Intervenor Defendants, Plaintiffs wrote Intervenor and Federal Defendants ***after 10 pm on a Sunday***, stating Plaintiffs' intent to file a motion to strike Intervenors' amended exhibit list" on the asserted—and erroneous— grounds that it "greatly exceeds the bounds of what we agreed to and what the motion for leave explicitly states." But this assertion is belied by Plaintiffs' own statement in that same email: "Intervenors stated that they wanted a handful of CBP data documents to be added, ***as well as the declarations and exhibits that were included with you[r] opposition to the PI motion***." Sung Decl. Ex. E (emphasis added). This is exactly what Intervenor Defendants' amended list incorporated—no more, no less. ECF No. 215-1.

Despite the timing of Plaintiffs' correspondence, Intervenor Defendants responded promptly, explaining that the Amended Witness and Exhibit List consists of exactly what the parties had previously discussed and agreed upon:

- Exhibits 1-65, which were included on Intervenor Defendants' original Witness and Exhibit List filed on August 2, 2023, ECF No. 207;
- Exhibits 66-68, which are the three additional exhibits of CBP data that [Intervenor Defendants] circulated by e-mail to Plaintiffs and Federal Defendants last week on August 8, 2023; and

7

- Exhibits 69-144, which, along with an authenticating declaration for the exhibits, are the exhibits and declarations submitted in support of Intervenor Defendants' Opposition to Motion for Preliminary Injunction, filed nearly two months ago, on June 20, 2023, ECF No. 175. The exhibits and declarations were filed as ECF No. 175-2 through ECF No. 175-76.

Sung Decl. Ex. F.

Plaintiffs now rely on a tortured reading of the Court's scheduling order to argue that Intervenor Defendants did not "put the parties on notice of all such documents they will rely on at trial" and that granting Plaintiffs' Motion for Leave to Amend is somehow "prejudicial to Plaintiffs' preparation" for trial," ECF No. 220 at 1-2. Plaintiffs' surprise is self-imposed at best and disingenuous at worst—Plaintiffs cannot escape the fact that Intervenor Defendants gave ample and adequate notice to Plaintiffs of the documents Intervenor Defendants intend to rely on at trial by: (1) filing this evidence nearly two months ago in support of their preliminary injunction briefing to be converted to a trial on the merits, ECF 175-2 through 175-76; (2) incorporating by reference into their Witness and Exhibit List, ECF No. 207, the exhibits and declarations submitted in support of previous briefing; (3) expressly informing Plaintiffs of Intervenor Defendants' intention to rely on "evidence attached to our PI briefing at trial" *before* this Court's deadline for motions to exclude, Sung Decl. Ex. A; and (4) requesting from Plaintiffs *twice* their approval of the draft Motion for Leave to Amend Witness and Exhibit List, which **Plaintiffs did not oppose**, expressly stating that Intervenor Defendants would add to their Exhibit List "the exhibits and declarations previously attached to Individual Defendants' Opposition

8

to Plaintiff States' Motion for a Preliminary Injunction, ECF No. 175," Sung Decl. Ex. B, D.

Nor can Plaintiffs escape the fact that they failed to raise, **and thus waived**, any objections to Intervenor Defendants' exhibits and declarations within "two calendar days of listing and exchange," as the Court's procedures require, Courtroom Procedures, § 20(d), and failed to file any timely motion to exclude, per this Court's scheduling order, ECF No. 159, despite being well aware *before* the deadline for motions to exclude of Intervenor Defendants' intent to rely on evidence supporting their PI Opposition at trial. Now, despite having negotiated a request to the Court for an extended deadline to file objections to the exhibits added in Plaintiffs' Amended Witness and Exhibit List that is *double* the Court's normal deadline—and despite the fact that Intervenor Defendants' PI Opposition and supporting papers have been on file with the Court for nearly two months—Plaintiffs claim that "the volume of previously undesignated declarations and exhibits . . . makes it impossible for Plaintiffs to consider them and submit objections and motions to exclude by the end of today, August 14." ECF No. 220 at 1. Any impossibility Plaintiffs claim here is a product of Plaintiffs' own failure to read the record and repeated correspondence from Intervenor Defendants' counsel and to plan accordingly.

To the extent Plaintiffs experience any prejudice (they do not), it would be entirely of their own making. Indeed, to the extent the Court's order allows Plaintiffs to preclude Intervenor Defendants from relying on evidence that has long been disclosed, was timely included in their exhibit list, and to which Plaintiffs agreed—

9

all because Plaintiffs failed to read the record in this case—such an order will cause extreme prejudice to Intervenor Defendants. At the time that Intervenor Defendants filed their Motion for Leave to Amend Witness and Exhibit List, it was unopposed by all parties, but Intervenor Defendants have had no opportunity to establish good cause after Plaintiffs abruptly withdrew their non-opposition to Intervenor Defendants' motion and before the Court ruled on it. But many of the named Intervenors are unable to provide in-Court testimony because of the location and timing of trial, and Intervenor Defendants relied on the Court's June 5 Order, ECF 159 at 1, which indicated that their previously submitted written testimony would be presumptively admitted as part of the trial record. If the Court's order now allows Plaintiffs to preclude Intervenor Defendants from relying on evidence submitted in support of Intervenor Defendants' PI Opposition, it will wipe from the Court's consideration the written testimony of the named Intervenors who bring a unique and important perspective to the Court, as the Court has acknowledged. *See, e.g.*, ECF 133 at 8 ("The Court will benefit from the perspectives and arguments that the Proposed Intervenors bring to the Court. In short, obtaining a more fulsome record and briefing within this expedited framework is in the interest of justice and poses no harm.").

Should Plaintiffs require more time to review exhibits and declarations that were filed on June 20, 2023, Intervenor Defendants are willing to agree upon a rescheduled trial date.[2]

For the foregoing reasons, Intervenor Defendants respectfully request that the Court:

1. Reconsider or clarify, or, in the alternative, provide relief pursuant to Rule 60(b)(1) from its Denial, ECF 223, and grant Intervenor Defendants' Motion for Leave to Amend, ECF 215; OR, in the alternative,

2. Reconsider or clarify its Denial, ECF 223, or, in the alternative, provide relief pursuant to Rule 60(b)(1), to clarify that the Denial is only as to the 3 added exhibits and not to the 76 exhibits that had been incorporated in Intervenor Defendants' August 2 Witness and Exhibit List, ECF 207; OR, in the alternative,

3. Affirm its Denial, ECF 223, as well as its Scheduling Order, ECF 159, and confirm that, notwithstanding the Denial, it remains true that "The evidentiary materials attached to the Parties' previous briefing, and any supplemental exhibits, affidavits, or declarations they may submit, are admitted as authentic and without need of a sponsoring witness and are presumptively admitted as 'part of the trial record and need not be repeated at trial.' Fed. R. Civ. P. 65(a)(2)."

Dated:  August 14, 2023

Respectfully submitted,

*/s/ Esther H. Sung*
**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
*Application for Admission pending*
esther.sung@justiceactioncenter.org

---

[2] Moreover, Plaintiff States are free at any time to seek leave to file untimely objections to or motions to exclude Intervenor Defendants' proposed added exhibits.

**Karen C. Tumlin\***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**Jane Bentrott\***
California Bar No. 323562
D.C. Bar No. 1029681
Virginia Bar No. 87903
jane.bentrott@justiceactioncenter.org

**Lauren Michel Wilfong\***
New York Bar No. 5975529
New Jersey Bar No. 378382021
*Not admitted to practice law in California*
lauren.wilfong@justiceactioncenter.org

JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Monika Y. Langarica\***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham\***
California Bar No. 237841
arulanantham@law.ucla.edu

**Talia Inlender\***
California Bar No. 253796
inlender@law.ucla.edu

CENTER FOR IMMIGRATION LAW AND POLICY
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

**Vanessa Rivas-Bernardy\***
California Bar No. 341464
vanessa.rivas@raicestexas.org

12

**THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

*admitted pro hac vice

**Kate Kaufmann Shih**
Texas Bar No. 24066065
Federal Bar No. 1214426
kateshih@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone:  (713) 221-7000
Facsimile:  (713)221-7100

*Counsel for Intervenor Defendants*

## CERTIFICATE OF CONFERENCE

I certify that on August 14, 2023, Counsel for Intervenor Defendants emailed counsel for Plaintiff States and Federal Defendants to obtain their position on this Motion. Federal Defendants indicated they consent to and Plaintiff States indicated they oppose this Motion.

/s/ *Esther H. Sung*
Esther H. Sung

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 2715 words as counted by Microsoft Word Software.

/s/ *Esther H. Sung*
Esther H. Sung

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served via ECF pursuant to the Federal Rules of Civil Procedure on the 14th day of August 2023, upon all counsel of record in this matter.

/s/ *Esther H. Sung*
Esther H. Sung