United States District Court
Southern District of Texas
**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| The STATE OF TEXAS, the STATE OF ALABAMA, the STATE OF ALASKA, the STATE OF ARKANSAS, the STATE OF FLORIDA, the STATE OF IDAHO, the STATE OF IOWA, the STATE OF KANSAS, the COMMONWEALTH OF KENTUCKY, the STATE OF LOUISIANA, the STATE OF MISSISSIPPI, the STATE OF MISSOURI, the STATE OF MONTANA, the STATE OF NEBRASKA, the STATE OF OHIO, the STATE OF OKLAHOMA, the STATE OF SOUTH CAROLINA, the STATE OF TENNESSEE, the STATE OF UTAH, the STATE OF WEST VIRGINIA, and the STATE OF WYOMING, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 6:23-CV-00007 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, UR JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity, U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, Acting Commissioner of U.S. Customs & Border Protection, in his official capacity, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, and TAE JOHNSON, Acting Director of U.S. Immigration & Customs Enforcement, in his official capacity, | § § § § § § § § § § § § § § § § § § § § | |
| **Defendants,** | § | |

|  | § |
| v. | § |
|  | § |
| **VALERIE LAVENUS, FRANCIS** | § |
| **ARAUZ, PAUL ZITO, ERIC SYPE,** | § |
| **KATE SUGARMAN,** | § |
| **NAN LANGOWITZ, and** | § |
| **GERMAN CADENAS,** | § |
|  | § |
| **Intervenor Defendants.** | § |

## <u>ORDER</u>

Pending before the Court is Intervenor Defendants' Motion to Reconsider or Clarify, or in the Alternative Motion for Relief from Order Denying Intervenor Defendants' Motion for Leave to Amend Witness and Exhibit List, (Dkt. No. 225).  The Court clarifies that its latest Order, (Dkt. No. 223), did not strike any evidentiary material that has been offered as part of the Parties' previous briefing.  In light of the scheduling order, (Dkt. No. 159), those previously-attached exhibits may be offered at trial.  The Parties were on notice of that.

> The Parties' previous briefing *and exhibits*, including any supplemental briefing *or extra-record evidence including affidavits or declarations*, on Plaintiffs' Motion for Preliminary Injunction, (Dkt. No. 22), are incorporated and consolidated with this Court's consideration of the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). *The evidentiary materials attached to the Parties' previous briefing, and any supplemental exhibits, affidavits, or declarations they may submit*, are admitted as authentic and without need of a sponsoring witness and are presumptively admitted as "part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2).

(*Id.* at 2) (emphasis added).  As to the three additional exhibits offered by the Intervenor Defendants that were not part of their prior briefing and were not identified by the deadline in the Court's Scheduling Order, those are untimely.

2

To be clear, the Parties may still object to the admissibility of any exhibit at the Final Pretrial Conference.

It is SO ORDERED.

Signed on August 16, 2023.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**