UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | Case No. 6:23-cv-00007 |

**UNOPPOSED MOTION OF HAITIAN-AMERICANS UNITED, INC. FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 7, Haitian-Americans United, Inc. ("HAU") respectfully requests this Court's leave to file the accompanying memorandum of law as *amicus curiae* in support of the Defendants' opposition to the Plaintiffs' Motion for Preliminary Injunction. HAU's counsel has conferred with counsel for all parties, and no party opposes this motion.

Permission to "participate in a pending action is solely within the broad discretion of the district court." *Sierra Club v. Federal Emergency Management Agency*, 2007 WL 3472851, at *1 (S.D. Tex., Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). While "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief," district courts will often look to Federal Rule of Appellate Procedure 29, "which establishes standards for filing an amicus brief in the United States Courts of Appeals." *Id.* (quoting *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (internal quotation marks omitted)). An *amicus curiae* who is neither "[t]he United States, or its officer or agency, or a State, Territory, Commonwealth,

or the District of Columbia … may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a). Further, "[t]he motion must be accompanied by the proposed brief and state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b). When deciding whether to grant or deny leave, district courts "should consider whether the information offered through the amicus brief is 'timely and useful' or otherwise necessary" and "whether the individual or organization seeking to file the amicus brief is an advocate of one of the parties." *Sierra Club*, 2007 2007 WL 3472851, at *2 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)).

HAU is a non-profit, membership organization committed to improving the quality of life for Haitians and Haitian-Americans in Massachusetts, the state with the second largest Haitian population in the United States. HAU provides housing, food, and other essential services to newly arrived immigrants, many of whom have arrived in the United States through humanitarian programs implemented by the federal government. The Parole Program at issue in this lawsuit, which was implemented by the U.S. Department of Homeland Security in January 2023, pursuant to Section 212(d)(5)(A) of the Immigration and Nationality Act, permits Haitian nationals, among others, to temporarily enter the U.S. to escape life-or-death conditions in their home country. As a community group, HAU works directly with many of the individuals and families who would benefit from the Parole Program. Through this work, HAU has first-hand knowledge of the positive impact such humanitarian programs have on the economy and local communities. Thus, HAU and its members have a significant interest in the continuation of the Parole Program.

Accordingly, HAU submits the accompanying memorandum, which addresses the following relevant matters:

- The Plaintiffs' failure to establish the standing required to maintain their suit.

- The Plaintiffs' failure to satisfy their burden to prove that there is a substantial threat of irreparable injury if the requested preliminary injunction is not granted.

- The Plaintiffs' failure to satisfy their burden to prove that the threatened harm to the Plaintiffs outweighs the threatened harm to the Defendants.

- The Plaintiffs' failure to satisfy their burden to prove that the injunctive relief requested would not disserve the public.

These issues are relevant to this Court's decision regarding the Plaintiffs' motion for preliminary injunction, and the attached memorandum will aid the Court in rendering that decision. For the foregoing reasons, HAU respectfully requests that the Court grant this motion for leave to file the accompanying memorandum of law as *amicus curiae*.

Respectfully submitted on August 16, 2023,

Respectfully submitted on behalf of *amicus curiae*,

HAITIAN-AMERICANS UNITED, INC.,

By its attorneys,

*/s/ Michael A. Kippins*
Michael A. Kippins
Oren M. Sellstrom
Erika Richmond
Iván Espinoza-Madrigal
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
mkippins@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
erichmond@lawyersforcivilrights.org
iespinoza@lawyersforcivilrights.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 16, 2023, I served on all counsel of record a true and accurate copy of the foregoing document electronically (via CM/ECF).

*/s/ Michael A. Kippins*