# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § § *Plaintiffs*, § § vs. § § UNITED STATES DEPARTMENT OF § HOMELAND SECURITY, *et al.*, § § *Defendants,* and § § VALERIE LAVEUS, *et al.*, § § *Intervenor Defendants.* § | CIVIL ACTION NO. 6:23-CV-00007 JUDGE DREW B. TIPTON |

## INTERVENOR DEFENDANTS' MOTION TO STRIKE TEXAS'S EXTRA-RECORD EVIDENCE IN POST-TRIAL BRIEF

### SUMMARY OF ARGUMENT

Intervenor Defendants respectfully move to strike certain citations to extraneous sources which Texas has improperly introduced at the final stage of this case. *See* Plaintiff States' Supplemental Brief, ECF No. 285 (hereinafter "Texas's Post-Trial Brief").[1] Specifically, Intervenor Defendants move to strike all citations and references to the following extra-record evidence of post-trial data cited in Texas's Post-Trial Brief:

---

[1] Federal Defendants consent to this Motion and Plaintiff States oppose.

1

a) U.S. Customs and Border Protection ("CBP") data concerning the total nationwide encounters of noncitizens from Cuba, Haiti, Nicaragua, and Venezuela ("CHNV") through August 2023, Texas's Post-Trial Brief at 7-9;

b) CBP data concerning total nationwide encounters of noncitizens of all nationalities through August 2023, Texas's Post-Trial Brief at 9-10;

c) CBP data concerning encounters along the southwest border of all nationalities through August 2023, Texas's Post-Trial Brief at 10-11; and

d) CBP data concerning total nationwide encounters of noncitizens of all nationalities except those from the CHNV countries through August 2023. Texas's Post-Trial Brief at 11-12 (hereinafter referred to collectively as "Post-Trial Data").

Texas's Post-Trial Data should be stricken for several reasons. First, Texas's introduction of this new evidence is incompatible with this Court's express instruction that the record closed at trial. Second, permitting Texas to supplement the record now would implicate fairness and due process concerns and prejudice Intervenor Defendants who had no opportunity to examine, interrogate, or rebut it within the procedural safeguards of trial. Third, Texas's mischaracterization of the Post-Trial Data is misleading.

## **STATEMENT OF FACTS**

Parties in this case appeared in-person for a pre-trial conference on August 23, 2023, and for trial on August 24 and August 25, 2023. *See* ECF No. 159; Min. Entries

Aug. 23, 2023; Aug. 24, 2023; Aug. 25, 2023. The evidentiary record closed at trial. Trial Tr. vol. 1 of 2, 89:18-19. On September 29, 2023, per the Court's post-trial Order, ECF No. 271, the parties submitted post-trial memoranda of law addressing the questions on which the Court requested further briefing during trial and other matters relevant to the Court's adjudication of this case. Int. Defs' Post-Trial Brief, ECF No. 282; Fed. Defs' Post-Trial Brief, ECF No. 284; Texas's Post-Trial Brief, ECF No. 285. In its Post-Trial Brief, Texas introduced multiple citations to extra-record sources, including Post-Trial Data. *See, e.g*, Texas's Post-Trial Brief.[2] Texas requests that the Court accept this new evidence by taking judicial notice thereof. *See* Texas's Post-Trial Brief at 7. Intervenor Defendants now move to strike portions of Texas's Post-Trial Brief that cite to and otherwise reference the Post-Trial Data.

## ARGUMENT

This Court should reject Texas's invitation to take judicial notice of the extra-record, Post-Trial Data because neither the Court nor Defendants had an opportunity to examine, interrogate, or rebut this data at trial; its late admission would prejudice Intervenor Defendants; and Texas's characterization of the Post-Trial Data is misleading.

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts that are "generally known within the trial court's territorial

---

[2] Close to 75% of Texas's evidentiary citations in their Post-Trial Brief are to extra-record evidence. Intervenor Defendants do not, through this Motion, move to strike any extra-record citations other than the Post-Trial Data explicitly listed above as they do not implicate the same prejudice and accuracy concerns as the Post-Trial Data.

3

jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). Rule 201 additionally instructs that "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

## I. Texas's Introduction of Extra-Record Evidence Contravenes this Court's Instructions and Trial Rules.

Texas's request for judicial notice of the Post-Trial Data contravenes the Court's explicit instruction that the record in this case closed at trial. Indeed, the Court flatly rejected Texas's attempt to supplement the record with similar data (CBP data updated through the end of July 2023) at trial. *See* Trial Tr. vol. 1 of 2, 14:17-15:1; *id.* at 15:25-16:3 ("I just don't see an avenue to keep a trial record open after the plaintiff rests. So, I am going to deny that request [to supplement the record with new data]."); *id.* at 6:23-7:8 (Texas requesting to supplement the record with CBP data updated through the end of July 2023). Now, Texas seeks to circumvent the Court's decision on this point by introducing new evidence that was not disclosed in Texas's pre-trial exhibit list, *see* ECF No. 195, after the trial record has closed. As Federal Defendants noted at trial, "the line has to be drawn somewhere," Trial Tr. vol. 1 of 2, 8:3, and the Court unequivocally drew that line at trial. Trial Tr. vol. 1 of 2, 89:18-19 ("[T]he record is officially closed.").

Texas nevertheless attempts to justify its inclusion of the Post-Trial Data by citing a single case related to judicial notice. Texas's Post-Trial Brief at 7. But that case is at odds with the procedural posture of this case. In *Funk v. Stryker Corp.*, the

4

Fifth Circuit held that it was appropriate for a district court to take judicial notice of publicly available documents specifically in the context of a motion to dismiss, and that doing so did not convert the motion into one for summary judgment. 631 F.3d 777, 783 (5th Cir. 2011) ("[W]e hold that it was appropriate for the court to take judicial notice, under Rule 12(b)(6), of the PMA the FDA granted to Stryker for marketing its Trident System."); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper *in deciding a 12(b)(6) motion* to take judicial notice of matters of public record.") (emphasis added) (citation omitted). Accordingly, the holding in *Funk* has no bearing on this case, in which the parties litigated the record evidence at trial.

Thus, Texas's request for judicial notice contravenes the Court's decision to reject any post-trial supplementation of the record. And Texas has provided no justification for that departure now, given that the record has closed, trial has concluded, and the parties are in the final stages of post-trial briefing. For these reasons alone, the Court should strike the references to extraneous evidence in Texas's Post-Trial Brief.

## II. Texas's Introduction of Extra-Record Evidence Prejudices Intervenor Defendants, Implicating Due Process and Fairness Concerns.

The Court should strike Texas's Post-Trial Data, and any corresponding arguments, *see infra* Section III, because they implicate due process and fairness concerns and are prejudicial to Intervenor Defendants.

Judicial notice taken after the completion of trial can be improper and implicate fairness and due process concerns after a party has rested at trial, thereby depriving the party opposing judicial notice of an opportunity to be heard at trial. *See Colonial Leasing Co. of New England, Inc. v. Logistics Control Grp. Int'l*, 762 F.2d 454, 461 (5th Cir. 1985) (finding that although judicial notice may be taken at any stage of the proceeding, it should not be taken after a party has rested because judicial notice after trial could implicate due process concerns); *Wantou v. Wal-Mart Stores Tex., LLC,* No. 5:17-CV-00018-RWS-CMC, 2020 WL 4664739, at *6 (E.D. Tex. Mar. 12, 2020) (noting reservations in granting judicial notice, including the lack of fairness with respect to the fact that defendant was unable to rebut plaintiff's interpretation of the judicially-noticed fact at trial); *see also JJ Plank Co., LLC v. Bowman*, No. 18-0798, 2018 WL 4291751, at *4 (W.D. La. Sept. 7, 2018) (granting motion to strike reference to information available on publicly-available websites offered for the first time in briefing after a preliminary injunction motion hearing); *see also Rivera v. Marriott Int'l, Inc.*, 456 F. Supp. 3d 330, 337 (D.P.R. 2020) ("[A]ccepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice.") (citation omitted).  Nor does judicial notice create a catch-all exemption where, as here, the proffered evidence would prejudice other parties or "alter[] the outcome." *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (rejecting challenge to judicial notice where defendant's explanation of prejudice was "vague, cursory, and unpersuasive" and made "no showing that the district court's consideration of the [supplemental evidence] altered the outcome.").

Texas's unilateral introduction of Post-Trial Data prejudices Intervenor Defendants by depriving them of the opportunity to exercise their rights as litigants, including determining whether to object to the data's introduction, offer their own counterevidence, and provide a fulsome rebuttal at trial. Indeed, Intervenor Defendants' only opportunity to respond to Texas's extra-record evidence is in the *final* stage of district court proceedings, in the same post-trial brief in which they are required to address the universe of existing record evidence. But, as this Court has recognized, briefing is no substitute for the back and forth of trial. *See* Trial Tr. vol. 1 of 2, 190:17-18 (The Court: "Briefing is helpful, but it is not as helpful as a dialogue."). Texas's introduction of Post-Trial Data is fundamentally unfair and at odds with ordinary pre-trial and trial procedures that preserve fairness for all litigants.

Intervenor Defendants have scrupulously abided by this Court's scheduling Order, ECF No. 159, and availed themselves of the established procedures, which give all parties an opportunity to be heard, to ensure their trial record was complete. *See, e.g.*, Int. Defs' Mot. to Reconsider or Clarify, ECF No. 225 (seeking reconsideration of the Court's order excluding evidence from the trial record, including CBP data); Pls' Opp'n to Int. Defs' Mot. to Reconsider or Clarify, ECF No. 226. Permitting Texas to now use and rely on its Post-Trial Data without having invoked established pre-trial processes that promote due process would be particularly egregious in light of the Court's denial of a request from Intervenor Defendants to similarly supplement their exhibit list with data that was in existence

7

and publicly available at the time of trial. Order on Int. Defs' Mot. to Reconsider or Clarify, ECF No. 231 at 2 ("As to the three additional exhibits offered by the Intervenor Defendants that were not part of their prior briefing and were not identified by the deadline in the Court's Scheduling Order, those are untimely.").

Thus, the Court should strike all citations and references to the Post-Trial Data in Texas's Post-Trial Brief because this new evidence, which has not been "tested within the crucible of trial," *Rivera*, 456 F. Supp. 3d at 337 (citation omitted), implicates due process and fairness concerns and prejudices Intervenor Defendants by depriving them of the opportunity to exercise their rights as litigants with respect to that evidence.

### III. Texas's Portrayal of its Extra-Record Evidence Misinterprets the Data and Misleads the Court.

Judicial notice is narrowly constrained to facts that "can be accurately and readily determined." Fed. R. Evid. 201(b)(2). But as Intervenor Defendants' briefing makes clear, Texas's portrayal of the Post-Trial Data strays far from this requirement: it is both inaccurate and misleading. *See* Int. Defs' Response to Texas's Post-Trial Brief ("Int. Defs' Response to Post-Trial Briefing"), ECF No. 291 at 13. Judicial notice of the Post-Trial Data is therefore improper.

Texas's characterization of the Post-Trial Data is misleading in three ways. First, while Texas represents that the Post-Trial Data shows the numbers of individuals migrating from CHNV countries have "rebounded to their pre-CHNV levels," Texas's Post-Trial Brief at 8, in fact its own graph illustrates that total

migration of individuals from CHNV countries remains *significantly lower* than it was before implementation of the CHNV Parole Pathways in January 2023. *See* Int. Defs' Response to Post-Trial Briefing at 14. Second, Texas wrongly argues that its Post-Trial Data proves any reduction in migration is simply due to seasonal weather patterns, *see* Texas's Post-Trial Brief at 8-12, when that data—along with existing record evidence—make clear that seasonal variation in migration is not the explanation for the drastic reduction in migration from CHNV countries following the implementation of the CHNV Pathways. *See* Int. Defs' Response to Post-Trial Briefing at 14-15. Finally, Texas's myopic portrayal of the Post-Trial Data oversimplifies recent trends in migration, specifically with respect to Venezuela, and ignores the consistent and drastic reduction in the number of people arriving at the southern border from Cuba, Haiti, and Nicaragua that its own numbers tell. *See* Int. Defs' Response to Post-Trial Briefing at 16-18.[3]

Judicial notice is simply no substitute for the rigors of trial where adjudicative facts cannot be "accurately and readily determined," Fed. R. Evid. 201(b)(2), and

---

[3] As discussed in this Motion to Strike and Intervenor Defendants' Response to Texas's Post-Trial Brief, Intervenor Defendants strongly oppose Texas's eleventh-hour attempt to introduce extra-record evidence at this stage of litigation, including by requesting judicial notice of the contested Post-Trial Data. *See* Int. Defs' Response to Post-Trial Briefing at 10-13. As explained in Intervenor Defendants' Response to Texas's Post-Trial Brief, to the extent the Court is inclined to take judicial notice of the extra-record Post-Trial Data Texas has now offered, Intervenor Defendants request the Court do the same for the extraneous data and other publicly available sources offered in Intervenor Defendants' response briefing. *See* Int. Defs' Response to Post-Trial Briefing at 16-18 nn.4-6. However, should the Court strike Texas's Post-Trial Data, Intervenor Defendants expect the Court to do the same with respect to the extraneous data and other publicly available sources in Intervenor Defendants' response brief.

Texas's mischaracterization of the Post-Trial Data underscores this crucial procedural protection.

## CONCLUSION

For the reasons set forth above, the Court should strike all references to Texas's extra-record Post-Trial Data. *See supra* at 2. In the alternative, Intervenor Defendants request an "[o]pportunity to be heard" on this issue pursuant to Rule 201. Fed. R. Evid. 201(e).

Dated: October 27, 2023           Respectfully submitted,

/s/ *Monika Y. Langarica*
**Monika Y. Langarica***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham***
California Bar No. 237841
arulanantham@law.ucla.edu

**Talia Inlender***
California Bar No. 253796
inlender@law.ucla.edu

**CENTER FOR IMMIGRATION LAW AND POLICY
UCLA SCHOOL OF LAW**
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
*Application for Admission pending*
esther.sung@justiceactioncenter.org

**Karen C. Tumlin***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**Jane Bentrott***
California Bar No. 323562
D.C. Bar No. 1029681
Virginia Bar No. 87903
jane.bentrott@justiceactioncenter.org

**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Brandon Galli-Graves***
Texas Bar No. 24132050
brandon.galli-graves@raicestexas.org

**THE REFUGEE AND IMMIGRANT CENTER
FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

**Will Thompson**
Texas Bar No. 24094981
willthompson@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
3100 McKinnon Street, Suite 1125
Dallas, Texas 75201
Telephone: (469) 902-3612
Facsimile: (469) 902-3610

**admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on October 27, 2023, I filed this Motion through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ *Monika Y. Langarica*

## CERTIFICATE OF CONFERENCE

I certify that on October 26, 2023, Counsel for Intervenor Defendants emailed counsel for Plaintiff States and Federal Defendants to obtain their positions on this Motion. Federal Defendants consent to this Motion, and Plaintiff States oppose.

/s/ *Monika Y. Langarica*

## CERTIFICATE OF WORD COUNT

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 2,272 words, as counted by Microsoft Word Software.

/s/ *Monika Y. Langarica*