# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| vs. § | CIVIL ACTION NO. |
| § | 6:23-CV-00007 |
| UNITED STATES DEPARTMENT OF § | |
| HOMELAND SECURITY, *et al.*, § | |
| § | |
| *Defendants,* and § | |
| | |
| VALERIE LAVEUS, *et al.*, | JUDGE DREW B. TIPTON |
| | |
| *Intervenor Defendants.* | |

## INTERVENOR DEFENDANTS' OPPOSITION TO
## PLAINTIFF STATES' RULE 59(e) MOTION TO RECONSIDER JUDGMENT

# ARGUMENT

Texas's Opposed Rule 59(e) Motion to Reconsider, ECF 310 ("Motion") is nothing more than a rehash of arguments Texas made and lost before this Court. But Rule 59(e) is clear: Texas cannot obtain relief based on previously rejected arguments that are now properly before the Fifth Circuit. Texas identifies no changes in law, new evidence, or manifest error to justify the extraordinary relief it seeks. This Court should deny the Motion forthwith.

## I. Texas's Motion Fails to Meet FRCP 59(e)'s Requirements.

Texas's Motion is improper on its face. While Rule 59(e) "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact," a Rule 59(e) motion is "*not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.*" *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (emphasis added) (internal quotations omitted); *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." (citations omitted)).

"The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 197 (S.D. Tex. 2007), *aff'd per curiam*, 269 F. App'x 523 (5th Cir. 2008). Thus, Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id.* (quoting *S. Constructors Grp., Inc. v.*

*Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). Indeed, *Williams* offers the paradigmatic denial of a Rule 59(e) motion where the movant presented "no new facts and allege[d] no intervening change in the law," and instead repeated "legal arguments previously ruled on by [that] court." *Id.* at 197–98.

Here, as in *Williams*, Texas cites no changed law or new evidence, and it distorts the "manifest error of law or fact" requirement to justify what the Fifth Circuit has explicitly disavowed: a "rehash" of arguments it made and lost before this Court. *Trevino*, 944 F.3d at 570. Texas's failed argument that the Court may not consider net migration as a so-called "accounting exercise" is repeated from its post-trial brief. *Compare* Motion at 2–7, *with* ECF 285 at 6. Texas's unavailing position that the standing inquiry is limited to "facts that existed when the suit commenced" is similarly lifted, *compare* Motion at 7–9, *with* ECF 285 at 1–3, as is Texas's mischaracterization of post-trial data, *compare* Motion at 9–12, *with* ECF 285 at 7–12. Indeed, Texas cites its post-trial brief throughout the Motion. *See, e.g.*, Motion at 8 ("Plaintiffs made this point in their post-trial briefing. *See* ECF 294 at 11–12.").

Texas's recycled arguments veiled as a Rule 59(e) motion come nowhere close to meeting the requirements for such extraordinary relief.

**II.     Texas Fails to Establish That This Court Has Jurisdiction Over Its Motion.**

Texas's Motion suffers from a second threshold problem: it fails to establish this Court's jurisdiction to entertain the Motion, which Texas filed 24 days after its Notice of Appeal ("NOA"), ECF 307.

"This circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983). The Fifth Circuit recently reaffirmed this principle, clarifying that "a district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *In re Fort Worth Chamber of Commerce*, No. 24-10266, 2024 WL 1483817, at *5 (5th Cir. Apr. 5, 2024) (cleaned up) (holding district court lacked jurisdiction to transfer case during pendency of appeal). Entertaining this Motion would not "aid the appeal, correct clerical errors, or enforce its judgement." *Avoyelles*, 715 F.2d at 928. Rather, it would "alter the status of the case" on appeal by interfering with review of identical issues Texas already appealed to the Fifth Circuit. *In re Fort Worth*, 2024 WL 1483817 at *5; *compare* ECF 310, *with* ECF 307.

Texas cites only one unpublished Eastern District of Louisiana case in support of jurisdiction. *See* Motion at 1. But that case confirms "the Fifth Circuit has not expressly weighed in on whether a district court has jurisdiction to grant a Rule 59 motion [] filed after a notice of appeal," and leans instead on another out-of-circuit district court case. *Marquette Transp. Co. Gulf-Inland, LLC v. Bulgare*, No. CV 19-10927, 2022 WL 5520694, at *2 n.14 (E.D. La. May 17, 2022).[1] Not only is Texas's

---

[1] Appellate Rule 4(a)(4)(B) prescribes the effect of a Rule 59(e) motion on a NOA: the NOA is held in abeyance pending the motion's disposition. It does not directly address the impact of a *previously filed* notice of appeal on the district court's jurisdiction over

4

single case non-binding, it is readily distinguishable: the movant there sought unopposed post-judgment relief in district court on the same day it filed its NOA. *See Marquette Transp.*, 2022 WL 5520694 at *1. Here, Texas waited an astonishing 24 days after vesting jurisdiction with the Fifth Circuit before disrupting that appeal with its Motion.[2]

Because Texas impermissibly seeks to alter the status of its pending appeal and has not otherwise established a basis for jurisdiction, this Court should deny relief.

### III. There Was No Manifest Error of Law or Fact in the Court's Standing Analysis.

If this Court reaches the merits of Texas's Motion, it should reject Texas's arguments. This Court correctly concluded that "Texas is not financially harmed by the [CHNV] program" and therefore lacks standing. Opinion at 26.[3]

---

the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(B); *see, e.g., Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 867–88 (5th Cir. 2002) (dismissing appeal for lack of jurisdiction where the district court had not disposed of post-judgment motion filed *before* the NOA).

[2] Texas's citation to a secondary source is no answer for the lack of binding authority where that source similarly relies on a single out-of-circuit district court case. *See* Wright & Miller, *Federal Practice and Procedure* § 2821, n.3 (3d ed. 2012) (citing *Bowers v. Andrew Weir Shipping Ltd.*, 817 F.Supp. 4 (S.D.N.Y. 1993)).

[3] Intervenor Defendants incorporate their post-trial arguments, ECF 282, 291, in response to the arguments Texas has repeated from its post-trial briefs.

## A. The Court Correctly Assessed the Record Evidence in Determining Standing.

The Court properly considered the record evidence in evaluating standing. Texas's repeated argument that it need only allege injuries that were "fairly likely" at the time of the complaint, Motion at 8, ignores the fact that once a case progresses to trial, standing elements are "not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Texas had the burden to prove standing "with the manner and degree of evidence required" at trial, *see Texas v. United States*, 50 F.4th 498, 513 (5th Cir. 2022) (hereinafter "*DACA*"), and failed to do so.

To support its recycled argument that the standing inquiry should be limited to the complaint's allegations, Texas cites cases concerning mootness due to "voluntary cessation," Motion at 9 (citing *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 377 n.40 (5th Cir. 2022); *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)), and changes in facts, *id.* (citing *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984)). But mootness is not at issue in this case, and it was *Texas's* burden to prove standing, *DACA*, 50 F.4th at 513, which it failed to do. These cases are therefore inapposite, as is *Pederson v. Louisiana State University*, 213 F.3d 858, 870 (5th Cir. 2000), which concerns standing in a case that did not progress to trial.

Moreover, the record substantiates the finding that "the number of CHNV nationals entering the United States since the Program's implementation has dramatically decreased." Opinion at 2. This was true at trial, *see* Trial Tr. vol 2 of 2,

6

131:24–132:20; 249:10–249:19; and it remains true now.[4] The data is incontestable that encounters with CHNV nationals remain lower than in the months preceding the CHNV Program. It likewise remains incontestable that due to this decrease, "Texas is spending less money." Opinion at 22. Texas's contentions that border crossings have increased or that decreased encounters are due to seasonal fluctuations are controverted by the data and Texas's concessions at trial. *See* Opinion at 19 (citing Trial Tr. vol. 2 of 2, 131:24–132:7).

**B. The Court Properly Considered Texas's Alleged Injury in Context.**

Finally, Texas repeats its argument that the Court "engaged in an impermissible accounting exercise" by considering the reduced migration caused by the CHNV Program. Motion at 2. The Court properly rejected this argument, Opinion at 24–26, and Texas identifies no new facts or law warranting reconsideration.

It is no wonder why Texas again seeks to suppress evidence of reduced net migration—it evinces Texas's lack of concrete or actual injury. *Lujan*, 504 U.S. at 560. Moreover, because the decreases "arise from the same transaction" as the CHNV Program, the Court properly considered them in assessing standing. *Texas v. United States*, 809 F.3d 134, 155 (5th Cir. 2015).

---

[4] *See Nationwide Encounters, U.S. CBP*, https://www.cbp.gov/newsroom/stats/nationwide-encounters *(FY: "2023," and "2024;" Region: "Southwest Land Border;" Citizenship: "Cuba," "Haiti," "Nicaragua," and "Venezuela"; Component: "U.S. Border Patrol.").* Intervenor Defendants cite this data in response to Texas's mischaracterizations but maintain that post-trial data should not be considered. *See* ECF 292.

7

The only new cases Texas cites are out-of-circuit and inapplicable. Texas primarily relies on cases where, unlike here, the plaintiff *had* shown a net fiscal injury attributable to the challenged policy. *See New York v. DHS*, 969 F.3d 42, 60 (2d Cir. 2020) (considering "an overall increase in healthcare costs" and "general economic harms," which defendant "itself identified . . . as likely outcomes of the [challenged] Rule," to find standing); *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 659 (9th Cir. 2011) (finding the plaintiff "established a substantial likelihood" that the challenged hospice cap regulation "resulted in an unlawful increase in its FY 2006 cap liability"); *Markva v. Haveman*, 317 F.3d 547, 557 (6th Cir. 2003) (finding that even accounting for "benefits from other sources," the plaintiff caretakers receive less money than parent caretakers under the challenged policy's methodology for calculating Medicaid benefits). *Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568 (6th Cir. 2005) is likewise inapposite because it concerned alleged harm from an implanted medical device, not fiscal injuries like those alleged here.

None of these cases contravene this Court's conclusion that fiscal injuries are determined by looking to "the impact that the challenged agency action had on the State's fiscal interests" and considering "whether expenditures increased as compared to pre-agency action expenditures." Opinion at 30. Indeed, another district court in the Fifth Circuit recently found that plaintiff states failed to establish standing to challenge an asylum rule because the states could not "produce[] data or statistics showing that [they] sustained any specific monetary cost" from the Rule. *See Arizona v. Garland*, No. 6:22-cv-1130, 2024 WL 1645417, at *12 (W.D. La. Apr.

8

16, 2024). Because plaintiffs failed to show the Rule led to increased asylum grants, they were "unable to otherwise demonstrate increased costs attributable to the implementation of the [Rule] relative to their costs before the [Rule] was implemented." *Id.* at *14.

Texas's arguments remain unavailing. Because the Motion fails to identify manifest error, this Court should deny relief.

## CONCLUSION

For the foregoing reasons, the Court should deny Texas's Motion.


Dated: April 25, 2023                    Respectfully submitted,

/s/ *Monika Y. Langarica*
**Monika Y. Langarica***
California Bar No. 308518
langarica@law.ucla.edu

**Ahilan T. Arulanantham***
California Bar No. 237841
arulanantham@law.ucla.edu

**Talia Inlender***
California Bar No. 253796
inlender@law.ucla.edu

**CENTER FOR IMMIGRATION LAW AND POLICY**
UCLA SCHOOL OF LAW
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
Telephone: (310) 983-3345

**Esther H. Sung (Attorney-In-Charge)***
California Bar No. 255962
*Application for Admission pending*
esther.sung@justiceactioncenter.org

9

**Karen C. Tumlin***
California Bar No. 234961
karen.tumlin@justiceactioncenter.org

**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
Facsimile: (323) 450-7276

**Brandon Galli-Graves***
Texas Bar No. 24132050
brandon.galli-graves@raicestexas.org

**THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES)**
5121 Crestway Drive, Suite 105
San Antonio, Texas 78239
Telephone: (210) 960-3206
Facsimile: (210) 634-1279

**Will Thompson**
Texas Bar No. 24094981
willthompson@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
3100 McKinnon Street, Suite 1125
Dallas, Texas 75201
Telephone: (469) 902-3612
Facsimile: (469) 902-3610

**admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2023, I filed this motion through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ *Esther Sung*

**CERTIFICATE OF WORD COUNT**

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1,999, as counted by Microsoft Word Software.

/s/ *Esther Sung*